UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Dr. DOUGLAS SCHOTTENSTEIN, M.D., THOMPSON REAL ESTATE, LLC, and SCHOTTENSTEIN PAIN AND NEURO, PLLC D/B/A NY SPINE MEDICINE,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>DEREK LEE and PEARL CHAN,<br>　　　　Defendants. | CIVIL ACTION NO. 1:22-cv-01197-DLC<br><br>**ANSWER TO COUNTERCLAIM WITH SEPARATE DEFENSES** |

**PLAINTIFFS**, Douglas Schottenstein, M.D. and Schottenstein Pain and Neuro, PLLC D/B/A NY Spine Medicine, through their attorneys, Jeffrey A. Donner, Esq. of Donner Law, Richard Bruce Rosenthal, Esq., and Edward D. Altabet, Esq. of Cohen Seglias Pallas Greenhall & Furman, PC, by way of Answer to the Counterclaims asserted herein, say as follows:

**NATURE OF COUNTERCLAIMS[1]**

28.　Plaintiffs have insufficient knowledge to either admit or deny what the Counterclaims contend as asserted, and therefore leave Counterclaimants to their proofs. Plaintiffs herein deny, however, that Counterclaimants are entitled to any damages, whatsoever, further deny that Plaintiffs have violated any law and/or that

---

[1] The numbering in this Answer to Counterclaim reflects the numbering of the paragraphs in the Counterclaim as filed.

Counterclaimants are owed or otherwise entitled to unpaid wages and/or unreimbursed expenses. Plaintiffs also deny that they have been unjustly enriched.

## JURISDICTION AND VENUE

29. Plaintiffs have insufficient knowledge to either admit or deny the jurisdictional predicate for the Counterclaim as being under 28 *U.S.C. §1332*, but Plaintiffs admit that they are citizens of New York state and that Lee and Chan are citizens of Texas.

30. Plaintiffs have insufficient knowledge to either admit or deny that the amount in controversy under the Counterclaim exceeds $75,000.00 and leave Counterclaimants to their proofs.

31.. Plaintiffs admit that venue for the Counterclaims is proper in the Southern District of New York in that Plaintiffs reside in this District and a substantial part of the events or omissions alleged to have given rise to the claims asserted in the Counterclaims allegedly occurred in this District.

## FACTS ALLEGED IN SUPPORT OF COUNTERCLAIMS

### Dr. Douglas Schottenstein, M.D.

32. Plaintiffs admit the allegations in this Paragraph of the Counterclaim.

33. Plaintiffs deny the allegations in this Paragraph of the Counterclaim.

34. Plaintiffs deny the allegations in this Paragraph of the Counterclaim.

35. Plaintiffs deny the allegations as plead in this Paragraph of the Counterclaim.

36. Plaintiffs deny the allegations as plead in this Paragraph of the Counterclaim.

37. Plaintiffs deny the allegations as plead in this Paragraph of the Counterclaim.

38. Plaintiffs deny the allegations as plead in this Paragraph of the Counterclaim.

39. Plaintiffs deny the allegations as plead in this Paragraph of the Counterclaim.

40. Plaintiffs deny the allegations in this Paragraph of the Counterclaim.

## Pearl Chan

41. Plaintiffs admit that Dr. Schottenstein hired Pearl Chan as a medical assistant in or about late 2012 or early 2013. Plaintiffs have insufficient knowledge to admit or deny the remaining allegations in this Paragraph of the Counterclaim and leave Counterclaimants to their proofs.

42. Plaintiffs have insufficient knowledge to admit or deny the allegations in this Paragraph of the Counterclaim and leave Counterclaimants to their proofs.

43. Plaintiffs have insufficient knowledge to admit or deny the allegations in this Paragraph of the Counterclaim and leave Counterclaimants to their proofs.

44. Plaintiffs deny the allegations in this Paragraph of the Counterclaim.

45. Plaintiffs deny the allegations in this Paragraph of the Counterclaim.

46. Plaintiffs deny the allegations in this Paragraph of the Counterclaim.

47. Plaintiffs deny the allegations in this Paragraph of the Counterclaim.

48. Plaintiffs deny the allegations in this Paragraph of the Counterclaim.

49. Plaintiffs deny the allegations in this Paragraph of the Counterclaim.

50. Plaintiffs deny the allegations in this Paragraph of the Counterclaim.

51. Plaintiffs deny the allegations in this Paragraph of the Counterclaim.

52. Plaintiffs deny the allegations in this Paragraph of the Counterclaim.

53. Plaintiffs deny the allegations in this Paragraph of the Counterclaim.

54. Plaintiffs deny the allegations in this Paragraph of the Counterclaim.

55. Plaintiffs deny the allegations in this Paragraph of the Counterclaim.

56. Plaintiffs deny the allegations in this Paragraph of the Counterclaim.

57. Plaintiffs deny the allegations in this Paragraph of the Counterclaim.

58. Plaintiffs deny the allegations in this Paragraph of the Counterclaim.

### Derek Lee

59. Plaintiffs admit that Dr. Schottenstein hired Derek Lee as a medical assistant, but Plaintiffs have insufficient knowledge to admit or deny the remaining allegations in this Paragraph of the Counterclaim and leave Counterclaimants to their proofs.

