

## Richard Bruce Rosenthal, Esq

February 1, 2023

Hon. Denise L. Cote
United States District Court, Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

*[Handwritten note: Letters to the Court may not exceed 2 pages. /s/ Denise Cote 2/1/23]*

**Re:** *Schottenstein et al. v. Lee et al.*, Case No. 22-cv-1197-DLC

**Request for Order to Show Cause for an Evidentiary Hearing Regarding Possible Spoliation of Evidence**

Dear Judge Cote:

    I represent Plaintiffs, Dr. Schottenstein, Thompson Real Estate, LLC, and Schottenstein Pain and Neuro, PLLC d/b/a NY Spine Medicine in this action. I am making this emergency application because, yesterday morning, I was notified by Dr. Schottenstein that a detective from the New York Police Department ("NYPD") contacted him regarding a cell phone purportedly owned by him (or one of the Plaintiffs), which was allegedly stolen from him years ago by two of the defendants, Derek Lee and Pearl Chan (the "Defendants"), and turned over to the Manhattan District Attorney's office by defense counsel just recently. This is now a discovery issue in this case because this phone was never disclosed by the Defendants and Plaintiffs have not been afforded an opportunity to image or review the phone.

    Plaintiffs have alleged in this action claims for fraud and RICO against the Defendants in connection with the diversion and theft of millions of dollars from Dr. Schottenstein's medical practice, NY Spine Medicine. It has now come to light that in addition to stealing millions, they apparently stole a phone that allegedly belonged to one of the Plaintiffs.

    In connection with the alleged theft, Dr. Schottenstein, prior to commencing this civil suit, made a formal complaint to the criminal authorities. The concern, as we detail below, is that the Defendants have, while subject to discovery obligations in this case, intentionally concealed the existence of this phone, have continued to conceal the existence of the phone, and placed information they believe to be relevant outside of their possession, custody, or control, without permitting the Plaintiffs to first image the phone.

545 E. Jericho Turnpike
Huntington Station, New York 11746
(PH) 631-629-8111 or 718-261-0200
(FAX) 631-961-8789 or 718-793-2791
rbrosenthalesq@optonline.net
richard@thedoglawyer.com

For the reasons set forth below, we write to request an immediate evidentiary hearing to understand the circumstances under which the Defendants and their counsel came into possession of the phone, the history of their access of the phone and its contents, why the phone was not properly disclosed in the course of discovery, and related questions. In connection with an evidentiary hearing, Plaintiffs are likely to seek two specific forms of relief: (1) an order of the Court requiring that the phone be produced in Court and, subject to transparent protocols to preserve the chain of evidence, leave to have the phone examined and imaged by a reputable forensic expert retained by Plaintiffs, at that forensic expert's own laboratory; and (2) sanctions against the Defendants pursuant to Rule 37 to the extent the facts may warrant.

## **AN IMMEDIATE ORDER TO SHOW CAUSE/HEARING SHOULD ISSUE**

Dr. Schottenstein has every desire to cooperate with the law enforcement investigations concerning Defendants theft. However, the conduct of the Defendants with respect to the phone raises peculiar concerns that necessitate Court intervention.

Based upon the limited information we have been able to gather over the past day, Defendants appear to have secreted this phone for the past several years. If that is the case, then their failure to return the phone to its owner likely constitutes a felony, to wit: grand larceny.

There can be little doubt that Defendants' surreptitious transfer of the phone to the District Attorney, who is not a party to this action, without any notice to the Plaintiffs or an opportunity for them to be heard on the matter, runs afoul of Rule 37 and most probably constitutes intentional spoliation. *See, e.g., Hice v. Lemon*, 2021 WL 6053812 (E.D.N.Y. Nov. 17, 2021) (Locke, USMJ). (imposing sanctions where parties' conduct caused prejudice to the defendant by the deletion and secreting of electronically stored information).

In *Lemon*, the court noted that defendant's "conduct, when taken in total, depicts an attempt to deceive this Court by attacking the integrity of the litigation process, and must be treated accordingly." *Id.* at *7. Here, the Defendants are subject to the disclosure requirements set forth in Rule 26, but did not disclose the phone. Here, the case is in active discovery, but at no point did counsel reach out to Plaintiffs' counsel to discuss the phone — which Plaintiffs would have had imaged and had analyzed by a forensic expert.

The fact that the Defendants provided the phone to the District Attorney supposedly because of the information that is purportedly stored in it, strongly suggests that the Defendants and their counsel have access to, and have in fact accessed, the phone's contents and know what they contain. Considering that they have been in possession of the phone for a period of years, and, as alleged in the Amended Complaint also engaged in hacking Plaintiffs' computers, a second significant spoliation concern arises: that Defendants tampered with the contents of the phone and may have placed false information on the phone while it was (unlawfully) in their possession, custody, and control. Plaintiffs are, understandably, loathe to claim ownership of the phone and its contents, without first being able to examine the phone, review the phone's contents, and ascertain the integrity of the phone and whatever data may be stored thereon.

2

Assistant District Attorney Chikaelo Ibeabuchi has represented that the District Attorneys' Office has not viewed the contents of the phone and would not do so without Dr. Schottenstein's consent. *See, e.g., Riley v. California*, 573 U.S. 373, 403 (2014) ("Modern cell phones are not just another technological convenience. With all they contain and all they may reveal, they hold for many Americans 'the privacies of life.'").

While Plaintiffs would likely have no issue allowing a search of the phone once they verify ownership, have imaged the phone, and insured the integrity of the contents through the use of a forensic expert retained by counsel, Plaintiffs cannot accept responsibility for the contents of a phone Defendants may have tampered with over the years. And tampering with the phone, if such occurred, would likely constitute a criminal act independently of the possession of a stolen good.

Given the potential implications of this development — both civilly under Rule 37 and possibly under the penal law — Plaintiffs respectfully request immediate judicial intervention to properly secure potential evidence, understand the facts and circumstances under which the Defendants came into possession of the phone, and whether the contents of the phone have been manipulated or tampered with.

In connection with an evidentiary hearing, Plaintiffs seek an order compelling the phone to be produced in Court at the hearing and then a related order permitting Plaintiffs to provide the phone to a reputable, third-party forensic expert retained by them, so that they can image the phone and review its contents. If the phone is Plaintiffs, then they would likely make an application to retain possession of the phone. If the phone is not Plaintiffs, then they would likely consent to an order directing them to deliver the phone to the Court or to the District Attorneys' Office.

Upon the conclusion of an evidentiary hearing, Plaintiffs would also likely make an application for sanctions under Rule 37, as the facts warrant.

## CONCLUSION

Accompanying this letter application, is a proposed Order to Show Cause. Plaintiffs respectfully request that the Court schedule an evidentiary hearing as soon as practicable concerning the phone at issue and direct that the phone be produced at such a hearing and, subject to further application by the Plaintiffs, for leave to have a forensic expert that Plaintiffs retain image the phone at that expert's laboratory.

In order to maintain transparency, I have sent a copy of this letter motion to ADA Ibeabuchi and Plaintiffs have no objection to an appearance and/or participation at a hearing by the DA's Office, as the DA's Office and/or this Court may desire.

We thank the Court for its consideration and attention to this matter.

Respectfully submitted,

3

/s/ *Richard Bruce Rosenthal*

Richard Bruce Rosenthal

cc: ADA Chikaelo Ibeabuchi

4