# Richard Bruce Rosenthal, Esq

545 E. Jericho Turnpike
Huntington Station, New York 11746
(PH) 631-629-8111 (FAX) 631-961-8789
richard@thedoglawyer.com

February 3, 2023

Hon. Denise L. Cote
United States District Court, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

    Re:    *Schottenstein et al. v. Lee et al.*, Case No. 22-cv-1197-DLC
            <u>Request for Conference</u>

Dear Judge Cote:

      I represent Plaintiffs herein.  Plaintiffs request a conference with the Court to discuss whether an evidentiary hearing should be held in connection with the potential spoliation of evidence.  On January 31, 2023, a detective working with the Manhattan District Attorney's Office ("DA's Office") contacted Dr. Schottenstein and informed him that the DA's Office was in possession of a cell phone, purportedly owned by Dr. Schottenstein, which had been provided to the DA's Office by one of the defendants, Derek Lee.  The detective called Dr. Schottenstein seeking his consent to access the phone.

      Plaintiffs have alleged in this action claims for fraud and RICO against Lee and two other defendants in connection with the diversion and theft of millions of dollars from Dr. Schottenstein's medical practice, NY Spine Medicine.  In connection with the alleged theft, prior to commencing this civil suit, Dr. Schottenstein made a formal complaint to the criminal authorities.

      The transfer of the heretofore unknown phone to the DA's Office by Lee raises issues in this action with respect to the conduct of discovery.  The first time that Plaintiffs heard of the phone — which was unquestionably in Lee's possession, custody, and control — was when the detective called Dr. Schottenstein and sought his consent to access the phone.  But the Defendants here are subject to obligations under Rules 26 and 37.  Lee did not, for example, disclose the existence of the phone in his initial disclosures.

      According to Lee's attorney, whom co-counsel conducted a meet-and-confer with on February 2, 2023, Lee was interviewed by the DA's Office on or about December 9, 2022.  Apparently, at that meeting, he revealed the existence of the phone to his counsel and to the DA's Office.  According to Defense Counsel, Lee transferred possession, custody, and control over the phone to the DA's Office sometime in January.[1]  But Defense Counsel did not, for example, disclose the existence of the phone

---

[1]    On Feb. 1, 2023, my co-counsel spoke with ADA Chikaelo Ibeabuchi regarding the phone.  Mr. Ibeabuchi stated that Lee was interviewed and that the DA's Office took possession of the phone sometime in January 2023.  Mr. Ibeabuchi stated that the DA's Office has not viewed the contents of the phone and would not do so without Dr. Schottenstein's consent.  *See*, *e.g.*, *Riley v. California*, 573 U.S. 373, 403 (2014) ("Modern cell phones are not just another technological convenience. With all they contain and all they may reveal, they hold for many Americans 'the privacies of life.'").

prior to the transfer. Nor did Defense Counsel conduct a meet-and-confer with Plaintiffs' Counsel in order to give Plaintiffs notice of the phone's existence, which would have provided Plaintiffs with the opportunity to examine the phone and to have a forensic expert image the phone.

There are several concerns here now — all of which might have been addressed in the ordinary course of discovery — had the existence of the phone been disclosed in advance of Lee placing the phone outside of any party's possession, custody, or control.

First, the existence of the phone has been intentionally concealed. And the phone is now beyond the reach of ordinary discovery devices. (We are skeptical that a subpoena to the DA's Office would be well received by either the DA's Office or the Court when the DA's Office invariably moves to quash.)

Second, the phone was given to the DA's Office by Lee, presumably, because he believed he would gain a benefit from something that is stored on it. That means that Lee has accessed the phone's contents and has knowledge of those contents. And if this is a phone that was owned by Plaintiffs, then it has been in Lee's possession for the past several years. This raises a spoliation concern apart from the concealment: that the phone's contents have been manipulated, altered, or otherwise tampered with. Plaintiffs have alleged the theft of a significant amount of money through the hacking of computer systems and by impersonating Dr. Schottenstein. Thus, while Lee believes the phone helpful to his defense, it may in fact contain tampered content that constitutes additional wrongdoing by Lee. For these reasons, Plaintiffs will need to have their forensic expert image the phone and analyze the data — something they are hard pressed to be able to do because Lee failed to disclose the phone and has now placed the phone outside of his possession, custody, or control.[1]

Given the potential implications of this development — as to the merits, under the rules of discovery, and possibly under the penal law — we request a conference with the Court in order to receive appropriate guidance as to how to secure potential evidence under these circumstances in order to have Plaintiffs' forensic expert image the phone and to gain additional clarity on the facts and circumstances under which Lee came into possession of and then transferred the phone to the DA's Office.

Thank you for your time and consideration in this matter.

Respectfully submitted,

*/s/ Richard Bruce Rosenthal*

Richard Bruce Rosenthal

---

[1] Dr. Schottenstein is not concerned about any content that he may have actually created being on this phone. Dr. Schottenstein voluntarily disclosed to the DA's Office at the beginning of the criminal investigation the contents of his phone, including all of his communications with the defendants Lee and Pearl Chan.