UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DOUGLAS SCHOTTENSTEIN, M.D., et., al.

**MEMORANDUM OF LAW
IN SUPPORT OF
DEFENDANT KONG
CHAN'S MOTION**

                          Plaintiffs,                 Case No. 1:22-cv-01197(DLC)

      -against-

DEREK LEE, et., al.

               Defendants
------------------------------------------------------------------X

**SPODEK LAW GROUP, P.C.**

BY: Jeremy G. Feigenbaum, Esq.
85 Broad Street, 17th Fl.
New York, NY 10004
(212) 300-5196

# Table of Contents

**TABLE OF AUTHORITIES** ......................................................................... iii

**STANDARDS OF REVIEW** ......................................................................... 2

**ARGUMENT** ........................................................................................... 4

   **I.** **Plaintiffs Fail to Allege a Civil RICO Claim as to Defendant Kong** ........................... 4

     **A.** **Plaintiffs Do Not Plead a Viable RICO Claim** ................................................ 4

     **B.** **Plaintiffs Section 1962(d) Claim is Untenable as Plaintiffs have Failed to Plead Any Facts Evincing An Agreement to Commit Two Predicate Acts** ........................................... 14

  **II.** **Plaintiff's Amended Complaint is Wholly Devoid of Any Facts as to Defendant Kong and Accordingly Fails to State any Claim Upon Which Relief May Be Granted as to All Remaining Causes of Action as to Defendant Kong** ........................................... 16

     **A.** **Plaintiff's Amended Complaint is Exceptionally and Wholly Conclusory as to Defendant Kong** ................................................................................................ 16

     **B.** **Plaintiff's Amended Complaint Fails to State a Claim for Conversion** ................... 17

     **C.** **Plaintiff's Amended Complaint Fails to State a Claim for Conspiracy to Commit Fraud** ......................................................................................................... 21

     **D.** **Plaintiff's Amended Complaint Fails to State a Claim for Conspiracy to Commit a Tort** .......................................................................................................... 23

     **E.** **Plaintiff's Amended Complaint Fails to State a Claim for Intentional Infliction of Emotional Distress** ..................................................................................... 24

**PRAYER FOR RELIEF** ............................................................................. 27

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Ad-Hoc Committee of the Baruch Black and Hispanic Alumni Ass'n v. Bernard M. Baruch College*, 835 F.2d 980 (2d Cir. 1987)................................................................. 2

*Adler v. Berg Harmon Assocs.*, 790 F. Supp. 1222 (S.D.N.Y. 1992) ........................................... 15

*Alexander & Alexander of N.Y. v Fritzen*, 68 N.Y.2d 968, 503 N.E.2d 102, 510 N.Y.S.2d 546 (1986)............................................................................................................................. 23

*Algomod Tech. Corp. v Price*, 65 AD3d 974, 886 NYS2d 120 (1d Dep't. 2009)....................... 22

*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).................. 3, 16

*Azrielli v. Cohen Law Offices*, 21 F.3d 512, (2d Cir. 1994) ........................................................ 10

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).... 3, 16

*Boyle v. United States*, 556 U.S. 938, (2009)............................................................................... 7

*C & B Enters. USA, LLC v Koegel*, 136 A.D.3d 957, 958, 26 N.Y.S.3d 185 (2d Dep't. 2016).... 17

*Casio Computer Co. v. Sayo*, No. 98CV3772, 2000 WL 1877516 (S.D.N.Y. Oct. 13, 2000)...... 11

*Castro v. Local 1199, Nat'l Health & Human Res. Employees Union,* 964 F. Supp. 719, (S.D.N.Y. 1997).............................................................................................................................. 24

*Citibank, N.A. v. Morgan Stanley & Co. Int'l,* PLC, 724 F. Supp. 2d 407, (S.D.N.Y. 2010) ......... 2

*City of N.Y. v. Smokes-Spirits.Com, Inc.*, 541 F.3d 425, (2d Cir. 2008)....................................... 10

*Cleveland v. Caplaw Enters.*, 448 F.3d 518 (2d Cir. 2006) ....................................................... 2, 3

*Cofacredit, S.A. v. Windsor Plumbing Supply Co.*, 187 F.3d 229, (2d Cir. 1999)........................ 14

*Colavito v New York Organ Donor Network, Inc.*, 8 N.Y.3d 43, 860 N.E.2d 713, 827 N.Y.S.2d 96 (2006) ......................................................................................................................... 17, 18

*Colony at Holbrook, Inc. v. Strata G.C., Inc.*, 928 F. Supp. 1224, (E.D.N.Y. 1996) ............. 15, 16

*Com-Tech Associates v. Computer Associates International, Inc.*, 753 F. Supp. 1078, (E.D.N.Y.1990)........................................................................................................................ 16

*Conte v. Newsday, Inc.*, 703 F. Supp. 2d 126, (E.D.N.Y. 2010)..................................................... 8

*Continental Petroleum Corp. v. Corp. Funding Partners, LLC,* 2012 WL 1231775 (S.D. N.Y. Apr. 12, 2012).......................................................................................................................... 8

*De Falco v. Bernas*, 244 F.3d 286 (2d Cir. 2001) ............................................................. 4, 6, 8, 9

*Diamond State Ins. Co. v. Worldwide Weather Trading LLC*, 2002 U.S. Dist. LEXIS 24023 (S.D.N.Y. 2013)....................................................................................................................... 23

*Didier v McFadden Publs.*, 299 NY 49, 85 N.E.2d 612 (1949) .................................................. 17

*Elsevier Inc. v. W.H.P.R., Inc.*, 692 F. Supp. 2d 297, (S.D.N.Y. 2010) ......................................... 9

*Faber v. Metro.* Life Ins. Co., 648 F.3d 98, (2d Cir. 2011) ...................................................... 4, 17

*Family Health Mgt., LLC v. Rohan Devs.*, LLC, 207 A.D.3d 136, (1d Dep't. 2022) .................. 18

*First Capital Asset Mgmt. v. Satinwood, Inc.*, 385 F.3d 159 (2d Cir. 2004) ..................... 7, 8, 9, 13

*Fresh Meadow Food Servs., LLC v. RB 175 Corp.*, 282 F. App'x 94 (2d Cir. 2008).................... 13

*Gebhardt v. Allspect, Inc.*, 96 F. Supp. 2d 331 (S.D.N.Y. 2000).............................................. 4, 17

*Goldfine v. Sichenzia*, 118 F. Supp. 2d 392 (S.D.N.Y.2000)........................................................ 5

*Gross v. Waywell*, 628 F.Supp.2d 475 (S.D. N.Y. 2009) ............................................................ 12

*H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 239, 109 S. Ct. 2893, 106 L. Ed. 2d 195 (1989) ..................................................................................................................... 5, 13

*Hayden v. Paterson*, 594 F.3d 150 (2d Cir. 2010)........................................................................ 2

*Hecht v. Commerce Clearing House, Inc.*, 897 F.2d 21 (2d Cir. 1990) ................................. 15, 22

*Hemi Group, LLC v. City of N.Y.*, 130 S. Ct. 983, 175 L. Ed. 2d 943 (2010)............................. 10

*Jebran v LaSalle Bus. Credit, LLC*, 33 AD3d 424, 824 NYS2d 224 (1d Dep't. 2006)............... 22

*Jerome M Sobel & Co. v. Fleck*, No. 03 Civ. 1041, 2003 WL 22839799  (S.D.N.Y. Dec. 1, 2003) .................................................................................................................................... 12

*Johnson v. Home Savers Consulting Corp.*, No. 04 CV 5427, 2007 U.S. Dist. LEXIS 24288, 2007 WL 925518, (E.D.N.Y. Mar. 23, 2007) ........................................................................ 22

*Kirch v. Liberty Media Corp.*, 449 F.3d 388, (2d Cir. 2006)..................................................... 22

*Kolbeck v. Lit America, Inc.*, 923 F. Supp. 557 (S.D.N.Y. 1996)............................................. 22

*Landy v. Heller*, White & Co., 783 F. Supp. 125 (S.D.N.Y. 1991) .......................................... 16

