UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
DR. DOUGLAS SCHOTTENSTEIN, M.D.,         :
THOMPSON REAL ESTATE, LLC, and           :
SCHOTTENSTEIN PAIN AND NEURO, PLLC,      :     22cv1197 (DLC)
                                         :
                     Plaintiffs,         :     OPINION AND
                                         :          ORDER
          -v-                            :
                                         :
DEREK LEE, PEARL CHAN, and               :
KONG H. CHAN,                            :
                                         :
                     Defendants.         :
                                         :
---------------------------------------- X

APPEARANCES:

For plaintiffs:
Edward Daniel Altabet
Brach Eichler LLC
101 Eisenhower Parkway
Roseland, NJ 07068

Jeffrey A. Donner
Donner Law
708 Highway 35 South
Neptune, New Jersey 07753

Richard Bruce Rosenthal
Richard Bruce Rosenthal, Esq.
545 E. Jericho Turnpike
Huntington Station, NY 11746

For defendant Kong Chan:
Jeremy Graham Feigenbaum
Spodek Law Group, P.C.
85 Broad Street, 17th Floor
New York, NY 10004

DENISE COTE, District Judge:

Defendant Kong H. Chan ("Kong") moves for judgment on the pleadings, as to all claims against him, pursuant to Fed. R. Civ. P. 12(c). For the reasons that follow, the motion is granted.

## Background

The following facts are taken from the FAC. The alleged facts are assumed to be true. Only the facts relevant to the instant motion will be recited.

Dr. Douglas Schottenstein is the owner of Schottenstein Pain & Neuro, PLLC d/b/a NY Spine Medicine (the "Medical Practice"), a pain management practice. Dr. Schottenstein is also the owner of Thompson Real Estate, LLC, a domestic limited liability company that owns Dr. Schottenstein's residence. Defendants Derek Lee ("Lee") and Pearl Chan ("Chan") are former employees of the Medical Practice. Defendant Kong is the father of Pearl Chan; Kong has never worked for the plaintiffs.

Plaintiffs allege that, over a number of years, Lee and Chan fraudulently wired money out of various bank accounts of the plaintiffs to themselves. Plaintiffs further allege that the defendants moved funds between different accounts held by the plaintiffs in order to conceal the fraud. The alleged scheme included installing a keylogger program on the

2

plaintiffs' computers in order to obtain information necessary to access the plaintiffs' financial accounts, and impersonating Dr. Schottenstein on several calls with his financial institutions.

Specifically, the plaintiffs allege that Lee and Chan: (1) wired a total of $748,848 out of a checking account for Thompson Real Estate held at Citibank and Dr. Schottenstein's bank account at Iberia Bank; (2) forged a check for $118,000 from the Iberia account to Dr. Schottenstein, which they then cashed; (3) gained access to the Medical Practice's bank accounts at Chase Bank and improperly and without authorization withdrew approximately $500,000; and (4) fraudulently charged approximately $700,000 to the plaintiffs' American Express credit card.  The plaintiffs assert that Kong received funds in connection with Lee and Chan's alleged fraud.

The plaintiffs filed the initial complaint in this action on February 11, 2022, asserting claims against Lee and Chan only.  On August 17, the case was reassigned to this Court.  On September 30 a schedule was set for filing amended pleadings.

Plaintiffs filed their FAC on November 4, joining Kong as a defendant.  The FAC asserts claims against all defendants for violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962 et seq., fraud, conversion,

tortious interference with contract, battery, conspiracies to commit fraud and tort, and intention infliction of emotional distress.  On January 24, 2023, Kong filed an answer to the FAC.

On March 1, 2023, Kong moved for judgment on the pleadings, as to all claims against him, pursuant to Fed. R. Civ. P. 12(c). On March 29, the plaintiffs filed their opposition to the 12(c) motion, and cross moved for leave to amend the FAC.  The plaintiffs' proposed SAC narrows the claims against Kong to a claim for conversion only, brought under New York Law.  The motion for judgment on the pleadings became fully submitted on April 6.

## Discussion

Although the FAC asserts numerous claims against Kong, plaintiffs intend to pursue only their claim of conversion. Accordingly, this Opinion addresses only that claim.

"The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that for granting a Rule 12(b)(6) motion for failure to state a claim." Lively v. WAFRA Investment Advisory Group, Inc., 6 F.4th 293, 301 (2d Cir. 2021) (citation omitted).  To survive a motion to dismiss for failure to state a claim, the complaint "must plead enough facts to state a claim to relief that is plausible on its face." Green v. Dep't of Educ. of N.Y., 16 F.4th 1070, 1076-77 (2d Cir. 2021)

(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).
"A claim has facial plausibility when the plaintiff pleads
factual content that allows the court to draw the reasonable
inference that the defendant is liable for the misconduct
alleged." Charles v. Orange County, 925 F.3d 73, 81 (2d Cir.
2019) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).
"In determining if a claim is sufficiently plausible to
withstand dismissal," a court "accept[s] all factual allegations
as true" and "draw[s] all reasonable inferences in favor of the
plaintiffs." Melendez v. City of New York, 16 F.4th 992, 1010
(2d Cir. 2021) (citation omitted). Nevertheless, a court is
"not required to credit conclusory allegations or legal
conclusions couched as factual allegations." Hamilton v.
Westchester County, 3 F.4th 86, 91 (2d Cir. 2021) (citation
omitted).

