UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- X
                                      :   22cv1197 (DLC)
DR. DOUGLAS SCHOTTENSTEIN, M.D.,      :
THOMPSON REAL ESTATE, LLC, and        :   ORDER
SCHOTTENSTEIN PAIN AND NEURO, PLLC,   :
                                      :
                        Plaintiffs,   :
             -v-                      :
                                      :
DEREK LEE, PEARL CHAN, and KONG H.    :
CHAN                                  :
                                      :
                        Defendants.   :
                                      :
------------------------------------- X

DENISE COTE, District Judge:

   On August 10, 2023, defendants Derek Lee and Pearl Chan ("Defendants") filed on ECF a request to file certain documents produced by the plaintiffs under seal in conjunction with a forthcoming motion to stay. In their request, Defendants noted that the documents were designated "Confidential" under the protective order in this action.

   The First Amendment accords a strong presumption of public access to pleadings and other judicial documents that "have historically been open to the press and general public" and "play[ ] a significant positive role in the functioning of the particular process." Bernstein v. Bernstein Litowitz Berger & Grossmann LLP, 814 F.3d 132, 141 (2d Cir. 2016). See also Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 124 (2d Cir.

2006).  The Second Circuit has held that this presumption of public access applies to "pretrial motions and written documents submitted in connection with them."  Newsday LLC v. County of Nassau, 730 F.3d 156, 164 (2d Cir. 2013) (citation omitted). The First Amendment "requires a court to make specific, rigorous findings before sealing the document or otherwise denying public access."  Bernstein, 814 F.3d at 141 (citation omitted).  "[T]he presumptive right of access prevails unless it is overcome by specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim."  Newsday, 730 F.3d at 165 (citation omitted).  Accordingly, when making requests to redact or seal material, a party must include in a publicly filed letter any proposed findings that support the request.  A document may not be sealed or redacted simply because it contains material that is captured by a confidentiality agreement, although that may be a relevant fact to mention in the application.  Accordingly, it is hereby

ORDERED that Defendants shall re-submit their request to file the documents under seal.  The request shall be made in a manner that is compliant with the Southern District of New York ECF Rules and Instructions and this Court's Individual

2

Practices. The request shall also include proposed findings that support the request.

IT IS FURTHER ORDERED that the Pretrial Scheduling Order, dated September 30, 2022, remains in effect unless and until a stay is issued in this action. Any motion for summary judgment, and in its absence the Joint Pretrial Order, is due August 18, 2023.

SO ORDERED:

Dated:   New York, New York
         August 10, 2023

                                   _____
                                          DENISE COTE
                                   United States District Judge