UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
DR. DOUGLASS SCHOTTENSTEIN, M.D.,
THOMPSON REAL ESTATE, LLC, and
SCHOTTENSTEIN PAIN AND NEURO, PLLC D/B/A
NY SPINE MEDICINE,                                    Index No.: 01197/2022 (DLC)

                Plaintiffs,

    -against-

DEREK LEE and PEARL CHAN, JOHN AND JANE
DOES 1-10,

                Defendants.
------------------------------------------------------------------------X

# MEMORANDUM OF LAW IN RESPONSE TO ORDER TO SHOW CAUSE

                                                      The Law Office of Jeffrey Chabrowe, P.C
                                                      Attorney(s) for the Defendants
                                                      521 5th Avenue, 17th FL
                                                      New York, New York 10017
                                                      T: (917) 529-3921
                                                      E: Jeff@chabrowe.com

JEFFREY CHABROWE, ESQ.

**TABLE OF CONTENTS**

                                                                                                                        **Page**

TABLE OF AUTHORITIES……………………………………………………………..……ii

PRELIMINARY STATEMENT……………………………………………………………….1

STATEMENT OF FACTS………………………………………………………………..….4

LAW AND ARGUMENT…………………………………………………………..…………….8

STANDARD FOR THE COURT'S INHERENT POWER TO SANCTION…...……………..8

    I.     DEFENSE COUNSEL DID NOT SUBMIT THE SUBJECT PHOTOS IN BAD FAITH……………………………………………………………………………9

    II.    DEFENSE COUNSEL DID NOT SUBMIT THE TESTIMONIAL EXHIBITS IN BAD FAITH…………..……………………………………………………………10

CONCLUSION…………………………………………………………………………..14

# TABLE OF AUTHORITIES

**Cases**                                                                                                        **Page(s)**

Alexandria Real Estate Equities, Inc. v. Fair,

    No. 11-cv-3694, 2011 U.S. Dist. LEXIS 138455 at *3 (S.D.N.Y. Nov. 30, 2011)……...10

Chambers v. NASCO, Inc.,

    501 U.S. 32, 44 (1991),)……………………………………………………...………….…9

DLC Mgmt. Corp. v. Town of Hyde Park,

    163 F.3d 124, 136 (2d Cir. 1998)……………………………………………………………9

Dover v. British Airways, PLC (UK),

    No. 12-CV-5567 (RJD) (MDG), 2014 U.S. Dist. LEXIS 114121, at *3-4 (E.D.N.Y. Aug. 15, 2014)……………………………………..…………………………………………….…..11

Enmon v. Prospect Capital Corp.,

    675 F.3d 138, 143 (2d Cir. 2012)……………………………………………...……9-10

HSH Nordbank AG N.Y. Branch v. Swerdlow,

    259 F.R.D. 64, 75 (S.D.N.Y. 2009)……………………………………....…...…11-12

Int'l Techs. Mktg., Inc. v. Verint Sys., Ltd.,

    991 F.3d 361, 368 (2d Cir. 2021)…………………………………………………………….9

Lugosch v. Pyramid Co.,

    435 F.3d 110, 126 (2d Cir.  2006)…………………………………………..………9-10

Prescient Acquisition Grp., Inc. v. MJ Pub. Tr.,

    487 F. Supp. 2d 374, 375 (S.D.N.Y. 2007)……………………………………..…….10

Prescient Partners, L.P. v. Fieldcrest Cannon, Inc.,

    No. 96 Civ. 7590 (DAB) (JCF), 1997 U.S. Dist. LEXIS 18818, , at *4 (S.D.N.Y. Nov. 26, 1997)……………………………………………………………………………………11

