**EXHIBIT A**

# JAMS

| | |
|---|---|
| DR. DOUGLAS SCHOTTENSTEIN, M.D. and THOMPSON REAL ESTATE, LLC,<br><br>                              Claimants,<br><br>v.<br><br>CITIBANK, N.A.,<br><br><br><br>                              Respondent. | JAMS Ref.  1425035175<br><br><br><br>Hon. Garrett E. Brown (Ret.) |

## STIPULATION AND ORDER REGARDING CONFIDENTIAL INFORMATION

It is hereby Stipulated and Agreed, pursuant to Rule 26(b) of the JAMS Comprehensive Arbitration Rules & Procedures ("JAMS Rules"), that the following provisions shall govern the exchange of confidential information in this matter:

1. Counsel for any party may designate any document, information contained in a document, information revealed in an interrogatory response or information revealed during a deposition as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client. Information and documents designated as confidential are to be stamped "CONFIDENTIAL." "Confidential" information or documents may be referred to collectively as "Confidential Information."

2. Unless otherwise provided for herein, the Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the above-captioned action.

3. In the event that a party challenges another party's designation, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may thereafter seek resolution by the Arbitrator.  Nothing in this Stipulation and Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of all Confidential Information disclosed, in accordance with applicable laws and JAMS Rules.

4. Information or documents designated as "Confidential" shall not be disclosed to any person except:

   a. The requesting party and counsel, including in-house counsel;

   b. Employees of such counsel assigned to and necessary to assist in the litigation;

   c. The Arbitrator (including the clerk, reporter or stenographer, or other person having access to Confidential Information by virtue of his or her position in association with this matter).

   d. Subject to the condition set forth in Paragraph 6 below: consultants or experts in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

   e. Subject to the condition set forth in Paragraph 6 below: any person from who testimony is taken or is to be taken in this matter, except that such a person may only be shown Confidential Information during and in preparation for his/her testimony and may not retain the Confidential Information.

5. Prior to disclosing or displaying Confidential Information to any person, counsel shall:

   a. inform the person of the confidential nature of the information or documents;

   b. inform the person that the parties have stipulated, and the Arbitrator has ordered that the information or documents reviewed by him/her may not be used for any purpose other than this proceeding and has prohibited the disclosure of that information or documents to any other person.

6. The Confidential Information may be displayed to and discussed with the persons identified in Paragraphs 4(d) and (e) only on condition that prior to any such display each person must sign an agreement to be bound by this Order in the form attached hereto as Exhibit A. In the event that such person refuses to sign an agreement in the form attached as Exhibit A, the party desiring to disclose the Confidential Information may seek appropriate relief from the Arbitrator, or, if necessary with respect to persons outside the control of any party, a court of competent jurisdiction.

7. The disclosure of a document or information without designating it as "confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information provided the material is designated pursuant to the procedures set forth herein no later than fourteen (14) days after that close of discovery or fourteen (14) days after the production of the document or information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all of the terms of the Stipulation and Order.

8. In addition to the confidentiality afforded under JAMS Rule 26, Confidential Information filed with the Arbitrator shall also be confidential under the terms of this Stipulation and Order. In the event that the arbitration is subject to later legal proceedings, then in addition to the Confidentiality afforded under JAMS Rule 26 and any other rule providing for confidentiality of arbitration proceedings, all Confidential Information including any pleadings, motions or other papers filed with the Court that includes Confidential Information, shall be filed under seal to the extent permitted by law (including, without limitation any applicable rules of court) and shall be kept under seal until further order of the Court. To the extent that the Court requires any act by the parties as a precondition to the filing of documents under seal, it shall be

the obligation of the producing party of the documents to be filed with the Court to satisfy any such precondition.

9.     At the conclusion of the arbitration and any subsequent judicial proceedings, the Confidential Information and any copies thereof shall be promptly (and in no event no later than thirty (30) days after the issuance of a final award pursuant to Rule 24 of the JAMS Rules, or entry of final court judgment no longer subject to further appeal, whichever is later) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that such files will remain confidential.

10.    The parties are actively discussing whether to adopt certain provisions of Federal Rule of Evidence 502 and/or draft a separate agreement addressing certain waiver of privilege/work product protection issues.  The parties shall provide any such agreement to the Arbitrator for approval.

