# EXHIBIT D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
DR. DOUGLASS SCHOTTENSTEIN, M.D., THOMPSON
REAL ESTATE, LLC, and SCHOTTENSTEIN PAIN
AND NEURO, PLLC D/B/A NY SPINE MEDICINE,

                22-cv-01197 (DLC)

        Plaintiffs,

                **DECLARATION OF FACTS**
   -against-                **FOR**
                **JEFFREY CHABROWE**

DEREK LEE, PEARL CHAN, and JOHN AND JANE
DOES 1-10,

        Defendants.
------------------------------------------------------------------------X

**JEFFREY CHABROWE**, pursuant to 28 U.S.C. § 1746, hereby declares under penalty of perjury that the forgoing is true and correct as follows:

1. I am an attorney admitted to practice law in the Southern District of New York, and I represent the Defendants in this matter. As such, I am fully familiar with the facts and circumstances below.

2. I submit this Declaration of Facts in response to the Court's October 2, 2023, Order to Show Cause.

3. On August 14, 2023, four days before the Court mandated that by August 18, 2023, the parties either file a motion for summary judgment or a joint pre-trial order (see DCKTS. 63 and 80), Defendants filed a Motion to Stay the present action pending the resolution of a related Citibank arbitration.

4. Because some of the materials submitted or referenced had been marked "confidential," arguably implicating protective orders in this matter (DCKT. 60) or the related Citibank arbitration, and time was of the essence, out of an abundance of

caution, I requested that several exhibits be sealed. Namely, Exhibit A (various emails and attachments marked "confidential" by Plaintiffs), Exhibit B (excerpts of Pearl Chan's Citibank deposition), and Exhibit C (excerpts of Derek Lee's Citibank deposition).

5. Specifically *excluded* from this sealing request was Exhibit D (various texts and texted photographs between the parties) (DCKT. 74, fn 1,"This [motion] includes Exhibits A-C of Defendants' Stay motion, but not Exhibit D, which consists of text messages between the parties, produced by the defendants, which are not subject to any protective order") (emphasis in original).

6. Several of the texts included photos Schottenstein had sent to the defendants alluding, among other things, to his illicit drug use, the defendant-employees' role in procuring illicit drugs for him, and Schottenstein's considerable payments for Defendants' unconventional services.

7. They also included photos Schottenstein texted of himself in the nude (genitals covered) and numerous close-up pictures of his crotch (clothed). (DCKTS. 75-5 and 76-5.)

8. These texts are deeply relevant not only as to Defendants' counterclaims, but regarding their central defense to Plaintiffs' allegations—i.e., that all the financial transactions at issue were authorized by Schottenstein as unconventional renumeration for extremely unconventional employment with an extremely unconventional employer.

9. They also speak to Schottenstein's credibility and motive for making false allegations given evidence tendered of Schottenstein's unrequited fixation with Pearl Chan. See Defendants' (Unrefuted) Additional Undisputed Material Facts, DCKT. 91, ¶¶ 40-62.

10. On August 15, 2023, The Court denied Defendants' Stay motion. (DCKT. 80.)

11. Regarding Defendants' Motion to Seal, the Court issued an Order stating, "The request to file the exhibits A-D under seal is granted. The request to redact the declaration of 8/14/23 is denied" (DCKT. 79).

12. In the aftermath of a denied motion, and because no party had requested that the court seal Exhibit D, I inadvertently overlooked that Exhibit D had been sealed.

13. On August 18, 2023, Plaintiffs filed 134 pages of a partial summary judgment motion (DCKT. 82).

14. Late the next morning, on August 19, 2023, Plaintiffs added 1106 additional pages to this filing. (DCKTS. 83 & 84).

15. Of the 1240 pages, 1108 (81 percent of the filings) contained documents marked "confidential" or included multiple social security numbers and unredacted financial account numbers in violation of paragraph seven ("7") of this Court's Protective Order (DCKT. 60) and/or Fed. R. Civ. P. 5.2. See Table of Plaintiffs' Reckless Filings, Chabrowe Dec., Ex. C.

16. On September 15, 2023, Defendants filed their opposition to Plaintiffs' Motion for Partial Summary Judgment (DCKTS. 90-92).

