```
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
DR. DOUGLAS SCHOTTENSTEIN, M.D.,         :
THOMPSON REAL ESTATE, LLC and            :
SCHOTTENSTEIN PAIN AND NEURO, PLLC,      :       22cv1197 (DLC)
                                         :
                      Plaintiffs,        :       MEMORANDUM OPINION
                                         :            AND ORDER
          -v-                            :
                                         :
DEREK LEE and PEARL CHAN,                :
                                         :
                      Defendants.        :
                                         :
---------------------------------------- X

APPEARANCES:

For Plaintiffs:
Edward Daniel Altabet
Brach Eichler LLC
101 Eisenhower Parkway
Roseland, NJ 07068

Cory Morris
Law Offices of Cory H. Morris
300 E. Rabro Drive, Suite 126
Hauppauge, NY 11788

Richard Bruce Rosenthal
Richard Bruce Rosenthal, Esq.
545 E. Jericho Turnpike
Huntington Station, NY 11746

Jeffrey A. Donner, Esq.
Donner Law
708 Highway 35 South
Neptune, New Jersey 07753

For Defendants:
Jeffrey Chabrowe
Law Office of Jeffrey Chabrowe
521 Fifth Avenue
17th Floor
New York, NY 10175

DENISE COTE, District Judge:

In this action, Dr. Douglas Schottenstein alleges that the two defendants, his former employees at Schottenstein Pain & Neuro, PLLC d/b/a NY Spine Medicine (the "Medical Practice"), took his money through fraud by wiring money out of his bank accounts and charging his credit cards, among other things. He has moved for summary judgment. His motion is denied.

Dr. Schottenstein and businesses he owns filed this action on February 11, 2022.[1] Plaintiffs filed their first amended complaint ("FAC") on November 4, asserting claims against defendants Derek Lee ("Lee") and Pearl Chan ("Chan") for violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962 et seq., fraud, conversion, tortious interference with contract, battery, conspiracies to commit fraud and tort, and intentional infliction of emotional distress.[2] The defendants answered the FAC on December 8, asserting counterclaims for unpaid wages and violations of the New York City Human Rights Law based on gender discrimination,

---

[1] The action was reassigned to this Court on August 17, 2022.

[2] The FAC also asserted claims against Kong H. Chan, the father of Pearl Chan. Those claims were dismissed in an Opinion and Order of July 6, 2023. See Schottenstein v. Lee, 22cv1197 (DLC), 2023 WL 4363002 (S.D.N.Y. July 6, 2023).

sexual harassment, hostile work environment, racial discrimination, retaliation and constructive discharge.

Following the conclusion of discovery, the plaintiffs moved for partial summary judgment on August 18, 2023, on the claim of conversion. Summary judgment may only be granted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are facts that "might affect the outcome of the suit under the governing law." Choi v. Tower Rsch. Cap. LLC, 2 F.4th 10, 16 (2d Cir. 2021) (citation omitted). In considering a motion for summary judgment, a court "construe[s] the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." Kee v. City of New York, 12 F.4th 150, 158 (2d Cir. 2021) (citation omitted).

Under New York law "conversion is the unauthorized assumption and exercise of the right of ownership over goods belonging to another to the exclusion of the owner's rights." V&A Collection, LLC v. Guzzini Props. Ltd., 46 F.4th 127, 133 (2d Cir. 2022) (citation omitted). To state a claim of conversion, the plaintiff must establish that

> (1) the party charged has acted without authorization, and (2) exercised dominion or a right of ownership over property belonging to another, (3) the rightful owner makes a demand for the property, and (4) the demand for the return is refused.

3

Rynasko v. New York Univ., 63 F.4th 186, 196 (2d Cir. 2023) (citation omitted). No demand is necessary where the plaintiff can show that the defendant knew that he or she wrongfully possessed the property. Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc., 87 F.3d 44, 49-50 (2d Cir. 1996).

Where, as here, a plaintiff brings a claim for conversion of money, "an action will lie . . . where there is a specific, identifiable fund and an obligation to return or otherwise treat in a particular manner the specific fund in question." Bascunan v. Elsaca, 874 F.3d 806, 820 n.56 (2d Cir. 2017) (citation omitted). Funds are specifically identifiable when the funds constitute a "specific sum" that is "determinate and reflects an ascertained amount." Family Health Mgmt., LLC v. Rohan Devs., LLC, 171 N.Y.S.3d 44, 50 (1st Dep't 2022) (citation omitted).

In sworn affidavits, both Chan and Lee assert that Dr. Schottenstein instructed the defendants to carry out the disputed financial transactions. Plaintiffs assert that there are no material facts in dispute because the defendants' assertion of authorization is "patently absurd." A jury will have to determine whether Dr. Schottenstein authorized the transactions or not. Therefore, summary judgment is denied.

In this motion, Dr. Schottenstein has moved as well for summary judgment on a claim not pleaded in the FAC, a claim of

breach of fiduciary duty by a faithless servant. To the extent Dr. Schottenstein wishes to proceed to trial on this claim, he must move to amend the FAC. The Court declines to consider a motion for summary judgment on a claim that has not yet been pleaded.

Finally, the plaintiffs move to bifurcate for the purposes of trial the plaintiffs' claims from the defendants' counterclaims. The defendants object to this request. The request to bifurcate is denied.

Rule 42(b), Fed. R. Civ. P., allows a court to order a separate trial of one or more issues "for convenience, to avoid prejudice, or to expedite and economize." The plaintiffs have not shown that bifurcation is appropriate. The evidence for the claims and counterclaims overlaps. This includes evidence about the relationship between Dr. Schottenstein and his employees and the scope of the defendants' duties. Many of the same witnesses will be necessary for the claims and counterclaims. Accordingly, the plaintiffs' request to bifurcate is denied.

## Conclusion

The plaintiffs' August 18, 2023 motion for partial summary judgment and bifurcation is denied. A scheduling order placing this case on the March 2024 trial ready calendar accompanies

this Opinion.

Dated:  New York, New York
        December 5, 2023

                                                               DENISE COTE
                          United States District Judge