# THE LAW OFFICE OF JEFFREY CHABROWE, P.C.

521 Fifth Avenue, 17th FL New York, NY 10017 | Tel. (917) 529-3921| E. Jeff@chabrowe.com

December 6, 2023

**VIA ECF**

Hon. Denise Cote                                                    CC: All Counsel of Record, Via ECF
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      RE:  Schottenstein, et al., v. Lee, et al..; Index #22-CV-1197 (DLC);
      Clarification Re.: the Court's 12/5/2023 Order (DCKT. 108)

      Your Honor—

      I represent the defendants in the above-referenced action. I write to clarify the record regarding the Court's December 5, 2023 Order in two key respects. First, the Court suggests that in response to its October 2, 2023 Order to Show Cause why Defense counsel should not be sanctioned for failing to follow its previous Order, I merely responded by saying I had been "unaware" of it. (DCKT. 108).

      In fact, my Memorandum in Response (DCKT. 101) provided a fulsome and highly sourced explanation of why a sanction was unwarranted, grounded in applicable Second Circuit law. Among other things, the law holds that "a finding of bad faith" is a prerequisite "for the imposition of sanctions" pursuant to a court's inherent powers. DLC Mgmt. Corp. v. Town of Hyde Park, 163 F.3d 124, 136 (2d Cir. 1998), and mandates a showing that the disputed actions were "so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose" Enmon v. Prospect Capital Corp., 675 F.3d 138, 143 (2d Cir. 2012) (DCKT. 101, pp. 8-9).

      I also included a factual context demonstrating how I came to misunderstand that certain photos Plaintiff Schottenstein texted to Defendant Chan had been ordered sealed following their initial filing on the public docket. (DCKT. 101.) Specifically, on August 14, 2023, Defendants requested a sealing order related to a Stay motion for Exhibits A-C. Explicitly *excluded* from this request was Exhibit D. (See DCKT. 74, fn 1, "This [sealing motion] includes Exhibits A-C of Defendants' Stay motion, but *not* Exhibit D, which consists of text messages between the parties, produced by the defendants, which are not subject to any protective order") (emphasis in original). Exhibit D included text messages and photographs, including photos Plaintiff Schottenstein texted to Defendant Chan— namely, two semi-nude (genitals covered) pictures of himself, as well as various pictures of Schottenstein's (clothed) crotch.

      On August 15, 2023, the Court denied Defendants' Stay motion, but *also* wrote "[T]he request to file the exhibits A-D under seal is granted" (DCKTS. 79 and 80.) Yet it must be emphasized—no party "requested" that Exhibit D be sealed, and Defense counsel explicitly requested that it *not* be sealed. Defense counsel could not reasonably

anticipate that the Court would, seemingly in error, grant relief for which no party had asked—and thus misunderstood that an Order to seal the photos had nevertheless been issued.

Against this backdrop, pursuant to applicable law, Defense counsel made a series of arguments in support of the proposition that submission of the photos had not been in bad faith, or otherwise so "completely without merit" as to warrant sanctions. For example, the defense argued that the photos Schottenstein texted were deeply relevant not only to their sexual harassment claims, but also "regarding their central defense to Plaintiffs' allegations—i.e., that all the financial transactions at issue were *authorized* by Schottenstein as unconventional renumeration for extremely unconventional employment with an extremely unconventional employer." I also argued that the photos spoke to Schottenstein's credibility and motive for making false allegations given evidence tendered of Schottenstein's unrequited fixation with Pearl Chan" (DCKT. 101, p. 14). In denying Plaintiffs' motion for summary judgment, the Court seemed to recognize this relevance, acknowledging, "The evidence for the claims and counterclaims overlaps. This includes evidence about the relationship between Dr. Schottenstein and his employees and the scope of the defendants' duties." (DCKT. 109, p. 5.) I likewise emphasized that documents submitted to a court in support of or in opposition to a motion for summary judgment are judicial documents to which a presumption of immediate public access attaches under both the common law and the First Amendment. Lugosch v. Pyramid Co., 435 F.3d 110, 126 (2d Cir. 2006).

Finally, the most recent iteration of the Court's Order to Show Cause (DCKT. 108) mandates that Defense counsel explain why he should not be sanctioned for "twice" filing on the public docket the photos aforedescribed. This represents a significant change and expansion of the Court's prior Order (DCKT. 98) commanding that Defense counsel explain *once* "filing on the public docket documents previously ordered to be filed under seal." Id. Yet the record is clear: the subject photos were originally filed on August 14, 2023, *prior* to the issuance of the Court's August 15, 2023 Order. Moreover, Defense counsel is not aware of any per se law or rule that precludes the filing of semi-nude photos or clothed pictures of crotches on the public docket, and neither the Court nor Plaintiffs have cited any. That is especially pertinent, given the long-established "general presumption in favor of public access to judicial documents." Collado v. City of New York, 193 F. Supp. 3d 286, 288 (S.D.N.Y. 2016), and the fact that the photos were plainly relevant to Defendants' claims and defenses. In this context—that is, posting relevant evidence on the public docket in defense of a summary judgment motion and failing to recognize that the Court had previously granted relief for which no party had asked—it cannot be said that Defense counsel exhibited the requisite bad faith such that his actions were "so without merit as to require the conclusion that they must have been undertaken for some improper purpose" Enmon, 675 F.3d at 143. Accordingly, in the absence of the requisite bad faith, the imposition of sanctions is completely unwarranted.

                    Respectfully,
                    _____/s_____
                    Jeffrey Chabrowe, Esq.