```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
DR. DOUGLAS SCHOTTENSTEIN, M.D.,         :
THOMPSON REAL ESTATE, LLC and            :
SCHOTTENSTEIN PAIN AND NEURO, PLLC,      :        22cv1197 (DLC)
                                         :
                        Plaintiffs,      :     MEMORANDUM OPINION
                                         :        AND ORDER
            -v-                          :
                                         :
DEREK LEE and PEARL CHAN,                :
                                         :
                        Defendants.      :
                                         :
---------------------------------------- X
```

APPEARANCES:

For Plaintiffs:
Edward Daniel Altabet
Brach Eichler LLC
101 Eisenhower Parkway
Roseland, NJ 07068

Cory Morris
Law Offices of Cory H. Morris
300 E. Rabro Drive, Suite 126
Hauppauge, NY 11788

Richard Bruce Rosenthal
Richard Bruce Rosenthal, Esq.
545 E. Jericho Turnpike
Huntington Station, NY 11746

Jeffrey A. Donner, Esq.
Donner Law
708 Highway 35 South
Neptune, New Jersey 07753

For Defendants:
Jeffrey Chabrowe
Law Office of Jeffrey Chabrowe
521 Fifth Avenue
17th Floor
New York, NY 10175

DENISE COTE, District Judge:

That it is necessary to inform an attorney of this court that he may not file nude photographs on the public docket is startling.  Jeffrey Chabrowe, counsel for the defendants, defends his two filings of such photographs by asserting that the photographs are "deeply relevant" to his clients' claims and that there is no published rule against such filings.  For the following reasons, a monetary sanction of $1,000 is imposed against Mr. Chabrowe pursuant to this Court's inherent power.

In brief, the plaintiff has accused his former employees of stealing millions of dollars from him.  Those employees have counterclaimed by asserting that the plaintiff asked them to engage in illegal acts for him and that he in fact owes them money.  Discovery was contentious.  Summary judgment has been denied and the case is heading to trial.

On August 14, 2023, however, the defendants sought a stay. That application was denied but exhibits filed in support of the application are the first occasion for this sanctions order.

In support of the August 14 request, Mr. Chabrowe filed supporting exhibits and a letter motion to seal three of those exhibits.  He did not seek to file under seal Exhibit D, which included sexually suggestive photographs of the plaintiff, including photographs of the plaintiff nude or semi-nude.  In

his letter, he asked to seal "Exhibits A–C of Defendants' Stay motion, but <u>not</u> Exhibit D, which consists of text messages between the parties, produced by the defendants, which are not subject to any protective order."  (emphasis in original). Exhibit D was labeled "Texts and Photographs."

On August 15, the Court granted the defendants' letter motion to seal the first three exhibits and also sealed Exhibit D.  The Order stated in part, "the request to file the exhibits A–D under seal is granted" (the "August 15 Sealing Order").[1] Chambers restricted access to Exhibit D to the selected party viewing level.

Next, on September 15, Mr. Chabrowe opposed the plaintiffs' motion for summary judgment, again filing embarrassing photographs of the plaintiff in the public record.  Indeed, three of the documents attached to Mr. Chabrowe's declaration (ECF No. 92, Exhibits B, D, and N) included material that the Court ordered to be sealed on August 15.  Exhibit N, labeled "Schottenstein's Photos," contains many of the same sexually explicit photographs of the plaintiff filed in Exhibit D on

---

[1] The Order was incorrect in suggesting that Mr. Chobrowe had requested that Exhibit D be sealed.  The Court determined at the time, however, that Exhibit D contained the personal photographs described above and placed it under seal.

August 14, including several photographs of the plaintiff nude or semi-nude.

On September 20, the plaintiffs filed an emergency request to seal certain documents attached to the Chabrowe Declaration, including Exhibit N.  An Order of October 2 granted that request in part and required Mr. Chabrowe to "show cause why he should not be sanctioned pursuant to this Court's inherent power for filing on the public docket documents previously ordered to be filed under seal."  Mr. Chabrowe's October 10 response contained no acknowledgement that he has acted improperly, and accordingly on December 5 the Court issued a second order "to show cause why he should not be sanctioned for twice filing on the public docket sexually suggestive photographs of the plaintiff."  In a December 6 letter, Mr. Chabrowe argues in part that he "is not aware of any per se law or rule that precludes the filing of semi-nude photos or clothed pictures of crotches on the public docket."  A hearing was held on the record on December 8.

