```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
DR. DOUGLAS SCHOTTENSTEIN, M.D.,         :
THOMPSON REAL ESTATE, LLC and            :
SCHOTTENSTEIN PAIN AND NEURO, PLLC,      :   22cv1197 (DLC)
                        Plaintiffs,      :
                                         :   OPINION AND
                -v-                      :     ORDER
                                         :
DEREK LEE and PEARL CHAN,                :
                                         :
                        Defendants.      :
                                         :
---------------------------------------- X
```

APPEARANCES:

For Plaintiffs:
Cory Morris
Law Offices of Cory H. Morris
863 Islip Avenue
Central Islip, NY 11722

Richard Bruce Rosenthal
Richard Bruce Rosenthal, Esq.
545 E. Jericho Turnpike
Huntington Station, NY 11746

Jeffrey A. Donner, Esq.
Donner Law
708 Highway 35 South
Neptune, New Jersey 07753

For Defendants:
Jeffrey Chabrowe
Law Office of Jeffrey Chabrowe
521 Fifth Avenue
17th Floor
New York, NY 10175

DENISE COTE, District Judge:

    On January 23, 2024, the plaintiffs moved to amend the first amended complaint ("FAC") to add a claim of breach of

fiduciary duty by a faithless employee. For the following reasons, the motion is granted.

## BACKGROUND

The plaintiffs filed this action on February 11, 2022. The action was reassigned to this Court on August 17. On September 30, this Court issued a scheduling order stating that no pleadings may be amended after November 4. Plaintiffs filed the FAC on November 4, 2022. The plaintiffs moved for partial summary judgment on August 18, 2023, on a claim of conversion and on an unpleaded claim of breach of fiduciary duty by a faithless servant. On December 5, the Court denied the plaintiffs' motion. With respect to the claim of breach of fiduciary duty by a faithless servant, the Court "decline[d] to consider a motion for summary judgment on a claim that has not yet been pleaded" and stated that, "[t]o the extent Dr. Schottenstein wishes to proceed to trial on this claim, he must move to amend the FAC." Schottenstein v. Lee, No. 22-cv-1197 (DLC), 2023 WL 8435182, at *2 (S.D.N.Y. Dec. 5, 2023).

On January 23, 2024, the plaintiffs filed this motion to amend the complaint. The plaintiffs submitted a proposed second amended complaint ("SAC") that includes a claim of breach of fiduciary duty by a faithless employee. The defendants do not consent to the plaintiffs' request to amend the complaint.

## Discussion

Once the period to amend a pleading as of right has passed, a party may only amend a pleading with "the opposing party's written consent or the court's leave."  Fed R. Civ. P. 15(a)(2). Normally, the court should "freely give leave when justice so requires."  McCracken v. Verisma Systems, Inc., 2024 WL 314945, at *5 (2d Cir. Jan. 29, 2024) (citation omitted).  Motions to amend, however, "should generally be denied in instances of futility," id., as well as "undue delay" or "prejudice." Carroll v. Trump, 88 F.4th 418, 431 (2d Cir. 2023). Additionally, when a scheduling order provides a deadline by which amendments must be made, leave to amend is subject to the requirement of Rule 16 that "[a] schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  A scheduling order in this case set a deadline of November 4, 2022 to amend all pleadings.  Accordingly, the Rule 16 standard will be applied to this motion.

The first issue to address is whether the motion to amend is futile.  "Proposed amendments are futile if they would fail to cure prior deficiencies or to state a claim."  Kane v. Mount Pleasant Central School District, 80 F.4th 101, 107 (2d Cir. 2023) (citation omitted).  "To evaluate whether a proposed amended complaint would state a claim, we rely on the same

standards as those governing the adequacy of a filed pleading." Id. (citation omitted).

The defendants argue that the heightened pleading standards of Fed R. Civ. P. 9(b) apply to the plaintiffs' proposed amendment because the plaintiffs premise their faithless servant claim on allegations of fraud. "In asserting claims of fraud -- including . . . a breach of fiduciary duty that involves fraud -- a complaint is required to plead the circumstances that allegedly constitute fraud with particularity." Krys v. Pigott, 749 F.3d 117, 129 (2d Cir. 2014) (citing Fed. R. Civ. P. 9(b)). To satisfy this rule, a complaint alleging fraud must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." In re IBM Arbitration Agreement Litigation, 76 F.4th 74, 87 (2d Cir. 2023) (citation omitted). Having reviewed the proposed SAC, the plaintiffs have met this standard.

