UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
DR. DOUGLASS SCHOTTENSTEIN, M.D.,
THOMPSON REAL ESTATE, LLC, and
SCHOTTENSTEIN PAIN AND NEURO, PLLC D/B/A
NY SPINE MEDICINE,

                Plaintiffs,

    -against-

DEREK LEE, PEARL CHAN, and JOHN AND JANE
DOES 1-10,

                Defendants.
------------------------------------------------------------------------X

**Docket No.:**
22-cv-01197 (DLC)

**JOINT PRETRIAL ORDER**

    The parties having conferred among themselves and with the Court pursuant to Federal Rule of Civil Procedure 16, the following statements, directions and agreements are adopted as the Pretrial Order herein.

## I. Full Caption of the Action

DR. DOUGLASS SCHOTTENSTEIN, M.D., THOMPSON REAL ESTATE, LLC, and SCHOTTENSTEIN PAIN AND NEURO, PLLC D/B/A NY SPINE MEDICINE, v. DEREK LEE, PEARL CHAN, AND JANE DOES 1-10.

## II. Parties and Counsel

*For Plaintiffs:*

*Jeffrey A. Donner, Esq.*
*Donner Law*
*708 Highway 35 South*
*Neptune, New Jersey 07753*
*(732) 578-8530*
*Cory H. Morris, Esq.*
*Richard Bruce Rosenthal, Esq.*
*545 E. Jericho Turnpike*
*Huntington Station, New York 11746*
*(631) 629-8111*

*For Defendants:*

*Law Office of Andrew L. Hoffman, P.C.*
*Andrew L. Hoffman, Esq.*
*420 Lexington Avenue, Ste. 300*
*New York, New York 10107*
*Tel: (646) 585-2838*
*Cell: (347) 262-8052*
*Fax: (646) 585-2836*
*ahoffman@andrewhoffmanlaw.com*

1

**III.**     **<u>Jurisdiction</u>**

       The Court has jurisdiction pursuant to 28 U.S.C. § 1332. The Plaintiffs are citizens of New York state and Lee and Chan are citizens of Texas. The amount in controversy exceeds $75,000. The Court also has jurisdiction under 18 U.S.C. § 1964(c) and 28 U.S.C. § 1331. The parties stipulate that the Court has jurisdiction over this matter.

**IV.**     **<u>Claims and Defenses</u>**

    **<u>Claims:</u>**

1. <u>Violation of RICO, 18 U.S.C. § 1962 (c) Against Pearl Chan and Derek Lee</u>:

2. <u>Federal Civil RICO Conspiracy, 18 U.S.C. § 1962 (d) Against Pearl Chan and Derek Lee</u>:

3. <u>Fraud Against Pearl Chan and Derek Lee</u>:

4. <u>Conversion Against Pearl Chan and Derek Lee:</u>

5. <u>Tortious Interference With Contract Against Pearl Chan and Derek Lee:</u>

6. <u>Battery Against Pearl Chan and Derek Lee:</u>

7. <u>Conspiracy to Commit Fraud Against Pearl Chan and Derek Lee:</u>

8. <u>Conspiracy to Commit a Tort Against Pearl Chan and Derek Lee:</u>

9. <u>Intentional Infliction of Emotional Distress Against Pearl Chan and Derek Lee:</u>

10. <u>Faithless Employee Claim Against Pearl Chan and Derek Lee</u>

    **<u>Defenses:</u>**

    Plaintiffs cannot prove their claims by a preponderance of credible evidence. The subject transactions were authorized by Plaintiffs.

    Regarding Plaintiffs' RICO claims, they cannot prove the existence of an enterprise, Plaintiffs cannot establish the requisite pattern of racketeering activity, Plaintiffs cannot establish the requisite predicate acts, Plaintiffs cannot establish the requisite continuing pattern of racketeering activity. Plaintiffs cannot account for their alleged damages. Regarding Plaintiffs' RICO conspiracy claim, Plaintiffs can neither establish the underlying RICO violation or the existence of a conspiracy.

Regarding Plaintiffs' Fraud claim, Plaintiffs cannot establish the subject transactions were unauthorized, cannot establish reasonable reliance, cannot establish Defendants caused his house to fall into foreclosure , and cannot account for their alleged damages.