60. Plaintiffs deny the allegations in this Paragraph of the Counterclaim.

61. Plaintiffs deny the allegations in this Paragraph of the Counterclaim.

62. Plaintiffs deny the allegations in this Paragraph of the Counterclaim.

63. Plaintiffs deny the allegations in this Paragraph of the Counterclaim.

64. Plaintiffs deny the allegations in this Paragraph of the Counterclaim.

65. Plaintiffs deny the allegations in this Paragraph of the Counterclaim.

66. Plaintiffs deny the allegations in this Paragraph of the Counterclaim.

67. Plaintiffs deny the allegations in this Paragraph of the Counterclaim.

68. Plaintiffs deny the allegations in this Paragraph of the Counterclaim.

69. Plaintiffs deny the allegations in this Paragraph of the Counterclaim.

### Derek Lee and Pearl Chan

70. Plaintiffs deny that Derek Lee was promoted to co-office manager. Plaintiffs have insufficient knowledge to admit or deny the remaining allegations in this Paragraph of the Counterclaim and leave Counterclaimants to their proofs.

71. Plaintiffs deny that Dr. Schottenstein at any time regarded Pearl Chan as his personal property. Plaintiffs have insufficient knowledge to admit or deny the remaining allegations in this Paragraph of the Counterclaim and leave Counterclaimants to their proofs.

72. Plaintiffs have insufficient knowledge to admit or deny the allegations in this Paragraph of the Counterclaim and leave Counterclaimants to their proofs.

73. Plaintiffs deny the allegations in this Paragraph of the Counterclaim.

74. Plaintiffs deny the allegations in this Paragraph of the Counterclaim.

75. Plaintiffs deny the allegations in this Paragraph of the Counterclaim.

76. Plaintiffs deny the allegations in this Paragraph of the Counterclaim.

77. Plaintiffs deny the allegations in this Paragraph of the Counterclaim.

78. Plaintiffs deny the allegations in this Paragraph of the Counterclaim.

79. Plaintiffs deny the allegations in this Paragraph of the Counterclaim.

80. Plaintiffs deny the allegations in this Paragraph of the Counterclaim.

81. Plaintiffs deny the allegations in this Paragraph of the Counterclaim.

82. Plaintiffs have insufficient knowledge to admit or deny the allegations in this Paragraph of the Counterclaim and leave Counterclaimants to their proofs.

83. Plaintiffs have insufficient knowledge to admit or deny the allegations in this Paragraph of the Counterclaim and leave Counterclaimants to their proofs.

84. Plaintiffs admit that Counterclaimants have moved to Texas. Plaintiffs have insufficient knowledge to admit or deny the remaining allegations in this Paragraph of the Counterclaim and leave Counterclaimants to their proofs.

85. Plaintiffs deny the allegations in this Paragraph of the Counterclaim.

### FIRST CAUSE OF ACTION AGAINST ALL COUNTERCLAIM DEFENDANTS

**(New York City Human Rights Law ("NYCHRL")**
**N.Y. Admin. L. Sections 8-101 *et seq*.**
**Gender Discrimination, Sexual Harassment, Hostile Work Environment, Discrimination on the Basis of Race, Color, and National Origin, and Constructive Discharge**

86. Plaintiffs incorporate by reference the allegations contained above in Paragraphs 28 through 85 as if set forth at length herein.

87. This Paragraph of the Counterclaim does not set forth any factual allegation, but constitutes a statement of law allegedly found in the NYCHRL to which no response from Plaintiffs is required. Plaintiffs leave Counterclaimants to their legal arguments.

88. This Paragraph of the Counterclaim does not set forth any factual allegation, but constitutes a statement of law allegedly found in the NYCHRL to which

no response from Plaintiffs is required. Plaintiffs leave Counterclaimants to their legal arguments.