*Lau v. S&M Enters.*, 72 A.D.3d 497, 898 N.Y.S.2d 42 (1d Dep't. 2010).................................. 25

*Lubin v. Dubin*, 2014 U.S. Dist. LEXIS 24734 (E.D.N.Y. 2023). ............................................. 7

*Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106, (2d Cir. 2013) ..................... 5

*MacEntee v. IBM*, 783 F. Supp. 2d 434 (S.D.N.Y. 2011)......................................................... 25

*Manley v. Doby*, 12 CV 4835, 2012 U.S. Dist. LEXIS 165028, 2012 WL 5866210 (E.D.N.Y. Nov. 19, 2012)....................................................................................................................... 4

*McLaughlin v. Anderson,* 962 F.2d 187, (2d Cir. 1992)........................................................... 11

*Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Young,* No. 91 Civ. 2923 (CSH), 1994 WL 88129, (S.D.N.Y. Mar. 15, 1994) ............................................................................................... 14, 15

*Mills v. Polar Molecular Corp.*, 12 F.3d 1170 (2d Cir. 1993).................................................. 12

*Milo v. City of New York*, 59 F. Supp. 3d 513 (E.D.N.Y. 2014) ................................................ 2

*Miranda v. Ponce Fed. Bank,* 948 F.2d 41 (1st Cir. 1991) ......................................................... 2

*MLSMK Inv. Co. v. JPMorgan Chase & Co.*, 737 F. Supp. 2d 137 (S.D.N.Y. 2010) .................. 12

*Moccio v. Cablevision Sys. Corp.*, 208 F. Supp. 2d 361 (E.D.N.Y.2002) ................................... 4

*Moore v. PaineWebber, Inc.*, 189 F.3d 165 (2d Cir. 1999).................................................... 11

*Moss v. Morgan Stanley, Inc.*, 719 F.2d 5 (2d Cir. 1983).......................................................... 4

*Murphy v. Am. Home Products Corp.*, 58 N.Y.2d 293, 461 N.Y.S.2d 232, 236 (1983)............... 25

*Naso v. Park*, 850 F. Supp. 264 (S.D.N.Y. 1994).................................................................... 15

*Nat'l Grp. for Commc'ns & Computers Ltd. v. Lucent Techs. Inc.*, 420 F. Supp. 2d 253 (S.D.N.Y. 2006)........................................................................................................................................ 14

*Nichols v. Mahoney*, 608 F. Supp. 2d 526 (S.D.N.Y. 2009)...................................................... 6

*Nielsen v. Rabin*, 746 F.3d 58 (2d Cir. 2014) ......................................................................... 3

*Ouaknine v. MacFarlane*, 897 F.2d 75 (2d Cir. 1990) ............................................................. 22

*Purchase Real Estate Grp., Inc. v. Jones*, 05 CV 10859, 2010 U.S. Dist. LEXIS 87571, 2010 WL 3377504 (S.D.N.Y. Aug. 24, 2010) ..................................................................................... 5

*Rafter v. Liddle*, 2006 U.S. Dist. LEXIS 55869, 2006 WL 2255093 (S.D.N.Y. Aug. 4, 2006) .... 25

*Reves v. Ernst & Young*, 507 U.S. 170, 113 S. Ct. 1163, 122 L. Ed. 2d 525 (1993)...................... 9

*Romano v. Romano*, 2 A.D.3d 430, 767 N.Y.S.2d 841, (2d Dep't 2003) ................................... 22

*Rosner v. Bank of China*, 528 F. Supp. 2d 419 (S.D.N.Y. 2007) ......................................... 9, 11

*Ross v. A. H. Robins Co.*, 607 F.2d 545 (2d Cir. 1979)........................................................... 22

iv

*S.Q.K.F.C., Inc. v. Bell Atl. TriCon Leasing Corp.*, 84 F.3d 629 (2d Cir. 1996) ........................... 12

*Santos v. District Council of New York City and Vicinity of United Brotherhood of Carpenters and Joiners of America, AFL-CIO*, 619 F.2d 963, 967 n. 4 (2d Cir.1980)................................. 3

*Schmidt v. Fleet Bank*, 1998 WL 47827 (S.D. N.Y. Feb. 4, 1998)................................................ 12

*Segal* v. Gordon, 467 F.2d 602 (2d Cir. 1972) ................................................................................ 22

*Simpson & Simpson, PLLC v Lippes Mathias Wexler Friedman LLP*, 130 A.D.3d 1543, 14 N.Y.S.3d 258 (4d Dep't. 2015)................................................................................................. 18

*Sokol v. Addison*, 293 A.D.2d 600, 601, 742 N.Y.S.2d 311 (2d Dep't. 2002) .............................. 22

*Spiteri v. Russo*, 12 CV 2780, 2013 U.S. Dist. LEXIS 128379, 2013 WL 4806960 (E.D.N.Y. Sept. 7, 2013) ........................................................................................................................... 5

*U.S. Fire Ins. Co. v. United Limousine Serv., Inc.*, 303 F. Supp. 2d 432 (S.D.N.Y. 2004) ............ 9

*U1IT4less, Inc. v. FedEx Corp*, 896 F. Supp. 2d 275 (S.D.N.Y. 2012)........................................ 15

*United States v. Turkette*, 452 U.S. 576, (1981)............................................................................. 7

*Zell & Ettinger v Berglas*, 261 A.D.2d 613, 690 N.Y.S.2d 721 (2d Dep't. 1999) ....................... 18

**Statutes**

N.Y. C.P.L.R. § 215(3) ................................................................................................................. 26

**Rules**

Federal Rule of Civil Procedure Rule 12(c) ............................................................................... 2, 3

Federal Rule of Civil Procedure Rule 12(b)(6)........................................................................... 2, 3

Federal Rule of Civil Procedure Rule 12(h)(2)............................................................................... 2

Federal Rule of Civil Procedure Rule 8(a)(2)................................................................................. 3

Federal Rule of Civil Procedure Rule 9(b) ........................................................................... passim

<u>**PRELIMINARY STATEMENT**</u>

**JEREMY G. FEIGENBAUM**, an attorney duly admitted to practice before the courts of the Southern District of New York and the State of New York, hereby affirms as follows, under penalties of perjury: I am an associate attorney with the law firm Spodek Law Group, P.C., counsel for defendant Kong Chan (hereinafter, "Defendant Kong") with respect to the instant action. Accordingly, I am fully familiar with the facts set forth and circumstances described herein. I submit this memorandum of law in support of Defendant Kong's motion for a judgment on the pleadings for failure to state a cause of action upon which relief may be granted, pursuant to Federal Rule of Civil Procedure 12(c) and Federal Rule of Civil Procedure 12(h)(2).

In the instant matter, Plaintiffs have presented this Court with appears to be an extensive complaint, 175 paragraphs in length, supposedly detailing a number of causes of action against the defendants, including Defendant Kong. *See*, Plaintiff's Amended Complaint, annexed hereto as **Exhibit A**. However, as will be demonstrated, *infra*, the 175-paragraph long Amended Complaint is completely and wholly devoid of a *single factual allegation* with respect to Defendant Kong. *Id*. Instead, the Amended Complaint is comprised solely of barebones, conclusory allegations which do nothing more than take certain elements of each stated cause of action and insert Defendant Kong's name prior to each element. Furthermore, the Amended Complaint, beyond being exceptionally conclusory in almost all aspects as to Defendant Kong, further fails to comport with the pleading standards of, *inter alia*, Federal Rule of Civil Procedure Rule 9(b).

The 175-paragraph Amended Complaint is broken up into various sections; the section entitled, "FACTS" is comprised of paragraphs 19-90. *See*, Ex. A. The most telling indication that each and every cause of action against Defendant Kong is nothing but a conclusory recitation of

1

the elements (if that), is the fact that within the 71 paragraphs pf the 'FACTS' section, Defendant Kong's name is **mentioned only one single time**. *See*, Ex. A. at 22 ("[t]ogether, Chan, Lee, and K[ong]. Chan among others yet to be identified, conspired to engage in a pattern of racketeering activity as described further below."). Moreover, despite Plaintiff's assertion that the racketeering activity will be 'described further' nothing is actually described as to Defendant Kong--not a single thing. Accordingly, Plaintiff's Amended Complaint fails to state a claim and should be dismissed as to Defendant Kong.