Under New York law "conversion is the unauthorized
assumption and exercise of the right of ownership over goods
belonging to another to the exclusion of the owner's rights."
V&A Collection, LLC v. Guzzini Props. Ltd., 46 F.4th 127, 133
(2d Cir. 2022) (citation omitted). To state a claim of
conversion, the plaintiff must allege that

> (1) the party charged has acted without authorization,
> and (2) exercised dominion or a right of ownership
> over property belonging to another, (3) the rightful

owner makes a demand for the property, and (4) the demand for the return is refused.

Id. (citation omitted).  No demand is necessary where the plaintiff can show that the defendant knew that he or she wrongfully possessed the property.  Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc., 87 F.3d 44, 49–50 (2d Cir. 1996).

Where, as here, a plaintiff brings a claim for conversion of money, "an action will lie . . . where there is a specific, identifiable fund and an obligation to return or otherwise treat in a particular manner the specific fund in question."  Bascunan v. Elsaca, 874 F.3d 806, 820 n.56 (2d Cir. 2017) (citation omitted).  Funds are specifically identifiable when the funds constitute a "specific sum" that is "determinate and reflects an ascertained amount."  Family Health Mgmt., LLC v. Rohan Devs., LLC, 171 N.Y.S.3d 44, 50 (1st Dep't 2022) (citation omitted).[1]

Plaintiffs have failed to state a claim for conversion against Kong.  As an initial matter, the FAC pleads no facts to suggest that Kong was involved in the alleged underlying conversions by defendants Lee and Chan.  The FAC asserts that

---

[1] Caselaw within this district suggests that where a claim for conversion "rests on an allegation of fraudulent taking," it is furthermore "subject to the pleading requirements of Rule 9(b)." Daly v. Castro Llanes, 30 F. Supp. 2d 407, 414 (S.D.N.Y. 1998). Because plaintiffs' claim fails to meet even the more lenient pleading standard, the Court need not address this issue.

"Chan and Lee made all [the fraudulent] wire transfers."  The
FAC alleges instead, in conclusory terms, that Kong converted
funds previously stolen from Dr. Schottenstein.  The FAC
contains no facts explaining Kong's purported involvement in the
alleged conversion scheme other than his control of an account
that received stolen funds.

The SAC narrows the allegations against Kong to the receipt
of a single wire transfer into a jointly held bank account.  The
allegation against Kong in the proposed SAC is:

> With respect to Kong Chan, on or about March 20, 2020,
> Lee caused the sum of $319,000, to be transferred from
> the Chase Account owned by Thompson Real Estate to an
> account owned by Lee at Chase.  On or about August 31,
> 2020, Lee then wired the sum of $128,000 to an account
> at Bank of America owned by Pearl Chan.  On September
> 1, 2020, Pearl Chan, in turn, transferred $111,000 of
> this $128,000 to an account at Bank of America jointly
> in her name and Defendant Kong Chan's name.

(emphasis added).

The $111,000 is not a specifically identifiable fund for
the purposes of conversion.  It is alleged to be a portion of
the $319,000 stolen from the plaintiffs.  In determining whether
funds are "specifically identifiable" courts have considered
"whether the money was segregated, the number of transfers
involved (or the degree of separation from the plaintiff seeking
recovery), and whether the defendant from which recovery was
sought was implicated in the bad acts alleged."  Fam. Health

Mgmt., 171 N.Y.S.3d at 49-50.  Here, the single deposit into
Kong's jointly held account was preceded by several wire
transfers of different amounts of money spanning six months.
There is no allegation that the $111,000 was ever segregated in
the accounts through which it moved prior to the deposit into
Kong's joint account or segregated in some fashion within Kong's
account.  Under these circumstances, the $111,000 is not
sufficiently traceable.  Furthermore, the proposed SAC contains
no allegations that plaintiffs made a demand for return of their
money to Kong, or that Kong otherwise knew that he wrongfully
possessed the plaintiffs' property in his jointly held account.

The allegations included in the proposed SAC fail to state
a claim for conversion against Kong, and as such, amendment
would be futile.  Accordingly, plaintiffs' request for leave to
amend is denied, and Kong's motion for judgment on the pleadings
is granted.

### Conclusion

Kong's March 1, 2023, motion for judgment on the pleadings
as to all claims against him is granted.  Plaintiffs' request
for leave to amend the FAC is denied.

Dated:    New York, New York
          July 6, 2023

                                    _____
                                       DENISE COTE
                                    United States District Judge

8