Shulins v. New England Insur. Co.,

    360 F.2d 781, 785 (2d Cir. 1966)……………………………………...……………13

Sierra Club v. U.S. Army Corps of Eng'rs,

    776 F.2d 383, 390 (2d Cir.1985)……………………………………………………..8

Sure Fit Home Prods., LLC v. Maytex Mills Inc.,

    2022 U.S. Dist. LEXIS 90833 (S.D.N.Y. (May 20, 2022)……………………………..…..12

Under Seal v. Under Seal,

    273 F. Supp. 3d 460, 470 (S.D.N.Y. 2017)………………………………………….…..10

United States CFTC v. Parnon Energy, Inc.,

    2014 U.S. Dist. LEXIS 67175 at **15-16 (S.D.N.Y. May 14, 2014)……………...…12

Wolters Kluwer Fin. Servs., Inc. v. Scivantage,

    564 F.3d 110, 114 (2d Cir. 2009)……………………………………………………….8

**Federal Rules**

    Fed. R. Civ. P. 5.2…………………………………...………………………………...3, 6, 12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
DR. DOUGLASS SCHOTTENSTEIN, M.D., THOMPSON
REAL ESTATE, LLC, and SCHOTTENSTEIN PAIN
AND NEURO, PLLC D/B/A NY SPINE MEDICINE,

                Plaintiffs,                Index No.: 01197/2022 (DLC)

    -against-

DEREK LEE and PEARL CHAN, JOHN AND JANE
DOES 1-10,

                Defendants.
------------------------------------------------------------------------X

## DEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE

Defendants Derek Lee and Pearl Chan ("Defendants"), by and through undersigned counsel, respond to the Court's October 2, 2023 (DCKT. 98) Order, which requires Defense counsel Jeffrey Chabrowe "to show cause why he should not be sanctioned pursuant to this Court's inherent power for filing on the public docket documents previously ordered to be filed under seal." As demonstrated herein, sanctions are unwarranted as there was never any requisite bad faith by Defendants or their counsel to defy this Honorable Court's August 15, 2023, Order to seal exhibits associated with their August 14, 2023, Motion to Stay.

## PRELIMINARY STATEMENT

On September 20, 2023, five days after Defendants filed their opposition to Plaintiffs' Motion for Partial Summary Judgment, Plaintiffs filed a four-page "emergency" sealing request regarding eight exhibits Defendants had submitted (DCKT. 92, Exhibits A-D, F-G, and M-N).[1]

---

[1] Plaintiffs originally demanded that <u>all</u> Defense Exhibits A-N be immediately placed under seal. See DCKT. 93-1.

1

The Court granted the request with respect to Exhibits A-D (Defendants' Affidavits and Deposition Testimony from a related Citibank Arbitration, JAMS Re.: 1425035175) pending a "meet and confer" on possible redactions. The Court likewise ordered the sealing of Exhibit N (various photographs that Plaintiff Schottenstein texted to Defendant Pearl Chan).

As further outlined and argued below, it was never Defendants' intention to flout a Court Order. Any such failures were the result of inadvertent oversight premised, with respect to the texted photographs, on Defendants' understanding that they had *not* been subject to a sealing order, given that neither party requested such relief. In fact, Defense counsel explicitly requested that they not be sealed (see Dckt. 74, fn 1,"This [motion] includes Exhibits A-C of Defendants' Stay motion, but *not* Exhibit D, which consists of text messages between the parties, produced by the defendants, which are not subject to any protective order") (emphasis in original). Moreover, when the texts were filed on the public docket on August 14, 2023 (DCKT. 76-5), the Plaintiffs never tendered any objection. The first and only time Plaintiffs ever voiced an objection to the photographs being posted was September 20, 2023, over a month after the original public filing, and almost a year after they were produced in Defendants' initial disclosures. Although on August 15, 2023, the Court wrote that "[T]he request to file the exhibits A-D is granted," (DCKT. 79), because no party had requested that Exhibit D be sealed, Defense counsel never expected, and thus inadvertently overlooked, that an order to seal had nevertheless been issued.

Regarding testimonial exhibits A-D, on August 14, 2023, Defendants requested a sealing order for excerpts of the Defendants' Citibank depositions in the interest of time (the August 18, 2023, filing deadline for summary judgment was just days away) and out of "an abundance of caution" (DCKT. 73), as portions of the testimony were responsive to documents Defendants had

2

marked as "confidential," arguably implicating protective orders in the instant case (DCKT. 60), or the related Citibank arbitration (JAMS Protective Order, Chabrowe Dec., **Exhibit A**).

Yet it must be emphasized that the Citibank order only precludes disclosure of the transcripts if counsel deems "information revealed during a deposition as confidential" (JAMS Protective Order, Chabrowe Dec., Exhibit A). Here, no counsel ever made such a claim.