11.    Draft expert reports, and counsel's communications with experts, will be protected by privilege and/or the work product doctrine under the standards of Federal Rule of Civil Procedure 26(b)(4)(B)-(C).

12.    This Stipulation may be signed in counterparts, which, when fully executed, shall constitute a single original, and electronic signatures shall be deemed original signatures.

The foregoing is without prejudice to the right of any party to apply to the Arbitrator for any further Order relating to Confidential Information; or to object to the production of documents or information; or to apply to the Arbitrator for an order compelling production of documents or information; or for modification of this order. This Order may be enforced by any party and any violation of this order may result in the imposition of sanctions by the Arbitrator, or by Court enforcement.

| | |
|---|---|
| _/s/Daniel A. Schlanger_ | _/s/Matthew L. Lippert_ |
| Daniel A. Schlanger | Matthew L. Lippert |
| Martin Bienstock, Of Counsel | Joseph L. Buckley |
| Schlanger Law Group LLP | Sills Cummis & Gross P.C. |
| 80 Broad Street, Suite 1301 | 101 Park Avenue, 28th Floor |
| New York, NY 10004 | New York, NY 10178 |
| T: 212-500-6114 | T: 212-643-7000 |
| F: 646-612-7996 | F: 212-643-6500 |
| E: dschlanger@consumerprotection.net | E: mlippert@sillscummis.com |
| | jbuckley@sillscummis.com |

Richard Bruce Rosenthal
545 E. Jericho Turnpike
Huntington Station, NY 11746
Tel: (631) 629-8111
Cell: (516) 319-0816
Fax: (631) 691-8789
richard@thedoglawyer.com

SO ORDERED:

/s/Hon. Garrett E. Brown, Jr. (Ret.) (Arbitrator)
Arbitrator: Hon. Garrett E. Brown (Ret.)

4

**Exhibit A to Stipulation and Order Regarding Confidential Information**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled: *Schottenstein V. Citibank*, JAMS Ref. No. 1425035175, have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Arbitrator.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

Dated:

_____
[NAME]

# JAMS

| | |
|---|---|
| DR. DOUGLAS SCHOTTENSTEIN, M.D. and THOMPSON REAL ESTATE, LLC,<br><br>                                  Claimants,<br><br>v.<br><br>CITIBANK, N.A.,<br><br><br><br>                                  Respondent. | JAMS Ref.   1425035175<br><br><br>Hon. Garrett E. Brown (Ret.) |

## STIPULATION AND ORDER REGARDING CONFIDENTIAL INFORMATION

It is hereby Stipulated and Agreed, pursuant to Rule 26(b) of the JAMS Comprehensive Arbitration Rules & Procedures ("JAMS Rules"), that the following provisions shall govern the exchange of confidential information in this matter:

1. Counsel for any party may designate any document, information contained in a document, information revealed in an interrogatory response or information revealed during a deposition as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client. Information and documents designated as confidential are to be stamped "CONFIDENTIAL." "Confidential" information or documents may be referred to collectively as "Confidential Information."

2. Unless otherwise provided for herein, the Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the above-captioned action.

3. In the event that a party challenges another party's designation, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may thereafter seek resolution by the Arbitrator.  Nothing in this Stipulation and Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of all Confidential Information disclosed, in accordance with applicable laws and JAMS Rules.

4. Information or documents designated as "Confidential" shall not be disclosed to any person except:

   a. The requesting party and counsel, including in-house counsel;

   b. Employees of such counsel assigned to and necessary to assist in the litigation;

  c. The Arbitrator (including the clerk, reporter or stenographer, or other person having access to Confidential Information by virtue of his or her position in association with this matter).

  d. Subject to the condition set forth in Paragraph 6 below: consultants or experts in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

  e. Subject to the condition set forth in Paragraph 6 below: any person from who testimony is taken or is to be taken in this matter, except that such a person may only be shown Confidential Information during and in preparation for his/her testimony and may not retain the Confidential Information.