17. As part of these filings, Defendants submitted Exhibits A-N (DCKT. 92).

18. While there was some overlap of materials from Defendants' August 14, 2023, Stay motion, none of Defendants' summary judgment Exhibits A-N were identical to Exhibits A-D of the Stay motion.

19. Photographs of Schottenstein previously submitted in Defendants' August 14, 2023 filing were included in Defendants' September 15, 2023 submission without awareness they had been subject to a sealing order, as none had been requested.

20. Excerpts of testimony from the related Citibank arbitration, some of which overlapped with the August 14, 2023, filing, were also submitted, though only after it was clear that none of the excerpts revealed confidential information which implicated any protective order.

21. On September 20, 2023, Defense counsel Jeffrey Chabrowe received an email from Plaintiffs' counsel Jeffrey Donner demanding that Defendants' Exhibits A-N be placed under seal on an emergency basis as allegedly violative of the Protective Order in the instant matter (DCKT. 60) and the related Citibank arbitration (DCKT. 93-1).

22. If I did not comply by 1:00PM, Donner threatened to move for sanctions.

23. Although I was away from office and immersed in a plethora of other business, I did my best to respond to Mr. Donner by 1:00PM, offering to meet and confer, but requesting that Donner narrow his request and explain the basis for his request with more precision.

24. Mr. Donner slightly narrowed the scope of his request from *all* of Defendants' exhibits to merely eight of them (Exhibits A-D, F, G, M, and N).

25. Abandoning his prior justification for sealing (i.e., the protective order), Donnor now argued the exhibits had all been "authorized to be sealed" per Defendants' August 14, 2023, motion.

26. Donner then gave Defense counsel one hour to comply with his multiple demands, based on shifting justifications, and noted that his team was already drafting a letter to the Court.

27. Shortly thereafter, Plaintiffs' counsel filed a four-page "emergency" sealing request regarding eight exhibits Defendants had submitted (DCKT. 92, Exhibits A-D, F-G, and M-N). It was also requested that the exhibits be struck, and defense counsel be sanctioned.

28. On October 2, 2023, the Court granted the request with respect to sealing Exhibits A-D (i.e., Defendants' Affidavits and Deposition Testimony) pending a "meet and confer" on possible redactions.

29. The Court likewise ordered the sealing of Exhibit N (various photographs that Plaintiff Schottenstein texted to Defendant Pearl Chan) and for Defense counsel to show cause why he should not be sanctioned "for filing on the public docket documents previously ordered to be filed under seal," (DCKT. 98.)

30. On October 8, 2023, Defense counsel spoke with Plaintiffs' counsels Cory Morris and Richard Rosenthal per the Court's order to "meet and confer" regarding possible redactions of testimonial exhibits A-D. In preparation for this, Defense counsel emailed Plaintiffs' counsel requesting that they send copies of Exhibits A-D highlighting any proposed redactions. Defense counsel also sent demonstrative tables showing page by page which deposition excerpts submitted September 15, 2023, may have included

testimony responsive to documents marked confidential, and in Defendants' view, it did not require redaction (see Table of Total Deposition Excerpts for Lee and Chan filed 9/15/2023, Chabrowe Dec., **Exhibit E**).

31. Plaintiffs' counsels did not submit any proposed redactions, respond to Defense counsel's demonstrative tables, or otherwise attend the meeting prepared to negotiate in good faith. Instead, they indicated their position was that all the testimony should be sealed, and they were not open to discussing redactions. They also noted it was a Jewish holiday, as Defense counsel, who is Jewish, was aware. They also asked Defense counsel to consent to an extension on their time to respond to the Court about redactions so they could confer with their colleague, Jeffrey Donner. Defense counsel declined. given the numerous discovery courtesies extended through the course of this litigation, which Plaintiffs ultimately sought to exploit for strategic advantage (see DCKT. 77).

Dated: New York, New York
       October 10, 2023

Respectfully Submitted,

The Law Office of Jeffrey Chabrowe, P.C.
By:

_____/s_____
Jeffrey Chabrowe, Esq.
The Law Office of Jeffery Chabrowe, P.C.
Attorney(s) for the Defendants
521 5th Avenue, 17th FL
New York, New York 10017
T: (917) 529-3921
E: Jeff@chabrowe.com