"Every district court has the inherent power to supervise and control its own proceedings."  Mitchell v. Lyons Pro. Servs., Inc., 708 F.3d 463, 467 (2d Cir. 2013) (citation omitted).  That inherent power includes the power to "sanction an attorney who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons."  Rossbach v. Montefiore Med. Ctr.,

81 F.4th 124, 141 (2d Cir. 2023) (citation omitted).  When an attorney's misconduct is related to "his or her independent professional responsibility as an attorney," a court may impose sanctions if it finds that the attorney "negligently or recklessly failed to perform his responsibilities as an officer of the court."  Id. at 143 (citation omitted).  When, however, a district court invokes its inherent power "to punish actions by an attorney that are taken on behalf of a client, the district court must make an explicit finding of bad faith."  Id. (citation omitted).  A finding of bad faith must be supported by a "high degree of specificity in the factual findings."  Id. at 141 (citation omitted).  Bad faith may be inferred, however, "where the action is completely without merit."  Id. at 144 (citation omitted).

Because of its potency, "a court's inherent power must be exercised with restraint and discretion."  International Technologies Marketing, Inc. v. Verint Systems, Ltd., 991 F.3d 361, 368 (2d Cir. 2021) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991)).  Before a court may invoke its inherent power to sanction, the party facing sanctions must be provided with "adequate notice and opportunity to be heard."  Shepherd v. Annucci, 921 F.3d 89, 97 (2d Cir. 2019).  "[O]nly conduct explicitly referred to in an instrument providing notice" of

potential sanctions is sanctionable.  <u>Rossbach</u>, 81 F.4th at 140
(citation omitted).

A monetary sanction of $1,000 is imposed against Mr.
Chabrowe pursuant to this Court's inherent power.  Although this
conduct relates to Mr. Chabrowe's professional responsibility as
an attorney, and thus a finding of bad faith is not required,
the Court finds that Mr. Chabrowe acted in bad faith in twice
choosing to file the photographs of the plaintiff on the public
docket.  There can be no excuse for doing that, and Mr. Chabrowe
has not provided one that passes muster.  The public filing can
only be interpreted as an attempt to humiliate and place
improper pressure on the plaintiff.

Mr. Chabrowe has repeatedly failed to acknowledge that he
has acted improperly.  He attempts to justify his actions by
arguing that he was "unaware" the photographs had been sealed by
the Court in August, explaining that he had not asked then that
they be sealed.  He adds that the photographs were in his
clients' possession and not subject to any protective order.  He
also argues that there is no rule prohibiting the filing of nude
photographs on the public docket.  Finally, he argues that the
photographs are "deeply relevant" to his clients' claims, as
they reveal how unusual and inappropriate the plaintiff's
relationship was with one of the defendants, and they are

judicial documents for which there is a presumption of public access.

These arguments miss the point. At the December 8 hearing, Mr. Chabrowe admitted that he knew the exhibits contained highly sensitive photographs, anticipated that the public filing of those photographs would embarrass Dr. Schottenstein, understood the procedures for filing material under seal, and nevertheless intentionally chose to file the photographs publicly.[2]  Common sense, common decency and standards of professional responsibility dictate that documents like this should be filed with restricted access until the opposing party has an opportunity to be heard on whether they should be sealed and the Court can rule on the matter.  Highly relevant materials, including documents for which there is a presumption of public access, are filed in such a fashion by counsel practicing in this district every day of the week.  Mr. Chabrowe himself has used those procedures in this case.  The ECF Rules and this Court's Individual Practices provide detailed instructions for handling materials which should be filed with the court but which a party or a third-party may consider private or sensitive.  Mr. Chabrowe need only consider how his own clients

---

[2] Mr. Chabrowe also argued that he does not consider the photographs to be nude photographs.  This argument is without merit.

would feel if the shoe were on the other foot.  Litigation, even highly charged and contentious litigation, should not subject parties to unnecessary breaches of their privacy and bodily autonomy.  In the digital age, when everything publicly filed on a court's docket is readily accessible and transmittable, counsel have a particular obligation to behave responsibly and in a manner that reflects that reality.

The Court assumes that Mr. Chabrowe was indeed unaware that the Court expanded his August request to seal and placed the photographs under seal in August.  This ignorance does not excuse his intentional public filing of the photographs in August or September.

### Conclusion

A monetary sanction is imposed against Mr. Chabrowe in the amount of $1,000.[3]  He shall pay this amount to the Clerk of Court by December 15, 2023.

Dated:     New York, New York
           December 11, 2023

                                    DENISE COTE
                         United States District Judge

---

[3] The Court provided Mr. Chabrowe an opportunity at the December 8 hearing to address whether $1,000 is an appropriate sanction for these actions.  Mr. Chabrowe did not contest the amount.