The defendants also argue that the damages claimed in the proposed SAC date back more than six years before the date of this motion. Under New York law, "where an allegation of fraud is essential to a breach of fiduciary duty claim, courts have applied a six-year statute of limitations." IDT Corp. v. Morgan

4

Stanley, 12 N.Y.3d 132, 139 (N.Y. 2009) (citing NY CPLR § 213(8)); see also Gam v. Dvir, 2024 WL 172764, at *2 (N.Y. App. Div. 2d Dep't Jan 17, 2014).  The deadline to bring a fraud claim under CPLR § 213(8) is "the greater of six years from the date the cause of action accrued or two years from the time the plaintiff . . . discovered the fraud, or could with reasonable diligence have discovered it."  NY CPLR § 213(8).

The defendants have not argued that the fraud claim in the FAC or the original complaint is untimely.  Since the breach of fiduciary duty claim relates back to the claims in the original complaint, it is also timely.

"[A]n amendment to a pleading relates back to the date of the original pleading where . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out -- or attempted to be set out -- in the original pleading."  Lehman XS Trust, Series 2006-CP2 by U.S. Bank National Association v. GreenPoint Mortgage Funding, 916 F.3d 116, 128 (2d Cir. 2019) (citing Fed. R. Civ. P. 15(c)(1)(B)).  "The central inquiry is whether adequate notice of the matters raised in the amended pleading has been given to the opposing party within the statute of limitations by the general fact situation alleged in the original pleading."  Id. (citation omitted).  Because the faithless servant claim arose

out of the same conduct, transactions, and occurrences set out in the original complaint, this amendment relates back to the date of the original pleading, February 11, 2022. Fed. R. Civ. P. 15(c). Thus, the amendment does not run afoul of the statute of limitations.

The defendants further contend that they are prejudiced by the proposed SAC principally because the amendment would require them to engage in additional discovery. In determining what constitutes prejudice, a court considers whether the assertion of a new claim "would require the opponent to expend significant additional resources to conduct discovery and prepare for trial or significantly delay the resolution of the dispute." Carroll, 88 F.4th at 431 (citation omitted).

The defendants have not shown that they will be prejudiced by the proposed amendment. The facts upon which this claim is based were identified by the plaintiffs at the outset of this litigation. The plaintiffs' damages calculations, including damages from the faithless employee claim, were produced to the defendants on July 18, 2023, when they were described in the plaintiffs' expert report. Thus, the defendants have had adequate notice of these potential damages and adequate time to investigate these claims during the discovery period.

The remaining issue is whether the plaintiffs have shown good cause for failing to add the faithless servant claim by November 4, 2022. After the deadline set by a scheduling order to amend a complaint, the plaintiff may only amend upon "a showing of the 'good cause' that is required to modify a scheduling order." Sacerdote v. New York University, 9 F.4th 95, 115 (2d Cir 2021) (citing Fed. R. Civ. P. 16(b)(4)). "Whether good cause exists turns on the diligence of the moving party." BPP Illinois, LLC v. Royal Bank of Scotland Group PLC, 859 F.3d 188, 195 (2d Cir. 2017) (citation omitted). The plaintiffs state that they had good cause for the delay because they believed that the faithless servant claim constituted a line item among all of the other damages pleaded and did not need to be separately pleaded as a cause of action. Parties may amend their pleadings even after trial to conform to the evidence. See Project Hope v. M/V IBN SINA, 250 F.3d 67, 76 (2d Cir. 2001) (citing Fed. R. Civ. P. 15(b)). Here, plaintiffs seek to amend the complaint to correct attorney error and conform the pleadings to facts already asserted during the discovery period.[1] This is sufficient to meet the plaintiffs' Rule 16 burden.

---

[1] Following the December 5, 2023 ruling, the plaintiffs attempted to obtain the defendants' consent to the filing of the SAC. Thus, the delay in bringing this motion is at least partly attributable to that effort.

## Conclusion

The plaintiffs' January 23, 2024 motion for leave to amend the complaint is granted. The plaintiffs shall file the amended complaint by February 13, 2024.

Dated:   New York, New York
         February 9, 2024

                                                  DENISE COTE
                                   United States District Judge