Regarding Plaintiffs' Conversion claim, Plaintiffs cannot establish the subject transactions were unauthorized, cannot establish the alleged wrongdoing occurred within the applicable statute of limitations, cannot establish that Defendants forged or cashed a check for $118,000.00, and cannot establish their alleged damages.

Regarding Plaintiffs' Tortious Interference with Contract Claim, Plaintiffs cannot establish the alleged conspiracy to interfere, cannot establish the alleged interference, and cannot establish the alleged damages.

Regarding Plaintiffs' Battery claim, Plaintiffs cannot establish who committed the battery, how the alleged battery was committed, that the alleged battery caused Plaintiffs' alleged injuries, or that Plaintiff was ever injured.

Regarding Plaintiffs' Conspiracy to Commit Fraud claim, Plaintiffs cannot establish the alleged conspiracy, cannot establish the alleged fraud, and cannot establish the alleged injuries.

Regarding Plaintiffs' Conspiracy to Commit a Tort claim, Plaintiffs cannot establish the alleged conspiracy, cannot establish the underlying tort, and cannot establish causation or injury.

Regarding Plaintiffs' Intentional Infliction of Emotional Distress claim, Plaintiffs cannot establish any alleged transactions were unauthorized, cannot establish the existence of a fake billing company, cannot establish sufficiently extreme or outrageous conduct, and cannot establish the requisite emotional damage.

Regarding Plaintiffs' Faithless Employee claim, Plaintiffs cannot establish Defendants committed the underlying acts alleged, cannot establish any of the subject transactions were unauthorized, and cannot establish the requisite damages.

Plaintiffs object to and move to strike Affirmative Defenses 7-19, 12-13,15-16 and 18-24 on the basis of their salacious character, undue prejudice and/or being wholly unrelated to Plaintiffs' claims set forth in the 2nd amended complaint.

**Counterclaims:**

1. <u>New York City Human Rights Law ("NYCHRL") N.Y. Admin. L. §§ 8-101 *et seq.* Gender Discrimination, Sexual Harassment, Hostile Work Environment, Discrimination on the Basis of Race, Color, and National Origin, Retaliation and Constructive Discharge</u>: As set forth in Defendants' Answer to Plaintiffs' Second Amended Complaint ("SAC") Plaintiff Schottenstein discriminated against the Pearl Chan and Derek Lee on the basis of gender, race, color and national origin, by subjecting them to racial slurs and stereotypes, gross sexual harassment and creating a hostile work environment, ultimately making it impossible for them to continue working for Plaintiffs.

    Plaintiffs' Object to the Counterclaim as a whole on the basis that it is unrelated to Plaintiffs' claims and does not constitute a defense to Plaintiffs' claims. Plaintiffs further object and move to strike paragraphs 31-38, 45-51, 61-67, 76-82 on the basis of their salacious character under Fed. R. Civ. P. Rule 12(f);

2. <u>Unjust Enrichment/Quantum Meruit</u>: As set forth in Defendants' Answer to Plaintiffs' SAC, Derek Lee was not paid his promised salary in 2020. Pearl Chan was not paid her promised salary for 2019 or 2020, and not reimbursed for various business expenses. As such, Plaintiffs were unjustly enriched, and Defendants/Counterclaimants were unjustly impoverished.

    Plaintiffs' Objection: No discovery on components of this claim was provided.

**Responses to Counterclaims:**

Objections set forth above.

**V.    Jury or Bench Trial**
The case is to be tried by a jury. It will take an estimated 5 to 7 days to complete.

**VI.   Consent to Trial by a Magistrate Judge**
All parties have not consented to trial by a Magistrate Judge.

**VII.  Stipulations**
1. Not addressed.

**VIII. Witnesses**

**Plaintiff's Witnesses:**
**Cara Camden, Office Manager at NY Spine Medicine prior to Pearl Chan assuming this responsibility. Ms. Camden shall testify to the office manager training she provided to Pearl Chan, the components of this responsibility that Pearl Chan agreed to accept and perform; the high degree of trust that Dr. Schottenstein reposed in Cara Camden then**

4

**Pearl Chan serving in this role, the importance of the tasks assigned to the office manager; the harm that Dr. Schottenstein would suffer if the office manager performed the tasks in a disloyal fashion or otherwise harmful manner; and the opportunities available to abuse the responsibility and commit theft;**