89. Plaintiffs deny the allegations in this Paragraph of the Counterclaim.

90. Plaintiffs deny the allegations in this Paragraph of the Counterclaim.

91. Plaintiffs deny the allegations in this Paragraph of the Counterclaim.

92. Plaintiffs deny the allegations in this Paragraph of the Counterclaim.

93. Plaintiffs deny the allegations in this Paragraph of the Counterclaim.

94. Plaintiffs admit that they had the power to hire, fire, and alter the terms and conditions of Counterclaimants' employment when they were employed by Plaintiff NY Spine Medicine. Plaintiffs deny that they used, abused, exercised or withheld this power at any time that resulted in any harm or injury to Counterclaimants.

95. Plaintiffs deny the allegations in this Paragraph of the Counterclaim.

96. Plaintiffs deny the allegations in this Paragraph of the Counterclaim.

## SECOND CAUSE OF ACTION AGAINST ALL COUNTERCLAIM DEFENDANTS
### Unjust Enrichment/Quantum Meruit

**97.** Plaintiffs incorporate by reference the allegations contained above in Paragraphs 28 through 96 as if set forth at length herein.

98. Plaintiffs deny the allegations in this Paragraph of the Counterclaim.

99. Plaintiffs deny the allegations in this Paragraph of the Counterclaim.

100. Plaintiffs deny the allegations in this Paragraph of the Counterclaim.

101. Plaintiffs deny the allegations in this Paragraph of the Counterclaim.

102. Plaintiffs deny the allegations in this Paragraph of the Counterclaim.

## DEMAND FOR PUNITIVE DAMAGES

103. Plaintiffs deny the allegations in this Paragraph of the Counterclaim.

WHEREFORE, Plaintiffs/Counterclaim Defendants Dr. Douglas Schottenstein, M.D. and Schottenstein Pain and Neuro, PLLC d/b/a NY Spine Medicine demand Judgment in their favor and against Counterclaimants dismissing the Counterclaims, awarding costs, disbursements and attorneys fees for this action, and such other relief as this Court may find necessary and just.

## SEPARATE DEFENSES

1. The Counterclaims fail to set forth any claim on which relief can be granted.

2. The Counterclaims are barred by the Statute of Limitations.

3. The Counterclaims are barred by Counterclaimants' unclean hands.

4. The Counterclaims are barred by Counterclaimants' bad faith and lack of fair dealing.

5. The Counterclaims are barred under the principles of equitable estoppel.

6. The Counterclaims fail to identify with any specificity or particularity the factual allegations to which each of the purported claims or causes of action are claimed to relate, and the Counterclaims fail to state justifiable claims against Plaintiffs.

7. The Plaintiffs have acted reasonably and in good faith at all times, complied with all applicable laws, regulations and standards, and without any intention, knowledge, malice, scienter, or comparable state of mind to cause

injury or damage to Counterclaimants.

8. Counterclaimants claims and injuries constitute fraud.

9. The Counterclaims have been alleged solely for the purposes of harassment, delay and malicious injury to Plaintiffs. The Counterclaims lack factual and/or evidentiary support.

10. The Counterclaims are barred by the doctrine of laches.

11. The Counterclaims are barred by the doctrine of waiver.

12. Plaintiffs deny that they breached any duty of any kind owed to Counterclaimants, whether arising from common law, statute, contract or otherwise.

13. Plaintiffs' conduct was not the proximate cause of any harm allegedly sustained by Counterclaimants.

14. Plaintiffs reserve the right to raise other defenses upon discovery of further information regarding the Counterclaims

## JURY DEMAND

In accordance with Federal Rule of Civil Procedure 38, Plaintiffs hereby demand trial by jury as to all issues.

      DR. DOUGLAS SCHOTTENSTEIN, M.D
      SCHOTTENSTEIN PAIN AND NEURO, PLLC
      D/B/A NY SPINE MEDICINE

      By:  /s/Jeffrey A. Donner
        Jeffrey A. Donner, Esq. (NY2332328)
      DONNER LAW
      708 Highway 35 South

        Neptune, New Jersey 07753
        Tel:  (732) 578-8530
        Fax: (732) 928-0482
        jdonner@donnerassociates.com


    By:  /s/Richard Bruce Rosenthal
      Richard Bruce Rosenthal, Esq.
      Federal Bar No. rb1834
      545 E. Jericho Turnpike
      Huntington Station, New York 11746
      Tel:  (631) 629-8111
      Cell: (516) 319-0816
      Fax:  (631) 691-8789
      richard@thedoglawyer.com


    By: /s/Edward D. Altabet
      Edward D. Altabet, Esq.
      Federal Bar No. EA2964
      Cohen Seglias Pallas Greenhall & Furman, PC
      55 Broadway, Suite 901
      New York, New York 10006
      Tel: (212) 871-7400
      Dir: (212) 871-7019
      ealtabet@cohenseglias.com


Dated: New York, New York
     September 23, 2022