## STANDARDS OF REVIEW

At any time after the pleadings close and before trial commences, a party may move for judgment on the pleadings under Federal Rule of Civil Procedure Rule 12(c). *Citibank, N.A. v. Morgan Stanley & Co. Int'l,* PLC, 724 F. Supp. 2d 407, 414 (S.D.N.Y. 2010). "The standard for addressing a Rule 12(c) motion for judgment on the pleadings is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Cleveland v. Caplaw Enters*., 448 F.3d 518, 520 (2d Cir. 2006); *Ad-Hoc Committee of the Baruch Black and Hispanic Alumni Ass'n v. Bernard M. Baruch College*, 835 F.2d 980, 982 (2d Cir. 1987). Rule 12(c) permits a party to move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial . . . ." Fed. R. Civ. P. 12(c). Granting judgment on the pleadings is appropriate when, after reviewing the record, the court is convinced that the plaintiff has failed to set forth a plausible claim for the requested relief based on the evidence presented. *Milo v. City of New York*, 59 F. Supp. 3d 513, 520 (E.D.N.Y. 2014); *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010). Further, Rule 12(h)(2) of the Federal Rules of Civil Procedure provides that a defense of failure of failure to state a claim upon which relief may be granted, typically raised pursuant to Rule 12(b)(6), can be made after an answer has been filed by moving for judgment on the pleadings pursuant to Rule

12(c). *Santos v. District Council of New York City and Vicinity of United Brotherhood of Carpenters and Joiners of America, AFL-CIO*, 619 F.2d 963, 967 n. 4 (2d Cir.1980). Accordingly, Defendant Kong brings the instant motion pursuant to Rule 12(c) and 12(h)(2).

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint for a plaintiff's failure "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To withstand a motion to dismiss pursuant to Rule 12(b)(6), a complaint must plead facts sufficient "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). In evaluating a 12(b)(6) motion to dismiss, a district court must accept the factual allegations set forth in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014); *Cleveland v. Caplaw Enters*., 448 F.3d 518, 521 (2d Cir. 2006). The liberal notice pleading standard of Rule 8(a) only requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." *Twombly*, 550 U.S. at 555. Under Rule 8(a)(2), the complaint need not set forth "detailed factual allegations," but the plaintiff must present "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. A complaint that "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 555 U.S. at 557). Rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555. A complaint should be dismissed where a plaintiff has not "nudged [its] claims across the line from conceivable to plausible[.]" *Id*. at 570. Notably, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet the pleading standard under Rule 12(b)(6). *Iqbal*, 556 U.S. at 678. Thus, claims that allege "naked assertions devoid of further factual

enhancement" or plead facts that are "merely consistent with a defendant's liability . . . stop[ ] short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal citations and quotation marks omitted). Such "[c]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to defeat a motion to dismiss." *Gebhardt v. Allspect, Inc.*, 96 F. Supp. 2d 331, 333 (S.D.N.Y. 2000) (internal quotation marks omitted); *Faber v. Metro*. Life Ins. Co., 648 F.3d 98, 104 (2d Cir. 2011).

## ARGUMENT

**I.**     **Plaintiffs Fail to Allege a Civil RICO Claim as to Defendant Kong**

    **A.  Plaintiffs Do Not Plead a Viable RICO Claim**

To establish a civil RICO claim, a plaintiff must show: 1) a violation of the RICO statute, 18 U.S.C. § 1962; 2) an injury to business or property; and 3) that the injury was caused by the violation of Section 1962. *De Falco v. Bernas*, 244 F.3d 286, 305 (2d Cir. 2001); *Manley v. Doby*, 2012 U.S. Dist. LEXIS 165028, 2012 WL 5866210, at *3 (E.D.N.Y. Nov. 19, 2012); *Moccio v. Cablevision Sys. Corp.*, 208 F. Supp. 2d 361, 371 (E.D.N.Y.2002). A RICO plaintiff thus has two pleading burdens. First, a plaintiff must allege that the defendant has violated the substantive RICO statute, 18 U.S.C. § 1962, commonly known as 'criminal RICO.' *Moss v. Morgan Stanley, Inc.*, 719 F.2d 5, 17 (2d Cir. 1983). To satisfy this burden, the plaintiff must allege the following, "seven constituent elements: (1) that the defendant (2) through the commission of two or more acts (3) constituting a 'pattern' (4) of 'racketeering activity' (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an 'enterprise' (7) the activities of which affect interstate or foreign commerce." *Id.* (quoting 18 U.S.C. § 1962(a)-(c)). A plaintiff must adequately allege these seven elements "before turning to the second burden-i.e., invoking RICO's civil remedies." *Id.*. To satisfy the second burden, a plaintiff must allege that he was injured in his business or property by

reason of a violation of section 1962. *Id*. Section 1962(d) makes it unlawful for any person to conspire to violate the substantive provisions of RICO.

A plaintiff's burden is high when pleading civil RICO allegations. Courts look with particular scrutiny at claims for a civil RICO, given the statute's damaging effects on the reputations of individuals alleged to be engaged in RICO enterprises and conspiracies. *Spiteri v. Russo*, 2013 U.S. Dist. LEXIS 128379, 2013 WL 4806960, at *45 (E.D.N.Y. Sept. 7, 2013); *Purchase Real Estate Grp., Inc. v. Jones*, 2010 U.S. Dist. LEXIS 87571, 2010 WL 3377504, (S.D.N.Y. Aug. 24, 2010); *Goldfine v. Sichenzia*, 118 F. Supp. 2d 392, 397 (S.D.N.Y.2000) Racketeering activity encompasses, among other things, any act indictable for crimes enumerated under 18 U.S.C. § 1961(1)(B), which include, for purposes relevant to this case, acts of mail and/or wire fraud. Again, a RICO pattern of racketeering activity must consist of two or more predicate acts of racketeering. *Lundy v. Catholic Health Sys. of Long Island, Inc*., 711 F.3d 106, 119 (2d Cir. 2013); *Schlaifer Nance & Co. v. Estate of Warhol*, 119 F.3d 91, 97 (2d Cir. 1997); *H.J. Inc. v. Northwestern Bell Tel. Co*., 492 U.S. 229, 239, 109 S. Ct. 2893, 106 L. Ed. 2d 195 (1989)). "Predicate acts are 'related' for RICO purposes when they 'have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events.'" *Schlaifer Nance*, 119 F.3d at 97 (quoting *H.J. Inc.*, 492 U.S. at 240).

As to Defendant Kong, Plaintiffs pull together an assortment of conclusory accusations to conjure up a scandal that it hopes will somehow yield a viable RICO claim. But RICO requires more rigor than the Amended Complaint offers. The Amended Complaint's string of unsupported innuendo and incomplete accusations reveal no plausible basis for a RICO claim as to Defendant

5

Kong. Again, the Second Circuit has long required specific factual pleadings of RICO's elements to state a plausible RICO claim, mentioned *supra,* and the each of the elements of § 1962(c) must be established as to each individual defendant. *DeFalco v. Bernas*, 244 F.3d 286, 306 (2d Cir.2001).("The focus of section 1962(c) is on the individual patterns of racketeering engaged in by a defendant, rather than the collective activities of the members of the enterprise, which are proscribed by section 1962(d)."). This requires more than bald assertions, periphrastic circumlocutions, unsubstantiated conclusions: the complaint must be anchored in a bed of facts, not allowed to float freely on a sea of bluster. *Miranda v. Ponce Fed. Bank,* 948 F.2d 41, 44 (1st Cir. 1991). The Supreme Court's *Twombly* and *Iqbal* decisions further underscore that RICO's elements must be established with particular factual allegations, not conclusory assertions. *Nichols v. Mahoney*, 608 F. Supp. 2d 526, 536 (S.D.N.Y. 2009) ("[T]he Second Circuit has indicated that there are certain types of cases where *Twombly* obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible. A civil RICO case is just such a case.") (emphasis, citation and internal quotation marks omitted).