Furthermore, almost none of the deposition excerpts which overlap in Defendants' August and September filings (see Tables Showing Defendants' Deposition Excerpts Filed Both 8/14/23 and 9/15/23, Chabrowe Dec., **Exhibit B**) contain testimony revealing the content of documents Plaintiffs previously marked as "confidential." In the limited instances where they do, Defendants have waived such protections. Specifically, they have either filed said documents on the public docket themselves (Cf. Derek Lee's responsive testimony to payroll records at DCKT. 92-4, pp. 18-19 with Plaintiffs' filing of said payroll records at DCKTS. 84-9 and 84-10) or were so manifestly reckless in filing so-called "confidential" documents, that their present indignation can only be considered performative. Indeed, of the 1240 pages Plaintiffs filed in support of their efforts to obtain partial summary judgment, 1008 (81 percent) were either marked "confidential" or contain unredacted financial account numbers in violation of paragraph seven ("7") of this Court's Protective Order (DCKT. 60) or Fed. R. Civ. P. 5.2. See Table of Plaintiffs' Reckless Filings Chabrowe Dec., **Exhibit C**).

Against such a backdrop, for Plaintiffs' counsel to falsely and repeatedly assert on an "emergency" basis that Defense counsel publicly filed "what he previously sought to remain under seal," (DCKT. 93) is grossly misleading, disingenuous at best, and itself worthy of sanction. Notwithstanding, Defendants understood their sealing request and the Court's resulting Order to be confined to the specific excerpts and Stay motion at issue. They did not ask for, nor

did the Court seem to grant, a pronouncement that henceforth, all deposition testimony from the Citibank arbitration, and any affidavits which include similar testimony, are required to be filed under seal. That the Court's October 2, 2023, Order mandated that the parties meet and confer regarding possible redactions to testimonial exhibits A-D and reminded Plaintiffs of the presumption of public access to judicial documents, only amplifies that Defendants' filings were not so egregious, irrelevant, or indicative of bad faith that the Court's inherent power to sanction should be exercised. For these reasons and as outlined below, Defendants respectfully submit that the imposition of sanctions on Defense counsel, which, due to their potency must be exercised with restraint and discretion, are unwarranted under these circumstances.

## STATEMENT OF FACTS

On August 14, 2023, four days before the Court mandated that by August 18, 2023, the parties either file a motion for summary judgment or a joint pre-trial order (see DCKTS. 63 and 80), Defendants filed a Motion to Stay the present action pending the resolution of a related Citibank arbitration (DCKTS. 74-76; Chabrowe DOF, ¶ 3, **Exhibit D**). Because some of the materials submitted or referenced had been marked "confidential," arguably implicating protective orders in this matter (DCKT. 60) or the related Citibank arbitration (Chabrowe DOF, ¶ 4, Ex. D), and time was of the essence, out of an abundance of caution, Defense counsel requested that several exhibits be sealed. (Id.) Namely, Exhibit A (various emails and attachments marked "confidential" by Plaintiffs), Exhibit B (excerpts of Pearl Chan's Citibank deposition), and Exhibit C (excerpts of Derek Lee's Citibank deposition). (Id.)

Specifically *excluded* from this sealing request was Exhibit D (various texts and texted photographs between the parties) (DCKT. 74, fn 1,"This [motion] includes Exhibits A-C of

Defendants' Stay motion, but not Exhibit D, which consists of text messages between the parties, produced by the defendants, which are not subject to any protective order") (emphasis in original). (Chabrowe DOF, ¶ 5, Exhibit D.) Several of the texts included photos Schottenstein sent to the defendants alluding, among other things, to his illicit drug use, the defendant-employees' role in procuring illicit drugs for him, and Schottenstein's considerable payments for Defendants' unconventional services. Id. at ¶ 6. They also included photos Schottenstein texted of himself in the nude (genitals covered) and numerous close-up pictures of his clothed crotch. (DCKTS. 75-5 and 76-5; Chabrow DOF, ¶ 7, Ex. D.)  These texts are deeply relevant not only as to Defendants' counterclaims including sexual harassment, but regarding their central defense to Plaintiffs' allegations—i.e., that all the financial transactions at issue were authorized by Schottenstein as unconventional renumeration for extremely unconventional employment with an extremely unconventional employer. (Chabrowe DOF, ¶ 8, Ex. D.)   They also speak to Schottenstein's credibility and motive for making false allegations given evidence tendered of Schottenstein's unrequited fixation with Pearl Chan. See Defendants' (Unrefuted) Additional Undisputed Material Facts, DCKT. 91, ¶¶ 40-62; Chabrowe DOF, ¶ 9, Ex. D.