5. Prior to disclosing or displaying Confidential Information to any person, counsel shall:

  a. inform the person of the confidential nature of the information or documents;

  b. inform the person that the parties have stipulated, and the Arbitrator has ordered that the information or documents reviewed by him/her may not be used for any purpose other than this proceeding and has prohibited the disclosure of that information or documents to any other person.

6. The Confidential Information may be displayed to and discussed with the persons identified in Paragraphs 4(d) and (e) only on condition that prior to any such display each person must sign an agreement to be bound by this Order in the form attached hereto as Exhibit A. In the event that such person refuses to sign an agreement in the form attached as Exhibit A, the party desiring to disclose the Confidential Information may seek appropriate relief from the Arbitrator, or, if necessary with respect to persons outside the control of any party, a court of competent jurisdiction.

7. The disclosure of a document or information without designating it as "confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information provided the material is designated pursuant to the procedures set forth herein no later than fourteen (14) days after that close of discovery or fourteen (14) days after the production of the document or information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all of the terms of the Stipulation and Order.

8. In addition to the confidentiality afforded under JAMS Rule 26, Confidential Information filed with the Arbitrator shall also be confidential under the terms of this Stipulation and Order. In the event that the arbitration is subject to later legal proceedings, then in addition to the Confidentiality afforded under JAMS Rule 26 and any other rule providing for confidentiality of arbitration proceedings, all Confidential Information including any pleadings, motions or other papers filed with the Court that includes Confidential Information, shall be filed under seal to the extent permitted by law (including, without limitation any applicable rules of court) and shall be kept under seal until further order of the Court. To the extent that the Court requires any act by the parties as a precondition to the filing of documents under seal, it shall be

the obligation of the producing party of the documents to be filed with the Court to satisfy any such precondition.

9.      At the conclusion of the arbitration and any subsequent judicial proceedings, the Confidential Information and any copies thereof shall be promptly (and in no event no later than thirty (30) days after the issuance of a final award pursuant to Rule 24 of the JAMS Rules, or entry of final court judgment no longer subject to further appeal, whichever is later) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that such files will remain confidential.

10.     The parties are actively discussing whether to adopt certain provisions of Federal Rule of Evidence 502 and/or draft a separate agreement addressing certain waiver of privilege/work product protection issues.  The parties shall provide any such agreement to the Arbitrator for approval.

11.     Draft expert reports, and counsel's communications with experts, will be protected by privilege and/or the work product doctrine under the standards of Federal Rule of Civil Procedure 26(b)(4)(B)-(C).

12.     This Stipulation may be signed in counterparts, which, when fully executed, shall constitute a single original, and electronic signatures shall be deemed original signatures.

The foregoing is without prejudice to the right of any party to apply to the Arbitrator for any further Order relating to Confidential Information; or to object to the production of documents or information; or to apply to the Arbitrator for an order compelling production of documents or information; or for modification of this order. This Order may be enforced by any party and any violation of this order may result in the imposition of sanctions by the Arbitrator, or by Court enforcement.

_/s/Daniel A. Schlanger_  
Daniel A. Schlanger  
Martin Bienstock, Of Counsel  
Schlanger Law Group LLP  
80 Broad Street, Suite 1301  
New York, NY 10004  
T: 212-500-6114  
F: 646-612-7996  
E: dschlanger@consumerprotection.net  

_/s/Matthew L. Lippert_  
Matthew L. Lippert  
Joseph L. Buckley  
Sills Cummis & Gross P.C.  
101 Park Avenue, 28th Floor  
New York, NY 10178  
T: 212-643-7000  
F: 212-643-6500  
E: mlippert@sillscummis.com  
jbuckley@sillscummis.com  

Richard Bruce Rosenthal  
545 E. Jericho Turnpike  
Huntington Station, NY 11746  
Tel: (631) 629-8111  
Cell: (516) 319-0816  
Fax: (631) 691-8789  
richard@thedoglawyer.com  

SO ORDERED:

/s/Hon. Garrett E. Brown, Jr. (Ret.) (Arbitrator)  
Arbitrator: Hon. Garrett E. Brown (Ret.)

4

**Exhibit A to Stipulation and Order Regarding Confidential Information**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled: *Schottenstein V. Citibank*, JAMS Ref. No. 1425035175, have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Arbitrator.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

Dated:

_____
[NAME]