**Pearl Chan (Hostile Witness) will be examined as to the theft and other harm caused by Ms. Chan in co-operation with Derek Lee, her common law husband.**

**Derek Lee (Hostile Witness) will be examined as to the theft and other harm caused by Mr. Lee in cooperation with Pearl Chan, his common law wife.**

**Douglas Schottenstein, MD will testify as to the responsibilities assigned to Pearl Chan and Derek Lee, their compensation, and the ways that Chan and Lee damaged him both economically and personally, regarding the loss of funds, the foreclosure of his residence, their abuse of the AMEX Credit charges, wire fraud, battery upon him, the deliberate poisoning of his dog, impersonating an attorney and accountant that they led Dr. Schottenstein to believe was representing him on pressing legal matters and providing Dr. Schottenstein with misinformation. and other harmful acts.**

**Tracy Pearson, Esq. will testify that she was impersonated and the e-mails attributed to her had the wrong address. She never represented or dealt with Dr. Schottenstein directly.**

**Chong Lee, an IT employed by Nextel, who will testify that he found malware installed on Dr. Schottenstein's computer attributed to Pearl Chan, and will further testify what that malware enabled Chan to do.**

**Keith Balla, CPA, etc.. Mr. Balla is a forensic accountant that will testify to explain the scope of the investigation he made, the records he reviewed and the damages that he documented which were caused by Defendants Lee and Chan.**

**Defendants' Witnesses:[1] See Exhibit A**

Plaintiffs' Object to Any Proposed Defense Witness Not Previously Disclosed.

Defendants Object to Any Proposed Plaintiff Witness Not Previously Disclosed.

Defendants reserve the right to call additional witnesses for purposes of rebuttal and/or impeachment.

## IX.   Deposition Testimony

---

[1] Defendants reserve their right to call any witness listed by plaintiff.

The Parties' witnesses shall all be appearing at trial live.  Thus, no designations are necessary.

Plaintiffs reserve the right to use all previously sworn testimony of any Defendant or witness in this action or the Citibank Arbitration.

Plaintiffs object to the use of any statements or materials from other matters, including the Harrison matter listed by Defendants below.

Defendants intend to use Affidavit testimony from the instant matter, as well as relevant portions of Affidavit testimony from Elissa Harrison v. Douglas Schottenstein, M.D., 708951/2017 (Sup. Ct., Queens County) necessary to impeach and refresh the recollection of Plaintiff Schottenstein. Defendants object to the use of their testimony from the related Citibank Arbitration, unless they are likewise given access to Schottenstein's Citibank Arbitration testimony for the same purpose.

**X.**     **Exhibits**

As per the Individual Rules of this Court, the Parties have indicated with one star where no party objects on grounds of authenticity and two stars where no party objects on any ground.

**Plaintiffs' Exhibit List (Plaintiffs' Exhibits attached hereto as Exhibit 1)**

**P-1: Electronic Mailings dated October 2016 regarding Thompson Account Ownership**
**Bates Stamp #DS-LEE-0000477     \***
**P-2: Electronic Mailings dated November 2016 regarding Token for Online Banking**
**Bates Stamp #DS-LEE-0000072     \***
**P-3: Electronic Mailings dated November 2016 regarding Accepting Token**
**Bates Stamp #DS-LEE-0000077     \***