While it attempts formulaically to touch all the bases of a RICO claim, the Amended Complaint fails to put forth factual allegations (rather than conclusory labels) that Defendant Kong violated the RICO statute. The Amended Complaint fails as to its RICO claims in at least four respects: (1) it fails to establish a RICO enterprise; (2) it does not adequately plead that Defendant Kong committed any RICO predicate acts of wire or honest services fraud because it does not identify any fraudulent statements or the particulars of a coherent fraudulent scheme; (3) it alleges no "pattern" of predicate acts, let alone at least two acts of Defendant Kong, that satisfy RICO's

requirements of continuous and related wrongdoing; and (4) it pleads no factual basis for charging

that Defendant Kong conspired to violate RICO, as further required under the law.

## 1.   Plaintiffs Fail to Plead the Existence of a RICO Enterprise

The complaint fails to allege facts sufficient to support the existence of a RICO enterprise.

A RICO enterprise consists of "a group of persons associated together for a common purpose of

engaging in a course of conduct." *United States v. Turkette*, 452 U.S. 576, 583 (1981). To plead

the existence of a RICO enterprise, Plaintiffs must allege sufficient facts to demonstrate the

"hierarchy, organization, and activities" of the alleged association and whether "its members

functioned as a unit." *First Capital Asset Mgmt. v. Satinwood, Inc*., 385 F.3d 159, 174 (2d Cir.

2004) (internal quotation marks omitted). A RICO "association in fact" enterprise requires at least

the pleading of an organized entity, and not, as here, pleading only that a group existed to commit

fraud. *Lubin v. Dubin*, 2014 U.S. Dist. LEXIS 24734 (E.D.N.Y. 2023). An association-in-fact

enterprise "'is proved by evidence of an ongoing organization, formal or informal, and by evidence

that the various associates function as a continuing unit.'" *Boyle v. United States*, 556 U.S. 938,

945 (2009) (quoting *United States v. Turkette*, 452 U.S. 576, 583 (1981)). The enterprise "must

have at least three structural features: a purpose, relationships among those associated with the

enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose."

*Boyle*, 556 U.S. at 946

Here, as to Defendant Kong, Plaintiffs make only a single boilerplate, conclusory statement

that, "[t]ogether, Chan, Lee, and K[ong]. Chan among others yet to be identified, conspired to

engage in a pattern of racketeering activity as described further below." *See,* Ex. A at 22. Defendant

Kong is not further mentioned even once in the balance of Plaintiffs' 'FACTS' section of its

Amended Complaint. *Id.* This barebones, conclusory allegation in no way suggest that the Defendant Kong functioned as part of a cohesive, coordinated organization formed for the purpose of pursuing shared criminal objectives. *Continental Petroleum Corp. v. Corp. Funding Partners, LLC,* 2012 WL 1231775, *5 (S.D. N.Y. Apr. 12, 2012) (similarly "sparse" allegations "fall far short of alleging that defendants collectively functioned an association-in-fact sufficient to constitute a RICO enterprise"). Indeed, Plaintiffs only allege that Defendant Kong is simply the elderly father of Defendant Peal Chan's father. *See,* Ex. A at 17. The complaint is devoid of any well-pled factual allegations suggesting coordination and cohesion between the Defendant Kong and the other named defendants. Plaintiffs make only boilerplate, conclusory statements such as, "Lee, Chan, K.[ong] Chan, and other persons not yet known which associated with them, conducted the affairs of the Enterprise," and, "Lee, Chan and K[ong]. Chan each participated in the management and operation of the Enterprise," *See,* Ex. A. at 98-99. Again, these sparse allegations do not contain enough factual substance to support an inference that Defendant Kong along with the other defendants functioned as a cohesive, coordinated organization formed for the purpose of pursuing shared criminal objectives. *Cont'l Petroleum Corp*. 2012 WL 1231775, at *5 (S.D.N.Y. Apr. 12, 2012); *Conte v. Newsday, Inc*., 703 F. Supp. 2d 126, 135 (E.D.N.Y. 2010) *Cedar Swamp Holdings, Inc. v. Zaman*, 487 F. Supp. 2d 444, 451 (S.D.N.Y. 2007).

Plaintiffs, other than stating in conclusory fashion that Defendant Kong functioned as part of a criminal enterprise, fails to assert even the most basic facts evidencing how Defendant Kong was in fact associated with the enterprise or how Defendant Kong functioned as a unit. *First Capital Asset Mgmt. v. Satinwood, Inc*., 385 F.3d 159, 174-75 (2d Cir. 2004) (finding no enterprise where plaintiffs "failed to provide [the Court] with any sold information regarding the hierarchy, organization, and activities of this alleged association-in-fact enterprise . . . from which [the Court]

could fairly conclude that its members function as a unit"); *Rosner v. Bank of China*, 528 F. Supp. 2d 419, 429 (S.D.N.Y. 2007) (ruling that plaintiff failed to sufficiently allege the "enterprise" element of the RICO claims as no facts provided show how defendants "improperly functioned as a unit"). Simply stated, Plaintiffs in the instant matter have failed to allege the existence of an enterprise as to Defendant Kong other than in the most conclusory of manner, and pleads no facts that would support the notion that any such enterprise exists as to Defendant Kong. As such, Plaintiffs first cause of action fails and should be dismissed.

### 2. Plaintiffs Fail to Plead Any Facts That Defendant Kong Participated in the Operation or Management of the Enterprise Itself as Required by Section 1962(c).

In *Reves v. Ernst & Young*, 507 U.S. 170, 113 S. Ct. 1163, 122 L. Ed. 2d 525 (1993) the Supreme Court held that in order to "participate" in the conduct of an enterprise's affairs under Section 1962(c), a RICO defendant must take "part in directing the enterprise's affairs." *Id* at 179. The statute requires "operation and management" of the enterprise, which in the Second Circuit is an "extremely rigorous test." *U.S. Fire Ins. Co. v. United Limousine Serv., Inc*., 303 F. Supp. 2d 432, 451 (S.D.N.Y. 2004); *De Falco v. Bernas*, 244 F.3d 286, 309 (2d Cir. 2001). Under this standard, a person may not be held liable merely for taking directions and performing tasks that are necessary and helpful to the enterprise, or for providing goods and services that ultimately benefit the enterprise. *United States Fire Insurance Co. v. United Limousine Service, Inc*., 303 F. Supp. 2d 432, 451-52 (S.D.N.Y. 2004). Instead, "the RICO defendant must have played 'some part in directing [the enterprise's] affairs." *First Capital Asset Management*, 385 F.3d at 176 (quoting *De Falco*, 244 F.3d at 310). Plainly, in order to survive dismissal, the complaint must set out facts tending to show that each individual defendant participated in the operation or management of the enterprise itself. *Elsevier Inc. v. W.H.P.R., Inc*., 692 F. Supp. 2d 297, 307 (S.D.N.Y. 2010). As the

9

Second Circuit has noted, failing to plead any non-conclusory allegations that each defendant exerted any control over the enterprise is insufficient to allege a claim under RICO against said defendant. *City of N.Y. v. Smokes-Spirits.Com, Inc.*, 541 F.3d 425, 449 (2d Cir. 2008), rev'd on other grounds sub nom. *Hemi Group, LLC v. City of N.Y.*, 130 S. Ct. 983, 175 L. Ed. 2d 943 (2010); *Reves*, 507 U.S. at 179; *Azrielli v. Cohen Law Offices*, 21 F.3d 512, 521 (2d Cir. 1994).