On August 15, 2023, The Court denied Defendants' Stay motion. (DCKT. 80; Chabrowe DOF, ¶ 10, Ex. D.) Regarding Defendants' Motion to Seal, the Court issued an Order stating, "The request to file the exhibits A-D under seal is granted. The request to redact the declaration of 8/14/23 is denied" (DCKT. 79; Chabrowe DOF, ¶ 11, Ex.D). In the aftermath of a denied motion, and because no party had requested that the court seal Exhibit D, Defense counsel inadvertently overlooked that Exhibit D had nevertheless been sealed. (Chabrowe DOF, ¶ 12, Ex. D).

5

On August 18, 2023, Plaintiffs filed 134 pages of a partial summary judgment motion (DCKT. 82; Chabrowe DOF, ¶ 13, Ex. D). Late the next morning, on August 19, 2023, Plaintiffs added 1106 additional pages to this filing. (DCKTS. 83 & 84; Chabrowe DOF, ¶ 14, Ex. D). Of the 1240 pages, 1108 (81 percent of the filings) contained documents marked "confidential" or included multiple social security numbers and unredacted financial account numbers in violation of paragraph seven ("7") of this Court's Protective Order (DCKT. 60) and/or Fed. R. Civ. P. 5.2. See Table of Plaintiffs' Reckless Filings, Chabrowe Dec., Ex. C; Chabrowe DOF, ¶ 15, Ex. D).

On September 15, 2023, Defendants filed their opposition to Plaintiffs' Motion for Partial Summary Judgment (DCKTS. 90-92; Chabrowe DOF, ¶ 16, Ex. D). As part of these filings, Defendants submitted Exhibits A-N (DCKT. 92; Chabrowe DOF, ¶ 17, Ex. D). While there was some overlap of materials from Defendants' August 14, 2023, Stay motion, none of Defendants' summary judgment Exhibits A-N were identical to Exhibits A-D of the Stay motion. (Chabrowe DOF, ¶ 18, Ex. D). Photographs of Schottenstein previously submitted in Defendants' August 14, 2023 filing were included in Defendants' September 15, 2023 submission without awareness they had been subject to a sealing order, as none had been requested. (Id. at ¶ 19, Ex. D). Excerpts of testimony from the related Citibank arbitration, some of which overlapped with the August 14, 2023, filing, were also submitted, though only after it was clear that none of the excerpts revealed confidential information which implicated any protective order. (Id. at ¶ 20, Ex. D).

On September 20, 2023, Defense counsel Jeffrey Chabrowe received an email from Plaintiffs' counsel Jeffrey Donner demanding that Defendants' Exhibits A-N be placed under seal on an emergency basis as allegedly violative of the Protective Order in the instant matter (DCKT. 60) and the related Citibank arbitration (DCKT. 93-1; Chabrowe DOF, ¶ 21, Ex. D). If

6

defense counsel did not comply by 1:00PM, Donner threatened to move for sanctions. (DCKT. 93-1; Chabrowe DOF, ¶ 22, Ex. D).

Although Mr. Chabrowe was away from his office and immersed in a plethora of other business, he did his best to respond to Mr. Donner by 1:00PM, offering to meet and confer, but requesting that Donner narrow his request and explain the basis for his request with more precision (DCKT. 93-1; Chabrowe DOF, ¶ 23).