**P-4: Electronic Mailings dated November 2016 regarding Thompson Account ATM Card**

**Bates Stamp #DS-LEE-0000084**     *

**P-5: Electronic Mailings dated December 2016 regarding Online Access for Thompson Account**

**Bates Stamp #DS-LEE-0000107**     *

**P-6: Electronic Mailings dated December 2016 regarding Token Setup**

**Bates Stamp #DS-LEE-0000166**     *

**P-7: Electronic Mailings dated December 2016 regarding Mortgage Payment with Token**

**Bates Stamp #DS-LEE-0000195**     *

**P-8: Electronic Mailings dated December 2016 regarding Mortgage Payment made by C. Camden**

**Bates Stamp #DS-LEE-0000202**     *

**P-9: Electronic Mailings from Lee to Chan dated January 2019 regarding Avanos Account in Arrears $11,000**

**Bates Stamp #DS-LEE-0000519**     *

**P-10: Electronic Mailings dated January 2017 regarding signatory on Thompson Account**

**Bates Stamp #DS-LEE-0000498**     *

**P-11: Electronic Mailings dated January 2017 regarding Thompson account only for Paying Mortgage**

**Bates Stamp #DS-LEE-0000224**     *

**P-12: Electronic Mailings dated January 2017 regarding C. Camden as Signatory not Beneficiary**

**Bates Stamp #DS-LEE-0000219**     *

**P-13: Electronic Mailings dated January 2017 regarding P. Chan confirming $25,000 wired to Thompson Account**

**Bates Stamp #DS-LEE-0000259**     *

**P-14: Electronic Mailings dated January 2017 regarding Safe purchased for Token security**

**Bates Stamp #DS-LEE-0000252        ***

**P-15: Electronic Mailings dated January 2017 regarding P. Chan's access to Token**

**Bates Stamp #DS-LEE-0000258        ***

**P-16: Electronic Mailings dated January 2017 regarding P. Chan's access only to designated accounts**

**Bates Stamp #DS-LEE-0000565        ***

**P-17: Electronic Mailings dated January 2017 regarding D. Schottenstein having Token Custody**

**Bates Stamp #DS-LEE-0000564        ***

**P-18: Electronic Mailings dated February 2017 regarding instructions for account balances**

**Bates Stamp #DS-LEE-0000571        ***

**P-19: Electronic Mailings dated February 2017 regarding P. Chan's access to accounts**

**Bates Stamp #DS-LEE-0000573        ***

**P-20: Electronic Mailing dated March 2018 from a CitiMortgage representative concerning missed mortgage payments**

**Bates Stamp #10629.1**

**P-21: Summons and Complaint Filed August 1, 2018 concerning Foreclosure**

**Public Record**

**P-22: Mortgage dated November 22, 2016 – Foreclosed**

**Public Record**

**P-23: Consolidated Note dated November 22, 2016 – Foreclosed**

**Public Record**

**P-24: Underlying Note dated November 22, 2016 – Foreclosed**

**Public Record**

**P-25: Mortgage Assignment to Citibank dated November 15, 2016**

**Public Record**

**P-26: Mortgage Assignment to Citimortgage dated October 31, 2017**

**Public Record**

**P-27: Affidavit of Service on D. Lee dated September 20, 2018 regarding Foreclosure**

**Public Record**

**P-28: Default Judgment regarding Foreclosure dated July 2, 2019**

**Public Record**

**P-29: Foreclosure Judgment & Sale Order dated February 24, 2020**

**Public Record**

**P-30: Electronic Mailings dated February 2019 regarding Insufficient funds for $40,000 check**

**Bates Stamp #DS-LEE-0001056**       *

**P-31: Electronic Mailing dated March 2019 regarding Wexner Heritage deposit, P. Chan involved**

**Bates Stamp #DS-LEE-0000577**       *

**P-32: Electronic Mailings dated September 2019 regarding Assistance from Chan and Camden for outstanding bills**

**Bates Stamp #DS-LEE-0000590**       *

**P-33: Electronic Mailings dated September 2019 regarding P. Chan advising on bills and amounts:**

**Bates Stamp #DS-LEE-0000594**       *

**P-34: Electronic Mailings dated October 2019 to P. Chan regarding mortgage payment checks not cashed**

**Bates Stamp #DS-LEE-0000596**       *

**P-35: Electronic Mailings dated November 2019 requesting P. Chan to follow up on mortgage and other major bills**

**Bates Stamp #DS-LEE-0000597**       *

**P-36: Electronic Mailings dated November 2019 regarding P. Chan advising on bills and balances for payments**

**Bates Stamp #DS-LEE-0001021**       *

**P-37: Electronic Mailings dated November 2019 regarding