Here, in the instant matter, the Amended Complaint makes a single statement as to Defendant Kong's alleged participation in the 'operation or management' of the enterprise. The one conclusory allegation states, "Lee, Chan and K. Chan each participated in the management and operation of the Enterprise, as further described below." *See*, Ex. A at 99. However, despite Plaintiffs' promise that they would describe Defendant Kong's participation in the operation or management of the enterprise, the subsequent 27 paragraphs of the Amended Complaint fail to **ever mention Defendant Kong in any regard**. *Id* at 100-126. In said paragraphs, Plaintiffs attempt to detail the supposed exercise of not only the operation and management of the enterprise, but the rest of the RICO elements as well. *Id*. Again, Defendant Kong's name is nowhere to be found. Plaintiffs simply have not alleged any facts that would demonstrate that Defendant Kong participated in the operation or management of the alleged RICO enterprise. Instead, the Amended Complaint generally fails to articulate how Defendant Kong exerted control over the enterprise's affairs in any manner whatsoever and fails to state how Defendant Kong benefited from the enterprise's alleged actions. Thus, the instant cause of action is untenable as to Defendant Kong.

### 3. Plaintiffs Do Not Adequately Plead That Defendant Kong Committed Two RICO Predicate Acts, Much Less with the Required Particularity

To plead a RICO violation under either Section 1962(c), Plaintiffs must allege that each defendant, including Defendant Kong, engaged in a 'pattern of racketeering activity' by

10

committing two or more predicate acts. *Rosner*, 528 F. Supp. 2d 419, 429. A plaintiff must allege, at a minimum, that "a defendant personally committed or aided and abetted the commission of two predicate acts." *McLaughlin v. Anderson,* 962 F.2d 187, 192 (2d Cir. 1992). Plaintiffs recite predicate acts of wire fraud, identification fraud and attempted murder. *See*, Ex. A 106-121. Within these paragraphs of the Amended Complaint, Plaintiffs spend time detailing the alleged predicate acts of Defendant Derek Lee and Defendant Pearl Chan; again, not a single allegation contained within said section of the Amended Complaint even references Defendant Kong, let alone the supposed predicate acts effectuated by him. *Id.*

Because the RICO predicate acts in this case consist of alleged instances of wire fraud and identity fraud, Rule 9(b) provides that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." *See,* Fed. R. Civ. P. 9(b). "The particularity requirement of Rule 9(b) serves to provide a defendant with fair notice of a plaintiff's claim, to safeguard a defendant's reputation from improvident charges of wrongdoing, and to protect a defendant against the institution of a strike suit. *Rombach v. Chang*, 355 F.3d 164, 171 (2d Cir. 2004). In cases in which a plaintiff makes specific averments of fraud as predicate acts for RICO claims, "Rule 9(b) calls for the complaint to 'specify the statements it claims were false or misleading, give particulars as to the respect in which plaintiffs contend the statements were fraudulent, state when and where the statements were made, and identify those responsible for the statements.'" *Moore v. PaineWebber, Inc*., 189 F.3d 165, 173 (2d Cir. 1999) citing and quoting *McLaughlin*, 962 F.2d at 191; *Casio Computer Co. v. Sayo*, No. 98CV3772, 2000 WL 1877516, at *16 (S.D.N.Y. Oct. 13, 2000) ("Conclusory allegations that defendants' conduct was fraudulent are inadequate to satisfy the particularity … required by Rule 9(b)."). Moreover, Rule 9(b) requires that the complaint allege facts that specify each defendant's connection to the fraud. General

allegations against a group of defendants are insufficient." *Schmidt v. Fleet Bank*, 1998 WL 47827, *5 (S.D. N.Y. Feb. 4, 1998); *Gross v. Waywell*, 628 F.Supp.2d 475, 495 (S.D.N.Y. 2009) ("[L]umping the defendants into collective allegations results in a failure to demonstrate the elements of § 1962(c) with respect to each defendant individually, as required."); *DiVittorio v. Equidyne Extractive Indus., Inc*., 822 F.2d 1242, 1247 (2d Cir. 1987); *Mills v. Polar Molecular Corp*., 12 F.3d 1170, 1175 (2d Cir. 1993).

First, Plaintiffs have not pleaded the elements of any cause of action as to Defendant Kong, let alone mail or wire fraud, with the specificity required by Rule 9(b). Those elements are (1) the existence of a scheme to defraud, (2) defendants' knowing participation in such a scheme, and (3) the use of wire or mail communications in interstate commerce in furtherance of that scheme. *MLSMK Inv. Co. v. JPMorgan Chase & Co*., 737 F. Supp. 2d 137, 142 (S.D.N.Y. 2010); *S.Q.K.F.C., Inc. v. Bell Atl. TriCon Leasing Corp*., 84 F.3d 629, 633 (2d Cir. 1996). Alternatively, where a plaintiff alleges that the mails or wires were not themselves fraudulent, but rather were used in furtherance of an underlying scheme to defraud, a detailed description of the underlying scheme and the connection therewith of the mail and/or wire communications is required. *Jerome M Sobel & Co. v. Fleck*, No. 03 Civ. 1041, 2003 WL 22839799 (S.D.N.Y. Dec. 1, 2003).

Here, Plaintiffs have offered only conclusory allegations bereft of any supporting details as to Defendant Kong. Again, nowhere within the Amended Complaint exists a description of any facts as to any predicate act by Defendant Kong. Plaintiffs appear to go to great length to describe the alleged activities of the other defendants in the instant matter, but again, fails to actually describe any 'facts' as to Defendant Kong that demonstrate he participated in a single predicate act, let alone two. *See,* Ex. A at 107-121.  In fact, to the contrary, Plaintiffs' Amended Complaint

describes the conduct of the other defendants, and even Plaintiff Schottenstein himself. Specifically, Plaintiff Schottenstein admits that one of the alleged fraudulent wire transfers allegedly made by Defendants Lee and Chan was a <u>check written to and signed by Plaintiff himself</u>. *See*, Ex. A. at 53. Most importantly, Plaintiffs specifically state that all of the alleged wire transfers were in fact made by Defendant Lee and Defendant Chan (Ex. A at 52). *See*, Ex. A at 47-55.

As to Plaintiffs' allegations of identity fraud, again, the Amended Complaint is wholly and completely devoid of a single factual allegation that alleges Defendant Kong in any form or manner acted in a way or effectuated any act to steal Plaintiffs' identity. The entire section devoted to Plaintiffs' allegations of identity theft merely detail the alleged involvement of the other named defendants, not Defendant Kong. *See*, Ex. A at 28-55; 114-118. The same can be said for Plaintiffs' allegation of attempted murder. Again, the Amended Complaint fails to contain a single allegation of fact that Defendant Kong in anyway participated or aided in participating in said alleged crimes. *Id* at 119-121.

Aside from failing adequately to specify individual acts of racketeering as to Defendant Kong, Plaintiffs allegations do not adequately state a "pattern" of such predicate acts. To allege a pattern of racketeering activity, at a minimum Plaintiffs must plead facts showing that each Defendant committed at least two predicate acts within a ten-year period. 18 U.S.C. § 1961(5); *First Capital Asset Mgmt., Inc.*., 385 F.3d 159, 178. These acts must be related and amount to or pose a threat of continued criminal activity. *H.J. Inc.* 492 U.S. 229, 239 (1989); *Fresh Meadow Food Servs., LLC v. RB 175 Corp.*, 282 F. App'x 94, 98 (2d Cir. 2008). Here, however, the Amended Complaint does not contain a single, non-conclusory allegation of any misrepresentation, deceit, fraud, or other actionable conduct by Defendant Kong, let alone two

such instances. *See,* Ex. A at 91-175. Such allegations cannot survive the rigorous particularity requirements of Rule 9(b). Additionally, the conclusory allegations made by Plaintiffs do not reflect that any of Defendant Kong's alleged conduct represents a threat of continued criminal activity, further dooming its instant cause of action.

### B. Plaintiffs Section 1962(d) Claim is Untenable as Plaintiffs have Failed to Plead Any Facts Evincing An Agreement to Commit Two Predicate Acts

Plaintiffs' RICO claim pursuant to § 1962(d) as to Defendant Kong is untenable and should be dismissed as Plaintiffs have completely failed to allege, other than in wholly conclusory terms, that Defendant Kong joined a conspiracy to violate the RICO statutes. To recover under § 1962(d), Plaintiffs must sufficiently allege: 1) a violation of § 1962(c); and 2) an agreement to commit predicate acts in violation of § 1962(c). *Cofacredit, S.A. v. Windsor Plumbing Supply Co.*, 187 F.3d 229, 244 (2d Cir. 1999). Agan, Plaintiffs have failed to do either with respect to Defendant Kong.