Mr. Donner slightly narrowed the scope of his request from *all* of Defendants' exhibits to merely eight of them (Exhibits A-D, F, G, M, and N). (DCKT. 93-1; Chabrowe DOF, ¶ 24, Ex. D). Abandoning his prior justification for sealing (i.e., the protective order), Donnor now argued the exhibits had all been "authorized to be sealed" per Defendants' August 14, 2023, motion. (DCKT. 93-1; Chabrowe DOF, ¶ 25, Ex. D). Donner then gave Defense counsel one hour to comply with his multiple demands, based on shifting justifications, and noted that his team was already drafting a letter to the Court. (DCKT. 93-1; Chabrowe DOF, ¶ 26, Ex. D)

Shortly thereafter, Plaintiffs' counsel filed a four-page "emergency" sealing request regarding eight exhibits Defendants had submitted (DCKT. 93; Chabrowe DOF, ¶ 27, Ex. D). It was also requested that the exhibits be struck, and defense counsel be sanctioned. Id. On October 2, 2023, the Court granted the request with respect to sealing Exhibits A-D (i.e., Defendants' Affidavits and Deposition Testimony) pending a "meet and confer" on possible redactions. (DCKT. 98; Chabrowe DOF, ¶ 28, Ex. D). The Court likewise ordered the sealing of Exhibit N (various photographs that Plaintiff Schottenstein texted to Defendant Pearl Chan) and for Defense counsel to show cause why he should not be sanctioned "for filing on the public docket documents previously ordered to be filed under seal," and. DCKT. 98; Chabrowe DOF, ¶ 29, Ex. D).

On October 8, 2023, Defense counsel spoke with Plaintiffs' counsels Cory Morris and Richard Rosenthal per the Court's order to "meet and confer" regarding possible redactions of testimonial exhibits A-D. Prior to this meeting, Defense counsel emailed Plaintiffs' counsel requesting that they send copies of Exhibits A-D highlighting any proposed redactions. Defense counsel also sent demonstrative tables showing page by page which deposition excerpts submitted September 15, 2023, may have included testimony responsive to documents marked confidential, and in Defendants' view, why they did not require redaction (see Table of Total Deposition Excerpts for Lee and Chan filed 9/15/2023, Chabrowe Dec., **Exhibit E**; Chabrowe DOF, ¶ 30, Ex. D)). Plaintiffs' counsels did not submit any proposed redactions or respond to Defense counsel's demonstrative tables. (Chabrowe DOF, ¶ 31, Ex. D.) They indicated their position was that all the testimony should be sealed, and they were not open to discussing redactions. Id. They also noted that it was a Jewish holiday, as Defense counsel, who is Jewish, was aware. Id. They also asked Defense counsel to consent to an extension on their time to respond to the Court about redactions so they could confer with their colleague, Jeffrey Donner. Id. Defense counsel declined, given the numerous discovery courtesies extended through the course of this litigation, which Plaintiffs ultimately sought to exploit for strategic advantage (see DCKT. 77; Chabrowe DOF, ¶ 31, Ex. D).

## **LAW AND ARGUMENT**

### **STANDARD FOR THE COURT'S INHERENT POWER TO SANCTION**

In the Second Circuit, inherent power sanctions are appropriate only if there is clear evidence that the conduct at issue is (1) entirely without color and (2) motivated by improper purposes. Wolters Kluwer Fin. Servs., Inc. v. Scivantage, 564 F.3d 110, 114 (2d Cir.

2009); <u>Sierra Club v. U.S. Army Corps of Eng'rs</u>, 776 F.2d 383, 390 (2d Cir.1985) ("The test is conjunctive and neither meritlessness alone nor improper purpose alone will suffice."). "Because of their very potency, inherent powers must be exercised with restraint and discretion." <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 44, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991). In the first place, "a finding of bad faith" is a prerequisite "for the imposition of sanctions" pursuant to a court's inherent powers. <u>DLC Mgmt. Corp. v. Town of Hyde Park</u>, 163 F.3d 124, 136 (2d Cir. 1998). Moreover, a finding of bad faith "must be supported by a high degree of specificity in the [court's] factual findings," <u>Enmon v. Prospect Capital Corp.</u>, 675 F.3d 138, 143 (2d Cir. 2012). Additionally, "bad faith may be inferred only if actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose." <u>Id</u>. In deciding whether or not to impose sanctions the Second Circuit has stated that "Our precedent is clear…a court should primarily focus on the intent of the potentially sanctionable conduct, not on its effect." <u>Int'l Techs. Mktg., Inc. v. Verint Sys., Ltd.</u>, 991 F.3d 361, 368 (2d Cir. 2021) (emphasis in original).