mortgage payment checks not cashed**

**Bates Stamp #DS-LEE-0000346**       *

**P-38: Electronic Mailings dated November 2019 following up with Citi and Cenlar regarding mortgage checks sent but not cashed**
**Bates Stamp #DS-LEE-0000352**       *
**P-39: Electronic Mailings dated November 2019 regarding follow up with Citi and Cenlar**
**Bates Stamp #DS-LEE-0000360**       *
**P-40: Electronic Mailings dated November 2019 from Schottenstein to Chan regarding foreclosure**
**Bates Stamp #DS-LEE-0001022**       *
**P-41: Electronic Mailings dated November 2019 regarding attempts for get Cenlar file number**
**Bates Stamp #DS-LEE-0000369**       *
**P-42: Electronic Mailings dated November 2019 regarding follow up with Cenlar**
**Bates Stamp #DS-LEE-0000374**       *
**P-43: Electronic Mailings dated December 2019 regarding Citibank's real position versus the prior info given**
**Bates Stamp #DS-LEE-0000726**       *
**P-44: Electronic Mailings dated February 2020 to T. Pearson (fake), cc'd to P. Chan**
**Bates Stamp #DS-LEE-0000729**       *
**P-45: Electronic Mailings dated July 2020 from P. Chan regarding information on tax payments**
**Bates Stamp #DS-LEE-0000731**       *
**P-46: Electronic Mailings dated December 2019 regarding Citibank's inquiry, P. Chan involved**
**Bates Stamp #DS-LEE-0000723**       *
**P-47: Electronic Mailings dated December 2020, P. Chan impersonating T. Pearson**
**Bates Stamp #DS-LEE-0000654**       *
**P-48: Electronic Mailings dated December 2020 regarding obtaining Citibank statements**
**Bates Stamp #DS-LEE-0000658**       *
**P-49: Electronic Mailings dated December 2020 regarding delay in getting Citibank**

**statements**

**Bates Stamp #DS-LEE-0000661        ***

**P-50: Electronic Mailings dated February 2020 regarding insurance and authorizing access for D. Lee**

**Bates Stamp #DS-LEE-0000521        ***

**P-51: Electronic Mailings dated February 2020, Chan impersonating T. Pearson**

**Bates Stamp #DS-LEE-0000624        ***

**P-52: T. Pearson's correct information and e-mail address**

**P-53: Electronic Mailings dated February 2021 regarding requests for statements on designated accounts**

**Bates Stamp #DS-LEE-0000683        ***

**P-54: Electronic mailings dated February 2021 reporting the terminations of P. Chan and D. Lee**

**Bates Stamp #DS-LEE-0000704        ***

**P-55: Electronic mailings dated February 2021 regarding fraudulent wires and malware**

**Bates Stamp #DS-LEE-0000716        ***

**P-56: Malware Report dated March 5, 2021 from Chong Lee**

**P-57: Electronic Mailings dated April 2020, P. Chan impersonating T. Pearson**

**Bates Stamp #DS-LEE-0001040        ***

**P-58: Thompson account statements December 20, 2016 to September 21, 2018**

**Bates Stamp #DS-LEE-0000809        ***

**P-59: Thompson account statements October 19, 2018 to December 18, 2020**

**Bates Stamp #DS-LEE-0000843        ***

**P-60: Defendants Chan and Lee's objections and responses to Plaintiffs' first set of discovery demands**

**P-61: Animal General medical record of canine Ronny, showing severe toxin exposure with liver and kidney failure**

**Bates Stamp #DEF-00244       ***

**P-62: Blue Pearl Veterinary record of toxic renal injury to canine Ronny**

**Bates Stamp #DEF-00229       ***

Case 1:22-cv-01197-DLC   Document 142   Filed 03/08/24   Page 12 of 14

**P-63: Schottenstein Economic Damages Report revised July 19 2023, with Exhibits 1-8 & Appendices A-G**

**P-64: Schottenstein Economic Damages Report revised July 19 2023, Appendix H - Statements regarding $429,741 wire**

**P-65: Schottenstein Economic Damages Report revised July 19 2023, Appendix I - Statements regarding $319,057 wire**

**P-66: Schottenstein Economic Damages Report revised July 19 2023, Appendix J-1 - American Express Charges of D. Lee**

**P-67: Schottenstein Economic Damages Report revised July 19 2023, Appendix J-1 - American Express Charges of P. Chan**

**P-68: Schottenstein Economic Damages Report revised July 19 2023, Appendix K – Cash withdrawals 2019**

**P-69-1: Schottenstein Economic Damages Report revised July 19 2023, Appendix L - Deposits via Quickpay and Zelle to D. Lee's account**