First, because Plaintiffs' substantive RICO claim must be dismissed for the reasons discussed *supra*, its RICO conspiracy claim also must be dismissed. *Nat'l Grp. for Commc'ns & Computers Ltd. v. Lucent Techs. Inc.*, 420 F. Supp. 2d 253, 272 (S.D.N.Y. 2006) ("[A] 1962(d) conspiracy claim must be dismissed where the substantive RICO claim is deficient."). Regardless of the merits of Plaintiffs' RICO claims, however, Plaintiffs' conclusory allegations of an "agreement" are also insufficient to state a RICO conspiracy claim. "The core of a RICO civil conspiracy is an agreement to commit predicate acts." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Young,* No. 91 Civ. 2923 (CSH), 1994 WL 88129, at *30 (S.D.N.Y. Mar. 15, 1994) (citation and internal quotation marks omitted). Accordingly, a plaintiff must establish that the Defendants agreed to form and associate themselves with a RICO enterprise and that they agreed to commit

two predicate acts in furtherance of a pattern of racketeering activity in connection with the enterprise. *Cofacredit*, 187 F.3d at 244. A plaintiff cannot rely on conclusory allegations of an agreement without factual support. *Naso v. Park*, 850 F. Supp. 264, 275 (S.D.N.Y. 1994) citing to *Hecht v. Commerce Clearing House, Inc*., 897 F.2d 21, 25 (2d Cir. 1990); *U1IT4less, Inc. v. FedEx Corp*, 896 F. Supp. 2d 275, 291-92 (S.D.N.Y. 2012). Even under the more liberal pleading requirements of Rule 8(a) the complaint must allege some factual basis for a finding of a conscious agreement among the defendants. *Hecht*, 897 F.2d at 26 n.4. Thus, a complaint must contain factual allegations showing that each defendant, by words or actions, manifested an agreement to commit two predicate acts in furtherance of the common purpose of a RICO enterprise. *Colony at Holbrook, Inc. v. Strata G.C., Inc*., 928 F. Supp. 1224, 1238 (E.D.N.Y. 1996).

Here, Plaintiffs' conspiracy allegations are (at best, generously described as) pure boilerplate and wholly conclusory. The Amended Complaint has only pleaded that, "**Plaintiffs allege that commencing in early 2016, the RICO Defendants described above conspired to violate section 1962(c), i.e., each agreed that a co-conspirator would conduct or participate in the affairs of the Enterprise through a pattern of racketeering.**" *See*, Ex. A at 128. The Southern District rejected such boilerplate allegations in *Adler v. Berg Harmon Assocs*., 790 F. Supp. 1222, 1234 (S.D.N.Y. 1992), where the plaintiff alleged comparable generic language that "the defendants conspired among themselves to further the scheme to defraud . . . [b]y knowingly and willingly participating in the conspiracy." The Court held that this type of pleading could not support a RICO conspiracy claim because it lacked, "factual allegations supporting an inference that the various defendants consciously agreed to become part of a RICO conspiracy." *Id*; *Merrill Lynch, Pierce, Fenner & Smith, Inc.* 1994 U.S. Dist. LEXIS 2929, 1994 WL 88129 (Numerous district courts within this circuit have dismissed conclusory allegations of agreement as insufficient to state a

RICO conspiracy claim.); *Com-Tech Associates v. Computer Associates International, Inc.*, 753 F. Supp. 1078, 1092 (E.D.N.Y.1990) (dismissing conspiracy count because plaintiff failed to allege facts establishing that each of the defendants, by words or actions, manifested an agreement to commit two or more predicate acts).

Plaintiffs here likewise fail to provide any specific information about the alleged agreement, including the nature of the agreement, how Defendant Kong, either by words or actions, manifested an agreement to engage in racketeering activity, when the agreement began or when it ended. *Colony at Holbrook*, 928 F. Supp. at 1238. Here, since "[t]here are simply no facts or allegations from which a rational finder of fact could infer that" Defendant Kong "consciously agreed to engage in a RICO conspiracy," Plaintiffs' § 1962(d) claim must be dismissed. *Landy v. Heller*, White & Co., 783 F. Supp. 125, 132 (S.D.N.Y. 1991).

## II.    Plaintiff's Amended Complaint is Wholly Devoid of Any Facts as to Defendant Kong and Accordingly Fails to State any Claim Upon Which Relief May Be Granted as to All Remaining Causes of Action as to Defendant Kong

### A.  Plaintiff's Amended Complaint is Exceptionally and Wholly Conclusory as to Defendant Kong

As a general matter, with respect to Defendant Kong, the Amended Complaint amounts to little more than a few sparse, conclusory allegations. Although a complaint can survive a motion to dismiss without detailed factual allegations, Plaintiffs must provide grounds for its entitlement to relief beyond mere labels, conclusions, or a formulaic recitation of the elements of the cause of action. *Twombly*, 550 U.S. at 555. "[T]he tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. Thus, claims that allege naked assertions devoid of further factual enhancement" or plead facts that are merely consistent with a defendant's liability

16

stop short of the line between possibility and plausibility of entitlement to relief. *Id*. Such "[c]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to defeat a motion to dismiss." *Gebhardt*, 96 F. Supp. 2d 331, 333 (internal quotation marks omitted); *Faber* 648 F.3d 98, 104. Liberal construction of pleadings cannot be used as a substitute for matters of substance nor may conclusory statements of law be utilized to supply material facts by inference. *Didier v McFadden Publs*., 299 NY 49, 85 N.E.2d 612 (1949).

In the instant matter, not only have Plaintiffs failed to adequately plead their RICO-based causes of action as to Defendant Kong, but they also completely failed to adequately plead the elements of any of its state law causes of action, described more fully, *infra*.

### B.  Plaintiff's Amended Complaint Fails to State a Claim for Conversion

Plaintiffs further asserts a cause of action for conversion against Defendant Kong. However, Plaintiffs plead said cause of action in conclusory language, most of which is directly rebutted by Plaintiffs' own statements made earlier in its Amended Complaint, in addition to failing to plead any facts surrounding the alleged conversion.

A conversion takes place when someone, intentionally and without authority, assumes or exercises control over personal property belonging to someone else, interfering with that person's right of possession. *C & B Enters. USA, LLC v Koegel*, 136 A.D.3d 957, 958, 26 N.Y.S.3d 185 (2d Dep't. 2016); *Colavito v New York Organ Donor Network, Inc*., 8 N.Y.3d 43, 49-50, 860 N.E.2d 713, 827 N.Y.S.2d 96 (2006). Two key elements of conversion are 1) plaintiff's possessory right or interest in the property and 2) defendant's dominion over the property or interference with it, in derogation of plaintiff's right. *Colavito v New York Organ Donor Network, Inc*., 8 N.Y.3d 43, 50 (2006). Money, **if specifically identifiable**, may be the subject of a conversion action. *Simpson*

*& Simpson, PLLC v Lippes Mathias Wexler Friedman LLP*, 130 A.D.3d 1543, 1544-1545, 14

N.Y.S.3d 258 (4d Dep't. 2015). When the funds at issue in an action for the conversion of money

constitute a specific sum, one that is determinate, and reflects an ascertained amount, the money

is considered "specifically identifiable"; where opposite holds true, a cause of action for conversion

does not lie. *Family Health Mgt., LLC v. Rohan Devs*., LLC, 207 A.D.3d 136, 145 (1d Dep't.

2022). Additionally, in order to succeed on claim of conversion, a plaintiff must allege that the

alleged converted funds are traceable to a specific defendant. *Zell & Ettinger v Berglas*, 261

A.D.2d 613, 613-14, 690 N.Y.S.2d 721, 721-22 (2d Dep't. 1999).