## I. <u>DEFENSE COUNSEL DID NOT SUBMIT THE SUBJECT PHOTOS IN BAD FAITH</u>

As demonstrated, <u>supra</u>, in filing Exhibit N, it was never Defense counsel's intent to flout a Court Order. Because the Court's Order was framed as granting a "request" for sealing the subject photos, and neither Defense counsel nor any other party made such a request, Defense counsel inadvertently overlooked that the order had been issued. Moreover, because the photos were produced by Defendants and never marked confidential, they were not subject to any protective order. In addition, it is well-settled that documents submitted to a court in support of or in opposition to a motion for summary judgment are judicial documents to which a presumption of immediate public access attaches under both the common law and the First

9

Amendment. Lugosch v. Pyramid Co., 435 F.3d 110, 126 (2d Cir. 2006). In addition, "A possibility of future adverse impact on employment or the celebrity status of a party is not a 'higher value' sufficient to overcome the presumption of access to judicial documents." Under Seal v. Under Seal, 273 F. Supp. 3d 460, 470 (S.D.N.Y. 2017) (citing Lugosch, 435 F.3d at 120). "Generalized concern[s] of adverse publicity" do not outweigh the presumption of access. Prescient Acquisition Grp., Inc. v. MJ Pub. Tr., 487 F. Supp. 2d 374, 375 (S.D.N.Y. 2007); see also Alexandria Real Estate Equities, Inc. v. Fair, No. 11-cv-3694, 2011 U.S. Dist. LEXIS 138455, 2011 WL 6015646, at *3 (S.D.N.Y. Nov. 30, 2011).

Most importantly, the texts are deeply relevant not only as to Defendants' counterclaims, but regarding their central defense to Plaintiffs' allegations—i.e., that all the financial transactions at issue were *authorized* by Schottenstein as unconventional renumeration for extremely unconventional employment with an extremely unconventional employer. They also speak to Schottenstein's credibility and motive for making false allegations given evidence tendered of Schottenstein's unrequited fixation with Pearl Chan. See Defendants' (Unrefuted) Additional Undisputed Material Facts, DCKT. 91, ¶¶ 40-62.

In such a context, it cannot be inferred that Defense counsel's actions were "so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose." Enmon, 675 F.3d at 143. Accordingly, because the requisite bad faith is not present, sanctions are unwarranted.

## II. DEFENSE COUNSEL DID NOT SUBMIT THE TESTIMONIAL EXHIBITS IN BAD FAITH

As stated, in August of 2023, Defendants requested a sealing order for excerpts of the Defendants' Citibank depositions in the interest of time (the August 18, 2023, filing deadline for

summary judgment was just days away) and out of "an abundance of caution" (DCKT. 73), as portions of the testimony were responsive to documents Defendants had marked as "confidential," arguably implicating protective orders in the instant case (DCKT. 60), or the related Citibank arbitration (JAMS Protective Order, Chabrowe Dec., Exhibit A). As such, Defendants understood their sealing request and the Court's resulting Order to be confined to the specific excerpts and Stay motion at issue. They did not ask for, nor did the Court seem to grant, a pronouncement that henceforth, all deposition testimony from the Citibank arbitration, and any affidavits which included similar testimony, were required to be filed under seal. That the Court's October 2, 2023, Order mandated that the parties meet and confer regarding possible redactions to testimonial exhibits A-D and reminded Plaintiffs of the presumption of public access to judicial documents, amplifies that Defendants' filings were not so egregious, irrelevant, or without merit to warrant sanction.

Notwithstanding the Citibank protective order only precludes disclosure of the transcripts if counsel deems "information revealed during a deposition as confidential" (JAMS Protective Order, Chabrowe Dec., Exhibit A). Yet Plaintiffs *never made* such a claim. Even if they had, following the Court's August 15, 2023, sealing of the deposition excerpts, Plaintiffs effectively waived whatever protections the order may have provided.

Where parties have entered into a protective order that includes a non-waiver provision, courts have found waiver where the producing party acted in a "completely reckless" manner with respect to its privilege. See, e.g., Dover v. British Airways, PLC (UK), No. 12-CV-5567 (RJD) (MDG), 2014 U.S. Dist. LEXIS 114121, 2014 WL 4065084, at *3-4 (E.D.N.Y. Aug. 15, 2014) (applying the "completely reckless" standard and citing cases); HSH Nordbank AG N.Y. Branch v. Swerdlow, 259 F.R.D. 64, 75 (S.D.N.Y. 2009) (same); Prescient Partners, L.P. v.