**P-69-2: Schottenstein Economic Damages Report revised July 19 2023, Appendix L - Withdrawals from Schottenstein account**

**P-70: Schottenstein Economic Damages Report revised July 19 2023, Appendix L - Withdrawals from Schottenstein to Chan**

**P-71: Schottenstein Economic Damages Report revised July 19 2023, Appendix N - Lee Payroll years 2017-2020**

**P-72: Schottenstein Economic Damages Report revised July 19 2023, Appendix O - Chan Payroll years 2017-2019**

**P-73: Schottenstein Economic Damages Report revised July 19 2023, Appendix P - $118,000 check from Iberia Bank account**

**P-74: Transcript Call 3-1 on 02-20-2020 re $429,741.11**

**P-75:** **Transcript Call 6  on 02-20-2020 5 23 PM re $429,741.11**

**P-76: Transcript Call 1  on 02-28-2020 re $319,107.63 (Wire Came Back)**

**P-77: Transcript Call 4-2 on 02-28-2020 re $319,107.63 (Given New Number to Call)**

**P-78: Transcript Call  2-2  on 02-28-2020 (DL Req'd to Call Back Wrong Personal Info)**

**P-79: Transcript Call 2-1 on 02-28-2020 re $319,107.63 DL Request to Approve All Future Wires)**

**P-80: Transcript Call 4-1 on 03-06-2020 7:11AM (DL Attempt to Reset Password)**

**P-81: Call 5 on 03-06-2020 7:16 AM (DL Still Trying to Reset Password)        *** 

**P-82: Call 3-2  on 03-06-2020 8:03 AM (Checking on $319,107.63 Wire - Came Back)  *** 

**P-83:  T. Pearson E-Mail with Attachments dtd 02-27-2024**

**P-84:  Audio of Call 3-1.wav           *** 

**P-85:  Audio of Call 6.wav   *** 

**P-86:  Audio of Call 1.wav        *** 

**P-87: Audio of Call 4-2.wav *** 

**P-88: Audio of Call 2-2.wav *** 

**P-89: Audio of Call 2-1.wav *** 

**P-90: Audio of Call 4-1.wav *** 

**P-91 Audio of Call 5.wav       *** 

**P-92: Audio of Call 3.2wav  *** 

**P-93: Audio of Call -1-1-69043 Dr. Schottenstein with Citibank           *** 

**P-94:  CitiMortgage Letter (Fake) 09-13-2018**

**P-95: MLMIC Letter (Fake)  09-15-2017**

**P-96: Texts to D. Baek re: D. Lee Terminated**

**P-97: Text Copying P. Chan re: D. Lee Terminated**

**Defendants' Exhibits[2]  See Exhibit B**

| Exhibit Number | Description | */** |
|---|---|---|
|  |  |  |

XI. **Motions in Limine**

   Filed separately.

XII. **Requests to Charge, Joint Verdict Forms, and Proposed Voir Dire**

---

[2] Defendants reserve the right to use any of Plaintiff's designated exhibits at trial.

Requests to Charge is appended as Exhibit 2.

Jury Verdict Form: To be submitted.

Jury Voir Dire Questions are appended hereto as Exhibit 3.


By:_____/s/_____     By:_____/s/_____
    *For Plaintiffs:*      *For Defendants:*

    *Jeffrey A. Donner, Esq.*    *Law Office of Andrew L. Hoffman, P.C.*
    *Donner Law*    *Andrew L. Hoffman, Esq.*
    *708 Highway 35 South*    *420 Lexington Avenue, Ste. 300*
    *Neptune, New Jersey 07753*    *New York, New York 10107*
    *(732) 578-8530*    *Tel: (646) 585-2838*
        *Cell: (347) 262-8052*
    *Cory H. Morris, Esq.*    *Fax: (646) 585-2836*
    *Richard Bruce Rosenthal, Esq.*    *ahoffman@andrewhoffmanlaw.com*
    *545 E. Jericho Turnpike*
    *Huntington Station, New York 11746*
    *(631) 629-8111*


**SO ORDERED.**

Dated: New York, New York
    _____, 2024


_____
    HON. DENISE L. COTE