Plaintiffs cause of action for conversion as to Defendant Kong fails in three respects: 1)

the allegations against Defendant Kong are wholly conclusory and the conclusory allegations

contained in Plaintiffs' cause of action for conversion are directly contradicted by Plaintiffs own

statements earlier in the Amended Complaint; 2) the funds allegedly converted are not specifically

identifiable nor ascertainable; and 3) Plaintiffs fail to allege the supposedly converted funds are

directly traceable to Defendant Kong. Here, Plaintiffs allege that Defendant Kong converted

'$748,848' and $118.000.00 in funds from Plaintiff Schottenstein. *See*, Ex. A at 142-143. As to

the $748,848.00, the sole allegation as to Defendant Kong is,

> "Lee, Chan, and K. Chan interfered with Dr. Schottenstein's exclusive ownership
> of the Thompson Account, Iberia Account, and Chase Accounts, and his right to
> possession of the funds therein when they, having stolen his identity, gained access
> to those accounts, and made various withdrawals and transfers, including but not
> limited to three transfers to an account controlled by Chan, Lee, and K. Chan,
> totaling approximately $748,848 in funds stolen from Dr. Schottenstein." *Id.*

Again, this is merely a conclusory recitation of the elements of a cause of action for

conversion, wholly unsupported by any facts within the Amended Complaint. Plaintiffs make the

allegation without providing or pleading any facts as to how that amount was ascertained, the dates

of the alleged acts of conversion of the alleged amount, nor how the funds were actually converted. *See*, Ex. A at 51.

In fact, not only does the Amend Complaint not support such an allegation as to Defendant Kong, it explicitly refutes it. Plaintiffs do not make **any** allegation as to Defendant Kong that he in anyway participated in, had knowledge of, or benefited from the alleged conversion of the funds. *See*, Ex. A at 28-55. Again, Plaintiffs not only completely fail to allege that Defendant Kong in any way participated in the conversion of the alleged $748,848.00. *Id*. Instead, Plaintiffs detail allegations against Defendant Lee and Defendant Chan, such as,

> "On February 20, 2020, a wire transfer of $429,741.11 was made from the Citibank account to "Derek Lee JPMorgan Chase Bank, NA" without Dr. Schottenstein's knowledge, consent or approval. On February 27, 2020, $249,000 was transferred from the Iberia Account to the Thompson Account without Dr. Schottenstein's knowledge, consent or approval. On March 20, 2020, $319,057.63, was transferred from the Thompson Account to "Derek Lee JPMorgan Chase Bank, NA" without Dr. Schottenstein's knowledge, consent, or approval. On August 28, 2020, Lee deposited $100,000 into the Iberia Account without Dr. Schottenstein's knowledge, consent, or approval. The unauthorized deposits were presumably made to obscure the fact that Lee and Chan drained the Thompson Account of approximately $748,848. **Chan and Lee made all these wire transfers** (emphasis added)." *See*, Ex. A at 47-52.

As Plaintiffs themselves state, all of the alleged acts constituting conversion of the $748,848.00 in funds was effectuated by the other named defendants, and not Defendant Kong. It bears worth noting that Plaintiffs *explicitly* state that it was "[Defendants] Chan and Lee [who] made all these wire transfers." *Id* at 52. As such, Plaintiffs own details of its allegation of conversion wholly refute that Defendant Kong converted any of Plaintiffs funds.

Assuming, *arguendo*, that this Court were to find that Plaintiffs conclusory allegations form the basis for a cause of action of conversion of the $748,848.00 as to Defendant Kong, said

cause of action fails as Plaintiffs have failed to provide any basis as to how said amount has been ascertained and instead, Plaintiffs plainly state that the $748,848.00 is an "approximate." *See*, Ex. A at 51. The only mention by Plaintiffs as to the $748,848.00 appears to be an afterthought, as stated, *supra*. Here, Plaintiffs have wholly, in any manner, failed to plead any facts surrounding this alleged conversion as to Defendant Kong. Plaintiffs do not state how they ascertained the allegedly converted amount, nor do they plead any facts as to the alleged dates, times, and method of the alleged acts of conversion supposedly undertaken by Defendant Kong, let alone the rest of the named defendants as to the $748,848.00. The failure to plead any of the facts surrounding this one-off allegation is fatal to Plaintiffs' cause of action for conversion as to Defendant Kong.

Next, Plaintiffs allege its cause of action for conversion as to Defendant Kong based upon the allegation that, "Upon information and belief, Lee and Chan forged a check, impersonated Dr. Schottenstein and absconded with $118,000.00, that was placed in account(s) controlled by Chan, Lee, or K[ong]. Chan." *See*, Ex. A at 143. With respect to this allegation, there are two main avenues of failure: 1) Plaintiffs' failure to plead that the allegedly converted funds are traceable to a specific defendant, and 2) Plaintiffs' own statements made earlier in the Amended Complaint which completely eviscerates said cause of action. First, as stated *supra*, Plaintiffs Amended Complaint pleads in no uncertain terms that the allegedly converted amount of $118,000.00 was placed into an "account(s)" controlled by Defendant Chan, Defendant Lee, "**or**" Defendant Kong. *See*, Ex. A at 143 (emphasis added). Thus, by Plaintiffs own admissions, Plaintiffs cannot trace the converted funds to any specific defendant, let alone any specific account. Plaintiffs' use of the term "account(s)" (indicating they do not know who's account the funds were allegedly placed) in addition to stating the funds were allegedly, "placed in account(s) controlled by Chan, Lee, **or** K[ong]. Chan (emphasis added)" conclusively establishes that Plaintiffs cannot determine which

of the named defendants are responsible for exercising dominion and control over the allegedly converted funds; this fact is also fatal to Plaintiffs instant cause of action.

Secondly, despite Plaintiffs framing the $118,000.00 as being wrongfully converted by Defendants, Plaintiffs' own earlier allegations in the Amended Complaint belie such a contention. Specifically, Plaintiffs plead,

> "On September 10, 2020, a check from the Iberia Account for $118,000.00 was made out to Dr. Schottenstein. On its face, it appears to be signed by Dr. Schottenstein. However, he has no memory of writing that check and no record of depositing it in any of his accounts. Upon information and belief, Lee and Chan forged a check, impersonated Dr. Schottenstein and absconded with the $118,000.00." *See*, Ex. A at 53-54.

Thus, in the two paragraphs describing the alleged conversion of the $118,000.00, Plaintiffs make it exceptionally clear that 1) Plaintiff Schottenstein admits that the check bears his signature and that the check was **written to himself**; and 2) incredibly and almost unbelievably, Plaintiffs basis for alleging conversion of the $118,000.00 is premised on the notion that, despite the check bearing his signature and being **written to himself**, that because Plaintiff Schottenstein forgot he signed it, the $118,000.00 must have been converted. Of note, Plaintiff Schottenstein appears to not contest the validity of his own signature, rather, he simply pleads that he doesn't remember signing the check or have record of deposit. Defendant Kong respectfully posits that the aforementioned facts render Plaintiffs' cause of action for conversion as to Defendant Kong wholly untenable, and should be dismissed.