Fieldcrest Cannon, Inc., No. 96 Civ. 7590 (DAB) (JCF), 1997 U.S. Dist. LEXIS 18818, 1997 WL 736726, at *4 (S.D.N.Y. Nov. 26, 1997) (similar). For a producing party's actions to be deemed completely reckless, the party "must have shown no regard for preserving the confidentiality of the privileged documents." HSH Nordbank, 259 F.R.D. at 75. See also Sure Fit Home Prods., LLC v. Maytex Mills Inc., 2022 U.S. Dist. LEXIS 90833 (S.D.N.Y. (May 20, 2022) (Use of documents subject to protective order in support of summary judgment deemed "reckless" sufficient to constitute a waiver).

Here, as shown in Chabrowe Dec., Exhibit B, any documents implicated were either filed by Plaintiffs on the public docket themselves (Cf. Derek Lee's responsive testimony to payroll records at DCKT. 92-4, pp. 18-19 with Plaintiffs' filing of said payroll records at DCKTS. 84-9 and 84-10), or Plaintiffs were otherwise so reckless in filing so-called "confidential" documents, that they waived any protections. Indeed, of the 1240 pages Plaintiffs filed in support of their efforts to obtain partial summary judgment, 1008 (81 percent) are either marked "confidential" or contain unredacted financial account numbers in violation of paragraph seven ("7") of this Court's Protective Order (DCKT. 60) and Fed. R. Civ. P. 5.2. See Table of Plaintiffs' Reckless Filings Chabrowe Dec., Exhibit C); see also United States CFTC v. Parnon Energy, Inc., 2014 U.S. Dist. LEXIS 67175 at **15-16 (S.D.N.Y. May 14, 2014) (Denying sanctions for alleged violation of protection order when complaining party's conduct was "completely reckless"):

> "CFTC's document production was reckless….This was no mere slip-up or technical error. The CFTC handed over hundreds of thousands of documents without first scanning them for privileged information. To call the CFTC's production merely 'inadvertent' would risk turning the 'completely reckless document production' into a kind of centaur: easy to imagine from its constituent parts but impossible to find in practice. Assuming the CFTC

could have redacted the documents, its failure to do so showed a total disregard for the confidentiality of *any* of the documents."

Id. (emphasis supplied).

In such a context, it cannot be said that Defendants' filings were so unreasonable or indicative of bad faith that the Court's inherent power to sanction should be exercised. None of the subject testimony revealed any arguably confidential information that the plaintiffs didn't reveal themselves. Moreover, in addition to the well-settled presumption of public access to judicial documents, the testimony is relevant to Defendants' defense—i.e., that all the financial transactions at issue were authorized by Schottenstein as unconventional renumeration for extremely unconventional employment with an extremely unconventional employer. They also speak to Schottenstein's credibility and motive for making false allegations against the defendants.

As such, because use of the Citibank depositions were not limited by provisions of any protective order, because both litigations deal with identical subject matter and witnesses, and because sworn testimony from another proceeding is admissible at summary judgment (see Shulins v. New England Insur. Co., 360 F.2d 781, 785 (2d Cir. 1966)) Defendants respectfully, and in all good faith, submitted it for the Court's consideration on the public docket. For these reasons and as outlined herein, Defendants respectfully submit that the imposition of sanctions on defense counsel, which, due to their potency must be exercised with restraint and discretion are unwarranted under these circumstances.

## **CONCLUSION**

For all of the foregoing reasons, and based upon the attached Exhibits, sanctions pursuant to this Court's inherent power, as exercised with restraint and discretion, are unwarranted.

Dated:  New York, New York  
        October 10, 2023

Respectfully Submitted By:

The Law Office of Jeffrey Chabrowe, P.C.  
By:

_____/s_____  
Jeffrey Chabrowe, Esq.  
The Law Office of Jeffery Chabrowe, P.C.  
Attorney(s) for the Defendants  
521 5th Avenue, 17th FL  
New York, New York 10017  
T: (917) 529-3921  
E: Jeff@chabrowe.com