## C. Plaintiff's Amended Complaint Fails to State a Claim for Conspiracy to Commit Fraud

Plaintiffs' seventh cause of action alleges a conspiracy to commit fraud as to all the named defendants. *See,* Ex. A at 157-161.  Of note, New York does not recognize a civil conspiracy to

commit a fraud as an independent cause of action. *Jebran v LaSalle Bus. Credit, LLC*, 33 AD3d 424, 425, 824 NYS2d 224 (1d Dep't. 2006); *Sokol v. Addison*, 293 A.D.2d 600, 601, 742 N.Y.S.2d 311, 312 (2d Dep't. 2002). Instead, "a cause of action sounding in civil conspiracy cannot stand alone, but stands or falls with the underlying tort." *Romano v. Romano*, 2 A.D.3d 430, 432, 767 N.Y.S.2d 841, 842 (2d Dep't 2003); *Kirch v. Liberty Media Corp*., 449 F.3d 388, 401 (2d Cir. 2006). Accordingly, to state a claim for conspiracy to commit fraud, Plaintiffs must sufficiently plead the elements of a fraud claim, and must then demonstrate the existence of a conspiracy by showing 1) an agreement between the conspirator and the wrongdoer, and 2) a wrongful act committed in furtherance of the conspiracy. *Johnson v. Home Savers Consulting Corp*., , 2007 U.S. Dist. LEXIS 24288, 2007 WL 925518, at *6 (E.D.N.Y. Mar. 23, 2007). The word 'conspiracy' does not alone satisfy the specificity requirement of Rule 9(b). *Segal v. Gordon*, 467 F.2d 602, 608 (2d Cir. 1972). Mere general allegations that there was fraud, corruption or conspiracy, or acts or conduct in these terms are not enough to make them more than conclusory, no matter how frequently repeated. *Id*. at 607; *Ross v. A. H. Robins Co*., 607 F.2d 545, 557-58 (2d Cir. 1979). In short, the complaint must "allege some factual basis for a finding of a conscious agreement among the defendants." *Hecht*, 897 F.2d at 26 n. 4; *Ouaknine v. MacFarlane*, 897 F.2d 75, 79-80 (2d Cir. 1990) ("To pass muster under Rule 9(b) … there must be some factual basis for conclusory allegations of intent … giving rise to a 'strong inference' of fraudulent intent."); *Kolbeck v. Lit America, Inc*., 923 F. Supp. 557, 569-570 (S.D.N.Y. 1996) (By alleging fraud through a theory of agency, "plaintiffs have assumed responsibility not only to plead the underlying fraud, but also the fraudulent agency, with Rule 9(b) particularity.").

As an initial matter, Plaintiffs' instant claim fails as he has failed to allege a claim for fraud as to Defendant Kong. Additionally, at no point in the entirety of the Amended Complaint do

Plaintiffs ever mention that Defendant Kong defrauded any of the Plaintiffs in any manner. In fact, the cause of action for fraud is only pleaded as to Defendant Lee and Defendant Chan; Plaintiffs do not allege that Defendant Kong participated in the fraud. *See*, Ex. A at 132-139. Furthermore, the conspiracy allegation as to Defendant Kong is stated solely in a conclusory manner and provides no facts to support any basis that Defendant Kong entered into any agreement with any of the defendants, let alone an agreement to defraud Plaintiffs. Accordingly, Plaintiffs' cause of action for conspiracy to commit fraud as to Defendant Kong should be dismissed.

### D. Plaintiff's Amended Complaint Fails to State a Claim for Conspiracy to Commit a Tort

Plaintiffs further plead a cause of action for 'conspiracy to commit a tort' as to Defendant Kong. See, Ex. A at 162-170. As an initial matter, New York does not recognize a claim for conspiracy to commit a tort. *Alexander & Alexander of N.Y. v Fritzen*, 68 N.Y.2d 968, 969, 503 N.E.2d 102, 510 N.Y.S.2d 546 (1986). Understanding this to be a cause of action for conspiracy to commit conversion, Defendant Kong addresses as such. For Plaintiffs to sustain a claim for conspiracy to commit conversion, Plaintiffs would have to set forth facts supporting an allegation that Defendant Kong entered into an agreement to unlawfully convert the property in question. *Diamond State Ins. Co. v. Worldwide Weather Trading LLC*, 2002 U.S. Dist. LEXIS 24023 (S.D.N.Y. 2013).

To the extent that Plaintiffs are seeking to plead a cause of action for conspiracy to commit conversion, said claim fails as Plaintiffs' have failed to properly plead the underlying tort of conversion as to Defendant Kong. Additionally, even assuming *arguendo*, that this Court were to find Plaintiffs' cause of action for conversion to be sufficiently pled, the conspiracy to commit conversion fails as Plaintiff has failed in any respect to plead any facts which demonstrate that

Defendant Kong entered into an agreement to convert Plaintiffs' property. In fact, the only allegation with respect to Defendant Kong and the instant cause of action is, "Lee, Chan, and K[ong]. Chan conspired to hide funds stolen from Plaintiffs, by transferring the stolen funds among various accounts held in their names individually or jointly." *See*, Ex. A at 168. However, this conclusory allegation cannot support such a cause of action as to Defendant Kong, as aside from said conclusory allegation, the Amended Complaint is wholly silent as to Defendant Kong with respect to any facts or circumstances surrounding his alleged agreement to conspire against Plaintiffs. Accordingly, Plaintiffs' cause of action for conspiracy to commit a tort should be dismissed.

### E.   Plaintiff's Amended Complaint Fails to State a Claim for Intentional Infliction of Emotional Distress

Plaintiffs' final cause of action is a claim for intentional infliction of emotional distress, which simply displays the same vague, skeletal pleading approach that characterizes every other claim Plaintiffs have sought to assert as to Defendant Kong. Plaintiffs offer the conclusory allegations that, "Dr. Schottenstein has endured emotional distress as a direct result of Chan and Lee's actions. As a result of Chan, Lee, and K[ong]. Chan's Intentional Infliction of Emotional Distress, Dr. Schottenstein is damaged in an amount to be determined at trial." *See*, Ex. A at 174-175.

In New York, the threshold for intentional infliction of emotional distress claims is "very high." *Castro v. Local 1199, Nat'l Health & Human Res. Employees Union,* 964 F. Supp. 719, 732 (S.D.N.Y. 1997). The elements of a claim for intentional infliction of emotional distress are: "(i) extreme and outrageous conduct, (ii) an intent to cause — or disregard of substantial probability of causing — severe emotional distress, (iii) a causal connection between the conduct and the

injury, and (iv) the resultant severe emotional distress." *Lau v. S&M Enters*., 72 A.D.3d 497, 898 N.Y.S.2d 42, 43 (1d Dep't. 2010). The defendant's conduct must be so outrageous and extreme as to go beyond all possible bounds of human decency. *Castro*, 964 F. Supp. at 733.

Plaintiffs' allegations do not come close to meeting the high standard for pleading a claim for intentional infliction of emotional distress. Such a claim requires conduct that is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. *Murphy v. Am. Home Products Corp*., 58 N.Y.2d 293, 303, 461 N.Y.S.2d 232, 236 (1983).  In this matter no named Plaintiff has alleged in nonconclusory terms that he "actually suffered severe emotional distress" as required to state a claim. *MacEntee v. IBM*, 783 F. Supp. 2d 434, 447 (S.D.N.Y. 2011). Instead, the scant allegations of distress are asserted in wholly conclusory terms, and the Amended Complaint fails to even mention any emotional distress, save for in its cause of action section. *See*, Ex. A, generally; at 171-175.

Lastly, Plaintiffs' instant claim is clearly time-barred. Intentional infliction of emotional distress claims are subject to a one-year statute of limitations. *Rafter v. Liddle*, 2006 U.S. Dist. LEXIS 55869, 2006 WL 2255093, at *10 (S.D.N.Y. Aug. 4, 2006) (citing N.Y. C.P.L.R. § 215(3)). Looking to the Amended Complaint, we see that Plaintiffs' causes of action are based on alleged conduct occurring between 2013 and December 2020. *See,* Ex. A at 19-90. Accordingly, Plaintiffs' cause of action began to accrue (at the latest) on or about December 2020. In turn, Plaintiffs' were required to assert its cause of action on or before December 2021. However, the instant action was commenced on or about February 11, 2022, nearly three months too late. For the plethora of

reasons stated, *supra*, Plaintiffs' cause of action for intentional infliction of emotional distress as to Defendant Kong should be dismissed.

No prior relief herein has been requested.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Court issue an Order dismissing Plaintiff's Amended Complaint as to Defendant Kong Chan, and for such other and further relief as this Court deems just and proper.

Dated: March 1, 2023
        New York, NY

                                            SPODEK LAW GROUP, P.C.

                                            BY: Jeremy G. Feigenbaum, Esq.
                                            *Attorney for Defendant Kong Chan*
                                            85 Broad Street, 17th Fl.
                                            New York, NY 10004
                                            (212) 300-5196

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this 1st of March, 2023, I caused a copy of the foregoing to be electronically served upon all parties receiving CM/ECF notices in this case.


/s/
_____
Jeremy G. Feigenbaum, Esq.
**COUNSEL FOR DEFENDANT KONG**