UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DR. DOUGLASS SCHOTTENSTEIN, M.D.,
THOMPSON REAL ESTATE, LLC, and
SCHOTTENSTEIN PAIN AND NEURO, PLLC D/B/A
NY SPINE MEDICINE,

                Plaintiffs,

        -against-

DEREK LEE, PEARL CHAN and JOHN AND JANE
DOES 1-10,

                Defendants.
------------------------------------------------------------------X

**<u>DEFENSE PROPOSED</u>**
**<u>JURY INSTRUCTIONS</u>**

Index No.: **22-cv-01197 (DLC)**

## 1.1 – PRELIMINARY INSTRUCTIONS BEFORE TRIAL – DUTY OF JURORS[1]

Members of the jury, we are about to begin the trial of a case about which you have heard some details during the process of jury selection. Before the trial begins, however, there are certain instructions you should have in order to better understand what will be presented before you and how you should conduct yourself during trial.

The party who brings a lawsuit is called the Plaintiff. In this action, the Plaintiffs are Dr. Douglas Schottenstein, M.D. and his two companies, Thompson Real Estate, LLC and Schottenstein Pain and Neuro, PLLC d/b/a NY Spine Medicine. The parties against whom the suit is brought are called the Defendants. In this action, there are two named Defendants: Derek Lee and Pearl Chan.

After all the evidence is presented during the trial, you will be given specific instructions on the law relating to Plaintiff's claims, which you must apply to the facts as you determine them By your verdict, you will decide disputed issues of fact. I will decide all questions of law that arise during the trial, and before you retire to deliberate at the close of the case, I will instruct you on the law that you must follow and apply in deciding upon a verdict.

Remember, you are the sole judges of the facts. You must not take anything I may say or do during the trial as indicating what your verdict should be.

Since you will be called upon to decide the facts of this case, you should give careful attention to the testimony and evidence presented for your consideration. During the trial, you should keep an open mind and should not form or express any opinion about the case one way or

---

[1] Authority: O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 101.01 Opening Instructions (6th ed. 2014) (modified).

the other until you have heard all of the testimony and evidence, the closing arguments of the lawyers and my instructions to you on the applicable law.

From time to time during the trial, I may be called upon to make rulings of law on objections or motions made by the parties. It is the duty of the attorney, on each side of a case, to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. You should not show prejudice against an attorney or his or her client because the attorney has made objections. You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other. If I sustain an objection to a question that goes unanswered by the witness, you should not draw any inferences or conclusions about the question itself.

During the trial, it may be necessary for me to confer with the lawyers out of your hearing with regard to questions of law or procedure that require consideration by the Court alone. On some occasions, you may be excused from the courtroom for the same reason. I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

The trial lawyers are not allowed to speak with you individually during this case. When you see them at a recess or pass them in the halls and they do not speak to you, they are not being rude or unfriendly; they are simply following the law.

You must perform your duties as jurors without bias or prejudice to any party. The law does not permit you to be governed by sympathy, prejudice or public opinion. All parties expect

that you will carefully and impartially consider all of the evidence, follow the law as it is given to you and reach a just verdict, regardless of the consequences.

## 1.2 – PRELIMINARY INSTRUCTIONS BEFORE TRIAL – CONTACT WITH OTHERS[2]

While the trial is in process, you must not discuss the case in any manner among yourselves or with anyone else, nor should you permit anyone to discuss it in your presence. Discussing the case with others includes discussions in person, in writing or by the use of any electronic device or media, such as a telephone, a cell or smart phone, Blackberry, iPhone, PDA, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog or website such as Facebook, My Space, YouTube, or Twitter. These items should not be used to communicate to anyone any information about this case until I accept your verdict. You should not conduct any internet research of any of the parties, witnesses or counsel in this case.

Along the same lines, you should not try to access information about the case or do research on any issue that arises in the case from any outside source, including dictionaries, reference books or anything on the Internet. And in the unlikely event you see anything in the media about this case, please pay it no attention. Your sworn duty is to decide this case solely and wholly on the evidence presented in the courtroom.

---

[2] Authority: Hon. Leonard B. Sand, et al., Modern Federal Jury Instructions, Instruction 71-15 Contact with Others (2014) (modified).

## 1.3 – PRELIMINARY INSTRUCTIONS BEFORE TRIAL – EVIDENCE IN THE CASE

You will decide what the facts are from the evidence that will be presented here in this courtroom. That evidence will consist of the testimony of witnesses, documents, and other things received into evidence as exhibits and any facts on which the lawyers stipulate. There are two kinds of evidence -- direct evidence and circumstantial evidence. Direct evidence is testimony by a witness about what that witness personally saw or heard or did.

Circumstantial evidence is indirect evidence. That is, it is proof of one or more facts from which you can find another fact. You may consider both direct and circumstantial evidence in deciding this case. An example of circumstantial evidence might be waking up to a sunny morning and walking outside to find the streets sidewalk and grass all wet, together with small tree branches on the ground. Though there are no clouds in the sky and the sun is shining, the circumstances of the wet ground and twigs might lead you to conclude that it stormed earlier in the morning or the night before.

The law permits you to give equal weight to both direct evidence and circumstantial evidence or to neither. It is up to you to decide how much weight, if any, to give to any evidence.

At times during the trial, I may sustain objections to questions that are asked. When that happens, I will not permit the witness to answer or, if the witness has already answered, I will instruct that the answer be stricken from the record and that you should disregard the answer and dismiss it from your minds.

In reaching your decision, you may not draw any inference from an unanswered question, nor may you consider in your deliberations testimony that I've ordered stricken from the record. The law requires that your decision be made solely on the basis of the evidence before you. The

items I exclude from your consideration will be excluded because they are not legally admissible evidence. The law does not, however, require you to accept all of the evidence that I do admit.

In determining what evidence you will accept, you must make your own evaluation of the testimony given by each of the witnesses and of the documents presented to you and then determine the weight, if any, you choose to give to each witness' testimony or to an exhibit.

There's no magic formula by which you should evaluate testimony or exhibits. At this time suffice it to say that you bring with you to this courtroom all of your experience and background of your lives. Do not leave your common sense outside the courtroom. Use it in your deliberations. The same types of tests that you use in your everyday dealings are the tests that you can apply in your deliberations.

What is not evidence? The questions and objections of the attorneys are not evidence and neither is the testimony I instruct you to disregard. So when a lawyer asks a question, that's not evidence. The answer of a witness in response to the question is evidence.

The statements and arguments of the attorneys during any part of the trial also are not evidence. You may be shown certain documents or photographs or hear certain testimony during opening statements. These are not evidence, but rather a preview of what the attorneys believe will be entered into evidence during the course of the trial. Anything said or displayed during the opening or closing that was not entered into evidence during the trial is not evidence.

Further, anything you may see or hear when the court is not in session, even if what you see or hear is done or said by one of the parties or by one of the witnesses, is not evidence. What matters is what you see and hear in this courtroom when you're sitting as the jury. Only what is

admitted into evidence here when the court is in session and all the parties and jurors are present is competent evidence.

The law does not, however, require you to accept all the evidence I shall admit. In deciding what evidence you will accept you must make your own evaluation of the testimony given by each of the witnesses and decide how much weight you choose to give to that testimony. The testimony of a witness may not conform to the facts as the occurred because he or she is intentionally lying, because the witness did not accurately see or hear what he or she is testifying about, because the witness's recollection is faulty, or because the witness has not expressed himself or herself clearly in testifying. There is no magical formula by which you evaluate testimony. You bring with you to this courtroom all of the experience and background of your lives. In your everyday affairs you decide for yourselves the reliability or unreliability of things people tell you. The same tests that you use in your everyday dealings are the tests which you apply in your deliberations.

## 1.4 – PRELIMINARY INSTRUCTIONS BEFORE TRIAL – EXPERT WITNESSES

The rules of evidence ordinarily do not permit witnesses to testify about opinions or conclusions. There's an exception to that rule for what's called expert witnesses. An expert witness is a person who, by education and experience, has become expert in some science or art or profession or calling. Expert witnesses give their opinions as to matters in which they profess to be experts and may also state their reasons for their opinions. You should consider each expert opinion received in evidence in this case and give it such weight as you think it deserves. If you decide that the opinion of an expert witness is not based upon sufficient experience or education or knowledge of the underlying facts, or if you conclude that the reasons given in support of the opinion are not sound or if you feel the expert's opinion is outweighed by other evidence, you may disregard that expert opinion.

**1.5 – PRELIMINARY INSTRUCTIONS BEFORE TRIAL – DEPOSITION TESTIMONY**

At various stages of the trial, the lawyers may read portions of a document referred to as a deposition of the plaintiff, the defendants, or a witness. The lawyers may also play video recordings from those examinations.

At some point before this trial began the plaintiff, or defendant, or witness was under oath, answered certain questions put to them by the lawyers. A stenographer recorded their answers and in some cases a videographer videotaped the deposition. The portions of the transcript of the deposition that you will hear are to be considered as if the plaintiff, defendant, or witness were testifying from the witness stand.

## 1.6 – PRELIMINARY INSTRUCTIONS BEFORE TRIAL – NOTE-TAKING BY JURY[3]

If you want to take notes during the course of the trial, you may do so. If you do take notes, be sure that your note-taking does not interfere with your listening to and considering all of the evidence. Also, if you take notes, do not discuss or compare them with anyone before or during your deliberations in determining the content of any testimony or in evaluating the importance of any evidence. Your notes are to be used solely to assist you and are not to substitute for your recollection of the evidence in the case. The fact that a particular juror has taken notes entitles that juror's views no greater weight than those of any other juror and your notes are not to be shown to any other juror during your deliberations. If, during your deliberations, you have any doubt as to any of the testimony, you will be permitted to request that the official transcript which is being made of these proceedings be read to you.

---

[3] Authority: Hon. Leonard B. Sand, et al., Modern Federal Jury Instructions, Instruction 71-16 Note- Taking by Jury (2014) (modified); O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 101.13 (6th ed. 2014) (modified).

## 1.7(a) – PRELIMINARY INSTRUCTIONS BEFORE TRIAL – BURDEN OF PROOF

Please remember this is a civil case. Those of you who have sat on juries in criminal cases, or who have watched one on TV, may have heard the phrase "proof beyond a reasonable doubt." That requirement does not apply in civil cases. You may, in a civil case like this one, have reasonable doubts about whether a given defendant is liable under a given claim, and yet still find that defendant liable. Therefore, the phrases "reasonable doubt" or "beyond a reasonable doubt" have no meaning in this case and should be put out of your minds completely.

Instead, in civil cases the burden of proof is different, and I'll explain it to you at the end of this case. On some claims it's preponderance of the evidence and on others it's clear and convincing evidence. These two standards of proof—which both apply in this case—are different from each other and are both different from the inapplicable "proof beyond a reasonable doubt" standard used in criminal trials. I'll explain that in more detail after all the evidence has been received. For that reason, you should not make up your mind on what the evidence shows until then.

## 1.7(b) – PRELIMINARY INSTRUCTIONS BEFORE TRIAL – THE TRIAL

Finally, I'd like to just summarize the stages of the trial for you. First, each side may make an opening statement. As I said, an opening statement is not evidence, nor is it argument. It's really an outline of what that party intends to prove during the trial, and it is offered to preview the evidence which the attorney expects to be entered at trial. Evidence—in the form of testimony or documents-- that come in during the trial are often not in any logical or chronological order. Therefore, the opening statement is intended to forecast the case in a way that will help you follow and absorb the evidence that does eventually come in. Each side will give their version of what they intend to prove.

Next, the plaintiff will present witnesses and the defendants may cross-examine the witnesses. Then, if desired, the defendants will present witnesses and the plaintiff may cross-examine them. I may then permit the plaintiff to present additional witnesses to rebut the defendants' evidence.

After that, the attorneys will make their closing arguments to summarize and give you their interpretation of the evidence. As with opening statements, the closing arguments are not evidence. After the closing summations, I will give you instructions on the law and then you will retire to deliberate on your verdict.

Please do not make up your mind about what the verdict should be until after I've instructed you on the law and at the end of the case and then you've gone to the jury room and you and your fellow jurors will have discussed the evidence. Keep an open mind until then.

Both parties deserve, and the law requires, that you give them an opportunity to be fully heard. After all the evidence has been heard and the arguments and instructions are finished, you

will meet to make your decision. You will determine the facts from all the testimony and the other evidence that is presented. You will be the sole and exclusive judges of the facts. I must stress that you must accept the rules of law that I give you, whether or not you agree with them.

That completes my preliminary instructions in this case.

## 2.1 – PRELIMINARY INSTRUCTIONS AFTER TRIAL – JUROR ATTENTIVENESS[4]

Ladies and gentlemen, before you begin your deliberations, I am going to instruct you on the law. You must pay close attention, and I will be as clear as possible. It has been obvious to me and to counsel that up to this point you have faithfully discharged your duty to listen carefully and observe each witness who testified. I now ask you to give me that same attention as I instruct you on the law.

---

[4] Authority: Hon. Leonard B. Sand, et al., Modern Federal Jury Instructions, Instruction 71-1 Juror Attentiveness (2014) (modified).

## 2.2 – PRELIMINARY INSTRUCTIONS AFTER TRIAL – ROLE OF THE COURT[5]

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties.

My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you. If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire in the jury room.

You should not, any of you, be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be--or ought to be--it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

You are not to infer from any of my questions or any of my rulings on objections or anything else I have done during this trial that I have any view as to the credibility of the witnesses or how you should decide the case. Any questions I asked were designed to make sure

---

[5] Authority: Hon. Leonard B. Sand, et al., Modern Federal Jury Instructions, Instruction 71-2 Role of the Court (2014) (modified).

that the testimony was clear and to avoid confusion. You are expressly to understand that the

Court has no opinion as to the verdict you should render in this case.

## 2.3 – PRELIMINARY INSTRUCTIONS AFTER TRIAL – ROLE OF THE JURY[6]

As members of the jury, you are the sole and exclusive judges of the facts. You pass judgment upon the evidence. You determine the credibility of witnesses. You resolve such conflicts as there maybe in the testimony. You draw whatever reasonable inferences you decide to draw from the factsas you have determined them, and you determine the weight of the evidence.

In determining these issues, no one may invade your province or functions as jurors. In order for you to determine the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions is not evidence. Nor is what I may have said about a fact -- or what I may say in these instructions -- evidence. In this connection, you should bear in mind that a question put to a witness is never evidence, it is only the answer which is evidence. But you maynot consider any answer that I directed you to disregard or that I directed struck from the record. Do not consider such answers.

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses. These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render,or whether any of the witnesses may have been more credible than any other witnesses. You are expressly to understand that the court has no opinion as to the verdict you should render in this case.

---

[6] Authority: Hon. Leonard B. Sand, et al., Modern Federal Jury Instructions, Instruction 71-3 Role of the Jury (2014) (modified); O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 101.30 (6th ed. 2014) (modified).

As to the facts, ladies and gentlemen, you are the exclusive judges. You are to perform the duty of finding the facts without bias or prejudice to any party.

## 2.7 – PRELIMINARY INSTRUCTIONS AFTER TRIAL – JURY TO DISREGARD COURT'S VIEW[7]

I have not expressed nor have I intended to intimate any opinion as to which witnesses are or are not worthy of belief, what facts are or are not established, or what inference or inferences should be drawn from the evidence. If any expression of mine has seemed to indicate an opinion related to any of these matters, I instruct you to disregard it. You are, I repeat, the exclusive, sole judges of all of the questions of fact submitted to you and of the credibility of the witnesses. Your authority, however, is not to be exercised arbitrarily; it must be exercised with sincere judgment, sound discretion, and in accordance with the rules of law which I give you. In making your determination of facts in this case, your judgment must be applied only to that which is properly in evidence. Arguments of counsel are not in evidence, although you may give consideration to those arguments in making up your mind on what inference to draw from the facts which are in evidence.

From time to time the court has been called to pass upon the admissibility of certain evidence, although I have tried to do so, in so far as it was practicable, out of your hearing. You have no concern with the reasons for any such rulings and you are not to draw any inferences from them. Whether offered evidence is admissible is purely a question of law in the province of the court and outside the province of the jury. In admitting evidence to which objection has been made, the court does not determine what weight should be given to such evidence, nor does it pass on the credibility of the evidence. Of course, you will dismiss from your mind, completely and entirely, any evidence which has been ruled out of the case by the court, and you will refrain

---

[7] Authority: Hon. Leonard B. Sand, et al., Modern Federal Jury Instructions, Instruction 71-5 Jury To Disregard Court's View (2014) (modified).

from speculation or conjecture or any guesswork about the nature or effect of any colloquy between court and counsel held out of your hearing or sight.

## 2.5 – PRELIMINARY INSTRUCTIONS AFTER TRIAL – CONDUCT OF COUNSEL[8]

It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. Counsel also have the right and duty to ask the court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All those questions of law must be decided by me, the court.You should not show any prejudice against an attorney or his client because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury or asked the court for a ruling on the law.

As I already indicated, my rulings on the admissibility of evidence do not, unless expressly stated by me, indicate any opinion as to the weight or effect of such evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

Similarly, the personalities and the conduct of counsel in the courtroom are not in any way in issue. If you formed reactions of any kind to any of the lawyers, favorable or unfavorable, whether you approved or disapproved of their behavior as advocates, those reactions should not enter into your deliberation.

---

[8] Authority: Hon. Leonard B. Sand, et al., Modern Federal Jury Instructions, Instruction 71-6 Conduct of Counsel (2014) (modified).

## 2.6 – PRELIMINARY INSTRUCTIONS AFTER TRIAL – BURDEN OF PROOF[9]

As this is a civil case, the Plaintiff has the burden of proving most of their claim by a preponderance of the evidence. This means that the Plaintiff must prove by a preponderance of the evidence each and every disputed element of the claims with respect to each Defendant. If you find that the Plaintiff has failed to establish any claim by a preponderance of the evidence, you must decide against her on that claim.

What does a "preponderance of the evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties— that it is equally probable that one side is right as it is that the other side is right—then you must decide that issue against the party having this burden of proof. That is because the party bearing this burden must prove more than simple equality of evidence—the party must prove the element at issue by a preponderance of the evidence. On the other hand, the party with this burden of proof need prove no more than a preponderance. So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof—that what the party

---

[9] O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 103.30 Evidence In The Case and § 104.01 Preponderance Of The Evidence (6th ed. 2014) (modified), with paragraph added from N.Y. Pattern Jury Instr. – Civil 1:64, PJI 1:64 General Information – Burden of Proof – Clear and Convincing Evidence.

claims is more likely true than not true—then that element will have been proved by a preponderance of the evidence.

I will instruct you that on some claims, Plaintiff has the burden of proving things by clear and convincing evidence. A party who must establish its case by clear and convincing evidence must satisfy you that the evidence makes it highly probable that what it claims is what actually happened. If, upon all the evidence, you are satisfied that there is a high probability that Defendants committed fraud as I will define it for you, you must decide for Plaintiff on that claim. If, on the other hand, upon all the evidence, you are not satisfied that there is a high degree of probability that there was fraud as I have defined it, then you must decide for the Defendants.

The same is true with regards to the Defendants' counterclaims. If, upon all the evidence, you are satisfied that there is a high probability that Plaintiff violated the provisions of the New York City Human Rights Law as I will define them for you, you must decide for Defendants on that claim.

## 2.7 – PRELIMINARY INSTRUCTIONS AFTER TRIAL – WHAT IS AND IS NOT EVIDENCE[10]

The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence, stipulations, and judicially noticed facts.

By contrast, the questions of the lawyers are not to be considered by you as evidence. It is the witnesses' answers that are evidence, not the questions.

Testimony that has been stricken or excluded is not evidence and may not be considered by you in rendering your verdict. Also, if certain testimony was received for a limited purpose - such as for the purpose of assessing a witness's credibility - you must follow the limiting instructions I have given.

Arguments by lawyers are not evidence, because lawyers are not witnesses. What they have said to you in their opening statements and in their summations is intended to help you understand the evidence to reach your verdict. However, if your recollection of the facts differs from the lawyers' statements, it is your recollection which controls.

To constitute evidence which may be considered by you, exhibits must be received in evidence. Exhibits marked for identification but not admitted are not evidence, nor are materials brought forth only to refresh a witness' recollection.

Finally, statements which I may have made concerning the quality of the evidence do not constitute evidence.

---

[10] Authority: Hon. Leonard B. Sand, et al., Modern Federal Jury Instructions, Instruction 74-1 What Is and Is Not Evidence (2014) (modified); O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 101.44 (6th ed. 2014) (modified).

It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

## 2.8 – PRELIMINARY INSTRUCTIONS AFTER TRIAL – DIRECT AND CIRCUMSTANTIAL EVIDENCE[11]

There are two types of evidence, which you may properly use in reaching your verdict.

One type of evidence is direct evidence. Direct evidence is when a witness testifies about something he or she knows by virtue of his or her own senses – something he or she has seen, felt, touched, or heard. Direct evidence may also be in the form of an exhibit where the fact to be proved is its present existence or condition.

Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts. There is a simple example of circumstantial evidence, which is often used in this courthouse.

Assume that when you came into the courthouse this morning, the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella, which was dripping wet. Then a few minutes later, another person also entered with a wet umbrella. Now you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact.

---

[11] Authority: Hon. Leonard B. Sand, et al., Modern Federal Jury Instructions (Civil), Instruction 74-2 Direct and Circumstantial Evidence (2002).

Circumstantial evidence is of no less value than direct evidence; for it is a general rule that the law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict must be based on a preponderance of all the evidence presented.

## 2.9 – PRELIMINARY INSTRUCTIONS AFTER TRIAL – SUMMARIES AND CHARTS NOT ADMITTED AS EVIDENCE[12]

Certain charts and summaries have been shown to you in order to help explain facts disclosed by books, records, and other documents that are in evidence in the case. These charts or summaries are not themselves evidence or proof of any facts. If the charts or summaries do not correctly reflect facts or figures shown by the evidence in the case, you should disregard them.

In other words, the charts or summaries are used only as a matter of convenience. To the extent that you find they are not truthful summaries or facts or figures shown by the evidence in the case, you are to disregard them entirely.

---

[12] Authority: Hon. Leonard B. Sand, et al., Modern Federal Jury Instructions (Civil), Instruction 74- 12 Summaries and Charts Not Admitted as Evidence (2002).

## 2.10 – PRELIMINARY INSTRUCTIONS AFTER TRIAL – INFERENCES DEFINED[13]

During the trial you may have heard the attorneys use the term "inference," and in their arguments they may have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact which has been shown to exist.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. Plaintiff asks you to draw one set of inferences, while the Defendants ask you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion which you, the jury, are permitted to draw-- but not required to draw -- from the facts which have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.

---

[13] Authority: Hon. Leonard B. Sand, et al., Modern Federal Jury Instructions (Civil), Instruction 75-1 Inference Defined (2002).

## 2.11 – PRELIMINARY INSTRUCTIONS AFTER TRIAL – SYMPATHY OR BIAS[14]

You are to evaluate the evidence calmly and objectively, without prejudice or sympathy. You are to be completely fair and impartial. Your verdict must be based solely on the evidence developed at this trial or the lack of evidence.

The parties in this case are entitled to a trial free from prejudice and bias. Our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

---

[14] Authority: Hon. Engelmayer, Diaz v. Diaz, 14-cv-4716-PAE (S.D.N.Y. Feb. 3, 2016).

## 2.13 – PRELIMINARY INSTRUCTIONS AFTER TRIAL – CREDIBILITY OF WITNESSES[15]

You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You have had the opportunity to observe the witnesses. It is up to you to decide how believable the witnesses were in their testimony. In deciding the weight to give to the testimony of a witness, you should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. Thus, you may, for example, be guided by the conduct of the witness, the manner in which the witness testifies, the character of the testimony given, and/or evidence contrary to the testimony given.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness isworthy of belief. Consider each witness's intelligence, motive, state of mind, and demeanor or manner while on the stand. Consider the witness's ability to observe the matters as to which he or she has testified, and whether he or she impresses you as having an accurate recollection of those matters. Consider also any relation, which each witness may bear to either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimonies of different witnesses, may or may not cause the jury to discredit such testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently; and innocent misrecollection, like failure to recollect, is not an uncommon experience. In weighing the effect

---

[15] Authority: O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 105.01 Discrepancies in Testimony (6th ed. 2014) (modified).

of a discrepancy, always consider whether it pertains to a matter of importance or to an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, as you may think it deserves. But keep in mind that credibility is not necessarily an all or nothing proposition. You may discredit a witness on one point but credit the same witness on a different point. Conversely, you may decide that if a witness is not credible on one point, you feel that this is enough to discredit other aspects of their testimony, or all of their testimony.

You may, in short, accept or reject the testimony of any witness in whole or in part.

## 2.14 – PRELIMINARY INSTRUCTIONS AFTER TRIAL – BIAS[16]

In deciding whether to believe a witness, you should specifically note any evidence of hostility or affection which the witness may have towards one of the parties. Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with a particular party.

It is your duty to consider whether the witness has permitted any such bias or interest to color his testimony. In short, if you find that a witness is biased, you should view his or her testimony with caution, weigh it with care and subject it to close and searching scrutiny.

---

[16] Authority: Hon. Leonard B. Sand, et al., Modern Federal Jury Instructions (Civil), Instruction 75-1 Inference Defined (2002).

**2.14 – PRELIMINARY INSTRUCTIONS AFTER TRIAL – IMPEACHMENT –**

**INCONSISTENT STATEMENT OR CONDUCT[17]**

A witness may be discredited or impeached by contradictory evidence or by evidence thatat some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such creditability, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness's other testimony and you may reject all the testimony of that witness or give it such credibility as you think it deserves.

---

[17] Authority: O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 105.04 Discrepancies in Testimony (6th ed. 2014) (modified).

**2.15 – PRELIMINARY INSTRUCTIONS AFTER TRIAL – EXPERT WITNESSES[18]**

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely on it.

---

[18] Authority: Diamond, Modern Federal Jury Instructions-Civil, 3.5 - Expert Witnesses (2019).

## 2.16 – PRELIMINARY INSTRUCTIONS AFTER TRIAL – ALL AVAILABLE WITNESSES OR EVIDENCE NEED NOT BE PRODUCED[19]

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case. You are not to rest your decision on what some absent witness who was not brought in might or might not have testified to. No party has an obligation to present cumulative testimony.

---

[19] Authority: O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 105.11 All Available Witnesses Or Evidence Need Not Be Produced (6th ed. 2014) (modified).

## 2.17 – PRELIMINARY INSTRUCTIONS AFTER TRIAL – ALL PERSONS EQUAL BEFORE THE LAW[20]

You should consider each instruction given to apply separately and individually to Plaintiff and to each of the Defendants. This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. A company is entitled to the same fair trial at your hands as a private individual. The law does not respect people more than companies. All persons and corporations stand equal before the law, and are to be dealt with as equals in a Court of Justice.

---

[20] Authority: O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 103.12 All Persons Equal Before the Law - Organizations (5th ed. 2001) (modified).

## 2.18 – PRELIMINARY INSTRUCTIONS AFTER TRIAL – MULTIPLE DEFENDANTS[21]

You must give separate consideration to each claim and each party in this case. Although there is more than one defendant in this action, it does not follow from that fact alone that if one defendant is liable to the plaintiff, any or all of the other defendants are also liable. Each defendant is entitled to a fair consideration of the evidence. Neither defendant is to be prejudiced should you find against the other. Unless otherwise stated, all instructions I give you govern the case as to each defendant.

---

[21] 3 Fed. Jury Prac. & Instr. § 103:14 (6th ed.), 3 Fed. Jury Prac. & Instr. § 103:14 (6th ed.), Fed. Civ. Jury Instr. 7th Cir. 1.25 (2018)

**3.0 – SUBSTANTIVE RICO INSTRUCTIONS – INTRODUCTION TO RICO[22]**

In their first claim, Plaintiff contend that Defendants have violated a statute called the Racketeering Influenced and Corrupt Organization Act commonly known as "RICO".

Although RICO uses the terms "racketeer," "racketeering," and "corrupt organizations," Congress did not mean that plaintiff must prove defendants are "racketeers" or a members of what is commonly referred to as "organized crime" in order to recover damages. You should not assume defendants are "racketeers" because defendants have been sued under RICO as those concepts do not apply in this case.

---

[22] Modified from 3B Fed. Jury Prac. & Instr. § 161:1 (6th ed.)

## 3.1 – SUBSTANTIVE RICO INSTRUCTIONS – SIGNIFICANCE OF RICO LANGUAGE[23]

Use of the terms "racketeering," "racketeer," or "corrupt organization" in RICO and during this trial should not be thought of as having anything to do with your determination of whether plaintiff has established the elements of plaintiff's claims.

"Racketeering activity" is the term used in RICO to designate crimes that may constitute violations under RICO. You are to draw no conclusions from the use of this term that is in any way harmful to the defendants.

---

[23] 3B Fed. Jury Prac. & Instr. § 161:2 (6th ed.) combined with 3B Fed. Jury Prac. & Instr. § 161:46 (6th ed.)

## 3.2 – SUBSTANTIVE RICO INSTRUCTIONS – INTRODUCTION TO COUNTS ONE, TWO, AND THREE[24]

### i.    Introduction[25]

Next, I will instruct you on Plaintiff's claim for violation of the civil RICO statute against Derek Lee and Pearl Chan.

The Plaintiff brings several claims in this civil action under the Racketeer Influence and Corrupt Organizations Act, more commonly known as "RICO" or "the RICO Act." Before going any further, let me explain that the word "racketeering" may have a negative social meaning and may tend to cause prejudice. You should understand that the use of that term by me or by the lawyers for either side in this case should not be regarded as having any bearing on the defendant's liability for the plaintiff's claimed losses or the plaintiff's right to recover for those losses. You should consider the term "racketeering" only in the precise way that I will define it for you in these instructions. You should not confuse that definition with, or in any way be influence by, any prior understanding which you may have of the term "racketeering."

The words "Racketeer Influence and Corrupt Organizations Act" are those used by Congress in 1970, when the law was enacted, to describe this particular statute. By using the word "racketeer" in the title of the statute, Congress did not mean that the plaintiff must prove that any one of the defendants is a "racketeer" or a member of what is commonly referred to as "organized crime" in order to recover damages. Moreover, you should not assume that the

---

[24] Modified from 3B Fed. Jury Prac. & Instr. § 161:12 (6th ed.)
[25] American Bar Association Sample RICO Jury Instructions, 1994; Instruction 2.0

defendants or their associates are "racketeers" because the defendants have been sued under the RICO Act. Those conceptions do not have any application in this case.

You are further instructed that mere violations of the law are not sufficient to establish a violation of RICO for purposes of this civil action. Plaintiffs must prove each element of a RICO violation, as those elements will be explained to you in these instructions.

### ii.    1962(c)[26]

The complaint filed by the Plaintiff alleges among other things, that the defendants violated Title 18, Section, 1962(c) of RICO. The statute provides that any person whose business or property has been injured by reason of a violation of the statute may recover damages from each person who caused the injury. Section 1962(c) of RICO reads as follows:

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

In this case, as you have heard, Douglas Schottenstein, M.D. alleges that Defendants violated Section 1962(c). Dr. Schottenstein alleges that together, Derek Lee and Pearl Chan knowingly participated in a scheme to defraud, batter, convert funds from, attempt to murder, and intentionally inflict emotional distress upon him.

---

[26] American Bar Association Sample RICO Jury Instructions, 1994; Instruction 3.1

Defendants, as you have heard, entirely deny these allegations. Derek Lee and Pearl Chan deny the existence of any "scheme" and deny, inter alia, that they defrauded, battered, converted funds from, attempted to murder, or intentionally inflicted emotional distress upon Plaintiff.

Your role as jurors is to assess the evidence to determine whether Plaintiff met his burden of proving his claims, about each of the Defendants individually. The same is true of the Defendants' counterclaims: your role as jurors is to assess the evidence to determine whether Defendants met their burden of proving their claims about Plaintiff.

### iii.    Elements of a 1962(c) claim

Section 1962(c) of RICO prohibits the conduct of an enterprise through a pattern of racketeering activity. What does that mean? To prove liability under Section 1962(c), the plaintiff must establish each of the following elements by a preponderance of the evidence:

*First*, the existence of an enterprise which affected interstate or foreign commerce;

*Second*, that the defendant was employed by or associated with the enterprise;

*Third*, that the defendant conducted or participated, directly or indirectly, in the conduct of the enterprise's affairs; and

*Fourth*, that the participation was through a pattern of racketeering activity.

These four elements will now be explained to you in greater detail.[27]

---

[27] American Bar Association Sample RICO Jury Instructions, 1994; Instruction 3.2.

## 3.3 – SUBSTANTIVE RICO INSTRUCTIONS – ENTERPRISE DEFINITION[28]

The term "enterprise," as used in these instructions, includes a group of people or entities associated in fact, even though this association is not recognized as a legal entity. A group or association of people can be a RICO "enterprise" if these individuals have joined together for the purpose of engaging in a common course of illegal conduct. Such an association of persons may be established by evidence showing an ongoing organization, formal or informal, and by evidence that the people making up the association functioned as a continuing unit. Such an association of individuals may retain its status as an "enterprise" even though the membership of the association may change by adding or losing individuals during the course of its existence.

To prove the existence of an enterprise for purposes of RICO, Plaintiff must prove that a group of people shared not just any common purpose, but an illegal common purpose. For an association of individuals to constitute an enterprise, the individuals must share a common purpose to engage in a particular fraudulent course of conduct and work together to achieve it.

To prove the existence of an "Enterprise" for purposes of RICO, Plaintiff cannot just show the Defendants acting together with their employees, subsidiaries, and affiliates and on their own behalf. An enterprise must be an association of people working together towards a common illegal purpose, and that association must be distinct and separate from the Defendants, their corporations, their employees, and their affiliates and subsidiaries.[29]

---

[28] 2B Fed. Jury Prac. & Instr. § 56:04 (6th ed.)

[29] C.A. Westel de Venezuela v. Am. Tel. & Tel. Co., No. 09–CV–6665, 1994 WL 558026, at *8 (S.D.N.Y. Oct. 11, 1994) ("A close examination of plaintiff's enterprise allegations reveals that the purported enterprise is no more than an association of entities acting on behalf of defendant AT & T."); Moses
v. Martin, 360 F.Supp.2d 533, 549 (S.D.N.Y.2004) ("[W]hen the plaintiff names the corporation as both a defendant and the RICO enterprise, courts have generally refused to hold the corporation liable because doing so would eviscerate the distinctiveness requirement.").

If you find the Plaintiff has failed to establish the existence of an enterprise as I have defined it, you need proceed no further on this particular claim. If you find that the Plaintiff has established the existence of an enterprise by a preponderance of the evidence, then you should proceed to determine if either of the Defendants were associated with such an enterprise.

## 3.4 – SUBSTANTIVE RICO INSTRUCTIONS – ASSOCIATION WITH THE ENTERPRISE

Section 1962(c) of RICO requires that the defendant be "employed by or associated with" the enterprise. Employed by or associated with means that a defendant must have at least a minimal association with the enterprise. A defendant must know something about the enterprise's activities, as they relate to the racketeering activity, but it is not necessary that the defendant be aware of all racketeering activities committed by each of the participants in the enterprise. One may be employed by or associated with an enterprise even though he holds no official position and has no formal connection with it, so long as that person is aware that the purpose of the enterprise is to engage in illegal conduct.[30]

---

[30] American Bar Association Sample RICO Jury Instructions, 1994; Instruction 3.6.

## 3.5 – SUBSTANTIVE RICO INSTRUCTIONS – CONDUCT OF THE ENTERPRISE'S AFFAIRS[31]

Section 1962(c) of RICO requires that a person have conducted or participated, directly or indirectly, in the conduct of the enterprises affairs through a pattern of racketeering activity. To participate directly or indirectly in the conduct of the enterprise's affairs, the defendant must participate in the operation or management of the enterprise itself. While the plaintiff need not prove that the defendant had primary responsibility for the enterprise's affairs, some part in directing or controlling the enterprises affairs is required. An enterprise is operated not just by upper management but also by lower-rung participants in the enterprise who are under the direction of upper management. An enterprise might also be operated or managed by others associated with the enterprise who exert some degree of control over it.

A person doesn't violate RICO just by associating with or being employed by an otherwise lawful enterprise if others conduct the enterprise's affairs through a pattern of racketeering activity in which the person isn't personally engaged.

---

[31] American Bar Association Sample RICO Jury Instructions, 1994; Instruction 3.7.

**3.6 – SUBSTANTIVE RICO INSTRUCTIONS – RACKETEERING ACTIVITY**

"Racketeering activity" is the term used in the law to designate crimes that may constitute violations under the RICO statute. You are to draw no conclusion from the use of this term that is in any way detrimental to the defendant. You should also note that, on occasion, these instructions may alternatively refer to racketeering activity as a "racketeering act" or as a "predicate act."[32]

As it pertains to this case, the law defines racketeering activity to include wire fraud, inter-state transport of fraudulently acquired or stolen property, and money laundering. I will define these alleged offenses separately at the end of these instructions.[33]

---

[32] American Bar Association Sample RICO Jury Instructions, 1994; Instruction 3.8.
[33] American Bar Association Sample RICO Jury Instructions, 1994; Instruction 3.8.

**3.7 – SUBSTANTIVE RICO INSTRUCTIONS – PATTERN OF RACKETEERING ACTIVITY**

"Racketeering activity" is an act that violates certain federal statutes. I'll explain the law about these statutes to help you determine whether Plaintiff proved by a preponderance of the evidence that Defendants violated these statutes. An act of "racketeering activity" is also called a "predicate act."

A "pattern of racketeering activity" means that a Defendant committed at least two distinct predicate acts. Distinct does not have to mean different types. But by itself, proof of two or more predicate acts doesn't establish a pattern under RICO.

To prove a pattern of predicate acts, Plaintiff must show that the acts were related to one another and to the enterprise. Two or more acts of racketeering activity that aren't related don't establish a pattern of racketeering activity under RICO. Predicate acts are "related" to one another if they have the same or similar purposes, results, participants, victims, or methods. Predicate acts are also related if they have common distinguishing characteristics and aren't isolated events.

To make up a pattern of racketeering activity, predicate acts must demonstrate continuity. Continuity can be demonstrated in two basic ways. The first is to demonstrate related predicate acts extending over a substantial period of time. The second is to show conduct that doesn't occur over a substantial period of time but, by its nature, is likely to be repeated into the future. Because plaintiff has not alleged that any conduct by the Defendants is likely to be repeated into the future, to find a pattern of racketeering activity you must find that Defendants engaged in related predicate acts extending over a substantial period of time.

Again, "racketeering activity" means an act that violates certain federal statutes. But you can't consider just any racketeering act Defendants allegedly committed in violation of one of these statutes as bearing on whether Defendants have committed two or more predicate acts as a pattern of racketeering activity. To determine if there is a pattern of racketeering activity, you must consider only those specific racketeering acts Plaintiff alleges against Defendants. And you can't find that any Defendant engaged in a "pattern of racketeering activity" unless you unanimously agree on which of the alleged predicate acts, if any, make up the pattern.

It is insufficient if you don't all agree to the finding of what two or more predicate acts the Defendants committed. Some of you can't find that the predicate acts are A, B, and C and the rest of you find that the predicate acts are X, Y, and B. Put another way, you can't find that a Defendant has engaged in a pattern of racketeering activity unless you find (1) a "pattern" of predicate acts, and (2) that Plaintiff has proved by a preponderance of the evidence that Defendants committed each of the two or more predicate acts that you find make up that pattern.[34]

---

[34] See Monsanto v. United States, 348 F.3d 345, 346 (2d Cir. 2003) ("The court correctly told the jury that it would not be sufficient for each of the jurors to find the defendant had committed two of the predicate acts (e.g., with some jurors believing he committed only acts 1 and 2, and others believing he committed only acts 3 and 4); rather, the jurors must unanimously agree that the defendant had committed at least two specific predicate acts.").

## 3.8 – SUBSTANTIVE JURY INSTRUCTIONS – THROUGH[35]

Finally, to find that any defendant violated Section 1962(c), you must find that, through this pattern of racketeering activity, he conducted or participated in the conduct of the enterprise. The word "through" requires a connection among the defendants, the pattern of racketeering, and the enterprise. A person doesn't violate RICO just by associating with or being employed by an otherwise lawful enterprise if others conduct the enterprise's affairs through a pattern of racketeering activity in which the person isn't personally engaged.

---

[35] American Bar Association Sample RICO Jury Instructions, 1994; Instruction 3.9 (modified).

## 3.9 – SUBSTANTIVE RICO INSTRUCTIONS – KNOWINGLY DEFINITION[36]

As used in these instructions, to act "knowingly" means to act voluntarily and intentionally, not because of mistake or accident.

---

[36] 3B Fed. Jury Prac. & Instr. § 161:52 (6th ed.)

## 3.10 – SUBSTANTIVE RICO INSTRUCTIONS – WILLFULLY DEFINITION[37]

As used in these instructions, "willfully" means that the action was done committed voluntarily and purposely, with the specific intent to do something the law forbids. To be "willful," the action must be done with a bad purpose: either to disobey or disregard the law.

---

[37] 3B Fed. Jury Prac. & Instr. § 161:53 (6th ed.),

## 3.11 – SUBSTANTIVE RICO INSTRUCTIONS – INTERSTATE OR FOREIGN COMMERCE DEFINITION[38]

An enterprise "affects interstate or foreign commerce" if the enterprise either engages in or pursues activities affecting or having a potential effect on commerce between the states or between the states and foreign countries. All that is required is some minimal effect on interstate or foreign commerce.

---

[38] American Bar Association Sample RICO Jury Instructions, 1994; Instruction 3.9 (modified).

**4.0 – PREDICATE ACTS – INTRODUCTION TO PREDICATE ACTS**

Earlier I explained to you that Plaintiff must prove a pattern of racketeering activity, meaning violations of specific federal laws that Plaintiff has identified, with all of you agreeing which laws Defendants violated.as to at least two of the predicate acts.

I will now explain the elements of each of the federal laws that Plaintiff identifies as predicate acts.

Plaintiff claims predicate acts under three federal statues and one New York statute:

- Wire fraud, Title 18, United States Code § 1343

- Identification Fraud, Title 18, United States Code § 1028(a)(7)

- Access Device Fraud, Title 18, United States Code § 1029(a)(2) and/or (a)(7)

- Attempted Murder in the Second Degree, New York Penal Law 125.25

I will define each of these predicate acts once I have finished explaining the elements of the RICO claim.

## 4.1 – PREDICATE ACTS – WIRE FRAUD INTRODUCTORY INSTRUCTION[39]

The Plaintiff alleges the Defendants engaged in wire fraud. The wire fraud statute, Section 1343 of Title 18 of the United States Code, provides in pertinent part, that:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined under this title or imprisoned not more than five years, or both. If the violation affects a financial institution, such person shall be fined not more than $1,000,000, or imprisoned not more than 30 years, or both.

---

[39] Modified from 3B Fed. Jury Prac. & Instr. § 161:15 (6th ed.)

## 4.2 – PREDICATE ACTS – WIRE FRAUD ELEMENTS[40]

Plaintiff must prove Defendants committed the following in order to establish a violation of the federal wire fraud statute:

_First_: Defendants willfully and knowingly participated in a scheme to defraud Plaintiff, or to obtain property from Plaintiff by means of false pretenses or representations;[41] and

_Second_: Defendant did so with an intent to defraud; and

_Third_: For the purpose of executing the scheme, the defendant transmitted or caused to be transmitted by means of wire communication in interstate or foreign commerce any writing, signs, signals, pictures or sounds.

The wire communication, such as a telephone call, fax, e-mail, text message, or bank transfer of money, must pass between two or more states or the United States and a foreign country. The wire communication need not itself be fraudulent, but the plaintiff must establish by a preponderance of the evidence that the wire communication was used in some way to further or advance the scheme to defraud. It is not necessary for an individual Defendant to be directly or personally involved in the wire communication, as long as the fraudulent communication was reasonably foreseeable to that Defendant in the execution of the scheme to defraud.

---

[40] Modified from 3B Fed. Jury Prac. & Instr. § 161:26 (6th ed.)
[41] Modified from American Bar Association Sample RICO Jury Instructions, 1994; Instruction 8.2.

## 4.3 – PREDICATE ACTS – WIRE FRAUD LIMITATION INSTRUCTION[42]

Plaintiff contends that Defendants violated RICO by committing acts of wire fraud constituting a pattern of racketeering activity. In determining whether a pattern of racketeering activity has been proved, you may consider only Defendants' deceptive or fraudulent activity. You may not consider innocent use of wires although they may have continued for a substantial period of time.

---

[42] Modified from 3B Fed. Jury Prac. & Instr. § 161:48 (6th ed.)

## 4.4 – PREDICATE ACTS – IDENTIFICATION FRAUD INTRODUCTORY INSTRUCTION

The second predicate act Plaintiff identifies is identification fraud under Title 18, United States Code § 1028(a)(7). That statute provides in pertinent part, that:

> (a) Whoever, in a circumstance described in subsection (c) of this section—
>
>> (7) knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person with the intent to commit, or to aid or abet, or in connection with, any unlawful activity that constitutes a violation of Federal law, or that constitutes a felony under any applicable State or local law,
>
> shall be punished as provided in subsection (b) of this section.

## 4.5 – PREDICATE ACTS – IDENTIFICATION FRAUD ELEMENTS[43]

Plaintiff must prove Defendants committed the following in order to establish a violation of the federal identification fraud statute:

*First*, that Defendants knowingly transferred, possessed, or used, without lawful authority a means of identification of another person;

*Second*, that in doing so, Defendants intended to commit, or to aid or abet, or to act in connection with an unlawful activity;

*Third*, that the means of identification is or appears to be issued by or under the authority of the United States or a sponsoring entity of an event designated as a special event of national significance, or was knowingly possessed with intent to defraud the United States, or is in or affects interstate or foreign commerce, or was transported in the mail in the course of that production, transfer, possession or use.

---

[43] 18 U.S.C.A. § 1028(a)(7).

**4.6 – PREDICATE ACTS – ACCESS FRAUD INTRODUCTORY INSTRUCTION**

The third predicate act Plaintiff identifies is access fraud under Title 18, United States Code § 1028(a)(7). (a) Whoever, in a circumstance described in subsection (c) of this section—

(7) knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person with the intent to commit, or to aid or abet, or in connection with, any unlawful activity that constitutes a violation of Federal law, or that constitutes a felony under any applicable State or local law,

shall be punished as provided in subsection (b) of this section.

## 4.7 – PREDICATE ACTS – ACCESS FRAUD ELEMENTS[44]

Plaintiff must prove Defendants committed the following in order to establish a violation of the federal access fraud statute:

*First*, that Defendants knowingly transferred, possessed, or used, without lawful authority a means of identification of another person;

*Second*, that in doing so, Defendants intended to commit, or to aid or abet, or to act in connection with an unlawful activity;

*Third*, that the means of identification is or appears to be issued by or under the authority of the United States or a sponsoring entity of an event designated as a special event of national significance, or was knowingly possessed with intent to defraud the United States, or is in or affects interstate or foreign commerce, or was transported in the mail in the course of that production, transfer, possession or use.

---

[44] Ibid.

**4.8 – PREDICATE ACTS – ATTEMPTED MURDER IN THE SECOND DEGREE INTRODUCTORY INSTRUCTION**

The fourth predicate act Plaintiff identifies is attempt to commit the crime of murder in the second degree. I shall instruct you first on the definition of the crime of murder. Then I shall define for you an attempt to commit a crime. Finally, I shall put both definitions together and list for you the elements of attempt to commit the crime of murder.

Under N.Y.P.L. 125.25, a person is guilty of Murder in the Second Degree when, with intent to cause the death of another person, he or she causes the death of such person, or of a third person. Intent means conscious objective or purpose. Thus, a person acts with intent to cause the death of another when that person's conscious objective or purpose is to cause the death of another.

A person is guilty of an attempt to commit a crime when, with intent to commit a crime, he or she engages in conduct which tends to effect the commission of such crime.[45] Conduct which tends to effect the commission of a crime means conduct which comes dangerously close or very near to the completion of the intended crime.

---

[45] See New York Penal Law §110.00

**4.9 – PREDICATE ACTS – ATTEMPTED MURDER IN THE SECOND DEGREE ELEMENTS**

In order for you to find in favor of the Plaintiff on this claim, you must find both of the following two elements to be true:

1. That in the Southern District of New York, Pearl Chan intended to commit the crime of murder; and

2. That Pearl Chan engaged in conduct which tended to effect the commission of that crime.

If you find the Plaintiff has not proven either one or both of those elements, you must find in favor of the Defendant on this claim.

**5.0 – CLAIM ONE – CONDUCT THEORY**[46]

In Claim One, Plaintiff alleges Derek Lee and Pearl Chan participated in the conduct of a RICO enterprise in violation of Section 1962(c).

To succeed on this theory, as I previously instructed you, Plaintiff must prove each of the following five facts by a preponderance of the evidence:

*First*, you must find the existence of an enterprise.

*Second*, you must find that the enterprise engaged in, or had some effect on, interstate or foreign commerce.

*Third*, you must find that Defendant was employed by or associated with the alleged enterprise.

*Fourth*, you must find that Defendant participated, either directly or indirectly, in the conduct of the affairs of the enterprise.

And *fifth*, you must find that Defendant participated through a pattern of racketeering activity.

---

[46] Modified from Pattern Civ. Jury Instr. 11th Cir. 7.3 (2019)

**5.1 – CLAIM TWO – CONSPIRACY TO VIOLATE RICO – INTRODUCTION**

In claim two, Plaintiff alleges that Defendants Derek Lee and Pearl Chan conspired to violate the RICO statute in violation of Section 1962(d) of Title 18 of the United States Code, the RICO Act. That statute provides that:

> It shall be unlawful for any person to conspire to violate any of the provisions of 18 U.S.C.A. § 1962(c).

## 6.0 – RICO CAUSATION[47]

In order for Plaintiff to prevail under RICO, Plaintiff must prove by a preponderance of the evidence that Defendants' RICO violations were the proximate cause of injury to Plaintiff's business or property.

Accordingly, you must find that Plaintiff suffered an injury to Plaintiff' business or property and that the injury was proximately caused by Defendants' violation of RICO.

An injury or damage is proximately caused when the act played a substantial part in bringing about or actually causing injury or damage, and that the injury or damage was either a direct result or a reasonably probable consequence of the act.

A person is injured in the person's business when the person suffers loss of money or profits or a reduction in the value or worth of the person's business.

To find injury to the Plaintiff's business or property was caused by reason of the Defendants' violation of RICO, you must find the injury to Plaintiff was caused by, and was a direct result of the Defendants' violation of Section 1962(c).

Here, to find the existence of a RICO injury, you must find that Plaintiff has proven, by a preponderance of the evidence, that Plaintiff suffered injury, and that Defendants' commission of the acts of racketeering, or the pattern of racketeering activity, or the conduct of the affairs of the enterprise through the pattern of racketeering activity, directly resulted in that injury or played a substantial role in producing Plaintiff injury.

---

[47] Modified from 3B Fed. Jury Prac. & Instr. § 161:70 (6th ed.)

In order to establish the Defendants' acts proximately caused Plaintiff' injuries, the

Plaintiff must prove that Plaintiff reasonably relied on the Defendants' purported fraudulent acts.

## 6.1 – RICO DAMAGES[48]

In considering the issue of Plaintiff's damages, if any, with respect to the RICO claims, you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the damages to plaintiff in plaintiff's business or property, no more and no less. Damages may not be based on speculation because it is only actual damages— what the law calls compensatory damages—that you are to determine.

Under Section 1964(c), Plaintiff may recover only for injury to Plaintiff's business or property. Injury to business may include lost profits and expenses incurred in connection with defendant's RICO violation and decrease in the value or worth of the business or property itself. Injury to property includes the value of any personal or real property that has been diminished in value by the defendant's actions.

Because Section 1964(c) limits Plaintiff' recovery to business or property injuries, you may not compensate plaintiff for other losses, such as personal injuries or emotional harm.

In considering the issue of damages, if any, with respect to the RICO claims, you must assess the amount you find justified by a preponderance of the evidence as full, just and reasonable compensation for all of the damages to the plaintiff in plaintiff's business or property. Damages may not be based on speculation because it is only actual damages, what the law calls compensatory damages, that you are to determine.

You should consider the amount of damages, if any, as to each defendant with respect to each RICO claim separately and independently from the amount of damages, if any, with respect to the other, non-RICO claims. For example, if you determine that damages should be awarded

---

[48] Modified from 3B Fed. Jury Prac. & Instr. § 161:90 (6th ed.)

to Plaintiff under the Plaintiff's RICO claim, you should award full, just and reasonable compensation for damages under the RICO claim, without regard to the damages, if any, you might award under any other claim brought by Plaintiff.

## 7.0 – STATE LAW CLAIMS – CLAIM THREE – FRAUD[49]

The Plaintiffs, Dr. Schottenstein and his business entities, seek to recover damages that they claim were caused by a fraud committed by the defendants Pearl Chan and Derek Lee. In order to recover for fraud, the plaintiffs must prove by clear and convincing evidence that Pearl Chan and/or Derek Lee made a representation of fact; that the representation was false; that Pearl Chan and/or Derek Lee knew it was false or made the representation recklessly without regard to whether it was true or false; that Pearl Chan and/or Derek Lee made the representation to induce the plaintiffs to rely upon it; and that the plaintiffs did justifiably rely upon it, and sustained damages.

The plaintiffs claim that the defendants committed fraud in statements to Schottenstein aimed at hiding the defendants' alleged theft of funds from the Thompson Account and the AMEX account that kept Schottenstein from discovering the losses earlier. Plaintiffs also claim one or both of the defendants pretended to be an attorney and falsely represented to Schottenstein that his townhouse was not in foreclosure.

The Schottenstein plaintiffs have the burden of proving, by clear and convincing evidence:

(1) that Pearl Chan and/or Derek Lee made a representation of fact (to the Schottenstein plaintiffs);

(2) that the representation was false;

---

[49] N.Y.PJ.I. § 3:20

(3) that Pearl Chan and/or Derek Lee knew the representation was false or made the representation recklessly without regard to whether it was true or false;

(4) that Pearl Chan and/or Derek Lee made the representation to induce the Schottenstein plaintiffs not to investigate transactions involving the Thompson and AMEX accounts, and the foreclosure of Schottenstein's townhouse, when he otherwise would have;

(5) that the Schottenstein plaintiffs justifiably relied upon Pearl Chan and/or Derek Lee's representations in deciding not to investigate transactions involving the Thompson and AMEX accounts, and the foreclosure of his townhouse.

The first question you will be asked to decide is whether Pearl Chan and/or Derek Lee made any of the representations. If you find that Pearl Chan and/or Derek Lee did not make the representations, you need proceed no further on the claim of fraud.

If you find that Pearl Chan and/or Derek Lee did make any of the representations, you must next decide whether the representations were true or false. If the representation was true, you need proceed no further on the claim of fraud.

If the representation was false, you must next decide whether Pearl Chan and/or Derek Lee knew it was false or made it recklessly without regard to whether it was true or false. If you find that Pearl Chan and/or Derek Lee did not know that it was false and that Pearl Chan and/or Derek Lee did not make it recklessly, you need proceed no further on the claim of fraud.

If you find that Pearl Chan and/or Derek Lee did know the representations were false or acted recklessly, you must next decide whether the representations were made to induce the Schottenstein plaintiffs not to investigate transactions involving the Thompson and AMEX accounts, and the foreclosure of his townhouse, when they otherwise would have. If you find that

Pearl Chan and/or Derek Lee did not make the statements to induce the Schottenstein plaintiffs not to investigate transactions involving the Thompson and AMEX accounts, and the foreclosure of his townhouse, you need proceed no further on the claim of fraud.

If you find that Pearl Chan and/or Derek Lee did make the representations to induce the Schottenstein plaintiffs not to investigate transactions involving the Thompson and AMEX accounts, and the foreclosure of his townhouse, when they otherwise would have, you must next decide whether the Schottenstein plaintiffs were justified in relying on the representations. Whether the person to whom a representation is made is justified in relying upon it generally depends upon whether the fact represented is one that a reasonable person would believe and consider important in deciding whether to pay a price higher than it would otherwise pay. If you find that the Schottenstein plaintiffs were not justified in relying on the representation, you need proceed no further on the claim of fraud.

If you find that the Schottenstein plaintiffs were justified in relying on the representations, you must next decide whether the Schottenstein plaintiffs were damaged as a result of the fraud.

If you find that the Schottenstein plaintiffs did not sustain any damage as a result of the fraud, you will find for Pearl Chan and/or Derek Lee on the claim of fraud. If you find that the Schottenstein plaintiffs did sustain damage as a result of the fraud, you must next decide the actual monetary loss sustained due to the defendants' fraud, and award that amount to the Schottenstein plaintiffs.

## 7.1 – STATE LAW CLAIMS – CLAIM FOUR – CONVERSION

Under New York law, "conversion is the unauthorized assumption and exercise of the right of ownership over goods belonging to another to the exclusion of the owner's rights."[50]

"To state a claim of conversion, the plaintiff must allege that (1) the party charged has acted without authorization, and (2) exercised dominion or a right of ownership over property belonging to another, (3) the rightful owner makes a demand for the property, and (4) the demand for the return is refused."[51]

No demand is necessary where the plaintiff can show that the defendant knew that he or she wrongfully possessed the property.[52]"Where the property is money, it must be specifically identifiable and be subject to an obligation to be returned or to be otherwise treated in a particular manner.'"[53]

However, "[w]here the original possession is lawful, a conversion does not occur until after a demand and refusal to return the property."[54] "The refusal that will turn lawful possession into conversion must, however, be absolute. If it be qualified and the qualification is reasonable, made in good faith and communicated to the owner, there is no conversion."[55]

---

[50] Thyroff v. Nationwide Mut. Ins. Co., 460 F.3d 400, 403-04 (2d Cir. 2006).
[51] V&A Collection, LLC v. Guzzini Props. Ltd., 46 F4th 127, 133  (2d Cir. 2022) (citations omitted).
[52] Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc., 87 F.3d 44, 49-50 (2d Cir. 1996)
[53] Republic of Haiti v. Duvalier, 211 A.D.2d 379, 626 N.Y.S.2d 472, 475 (App. Div. 1995)
[54] D'Amico v. First Union Bank, 285 A.D.2d 166, 172, 728 N.Y.S.2d 146 (1st Dept. 2001) (citing MacDonnell v. Buffalo Loan, Trust & Safe Deposit Co., 193 N.Y. 92, 101, 85 N.E. 801 (1908))
[55] 2A N.Y. Pattern Jury Instructions 3:10 at p. 134. (2017) (citing cases)

## 7.2 – STATE LAW CLAIMS – CLAIM FIVE – TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS

A person who, with knowledge of the existence of a contract, intentionally and without justification induces one of the contracting parties to breach the contract is responsible to the other party to the contract for any damages caused by its conduct. Knowledge means actual awareness, but the knowledge need only be of the existence of the contract, not of its detailed terms. An act induces the breach of a contract if it is a substantial factor in causing that breach. The action is intentional if it is done deliberately, with the purpose of inducing the breach of contract.[56]

Plaintiff must first demonstrate, by a preponderance of the evidence, that there was a breach of a contract with a third party. An action for breach of contract requires proof of (1) a contract; (2) performance of the contract by one party; (3) breach by the other party; and (4) damages.[57]

Thus, plaintiff has the burden of establishing (1) that he had a contract with a third party, (2) that the defendants had knowledge of that contract, (3) that with the intent of inducing the third party to breach the contract, the defendants induced the non-party to fail to perform its obligations, (4) that as a result, the third-party breached the contract by failing to perform, ( 5) that the defendants' acts were a substantial factor in causing the breach of the contract and ( 6) that the plaintiff suffered damages as a result.[58]

---

[56] NY PJI 3:56

[57] *First Investors Corp. v Liberty Mut. Ins. Co,,* 152 F3d 162, 168 (2d Cir 1998), *quoting Rexnord Holdings, Inc. v Bidermann,* 21 F3d 522, 525 (2d Cir 1994).

[58] From NY PJI 3:56.

**7.3 – STATE LAW CLAIMS – CLAIM SIX – BATTERY**

The Schottenstein plaintiffs also allege a state law claim against Pearl Chan for battery. This claim is based on Schottenstein's allegation that on January 22, 2020, Pearl Chan contaminated his food or drink with antifreeze with the intent to kill or cause bodily harm to him. Under state law, a battery is the completed act of a harmful or offensive touching of another, intentionally done, and without the consent of the person touched.

In New York, a claim for Battery must be brought within one year of the injury.[59]

---

[59] N.Y. C.P.L.R. 215(3).

## 7.4 – STATE LAW CLAIMS – CLAIM SEVEN – CONSPIRACY TO COMMIT FRAUD

To state a claim for conspiracy to commit fraud, the Schottenstein plaintiffs must sufficiently prove the elements of a fraud claim, and "must then demonstrate the existence of a conspiracy by showing '(i) an agreement between the conspirator and the wrongdoer and (ii) a wrongful act committed in furtherance of the conspiracy.'"[60]

Plaintiffs allege that Pearl Chan and Derek Lee conspired together, posing as a fake lawyer and a fake accountant, to induce the Schottenstein plaintiffs into believing Schottenstein's townhouse was not in foreclosure. To find Pearl Chan and Derek Lee liable for conspiracy to commit fraud, you must first find these alleged actions constituted fraud, then find that Pearl Chan and Derek Lee made an agreement to engage in this fraud, and the existence of a wrongful act in furtherance of this fraud.

---

[60] Johnson v. Home Savers Consulting Corp., No. 04 CV 5427, 2007 U.S. Dist. LEXIS 24288, 2007 WL 925518, at *6 (E.D.N.Y. Mar. 23, 2007).

## 7.5 – STATE CLAIMS – CLAIM EIGHT – CONSPIRACY TO COMMIT A TORT

"[A] mere conspiracy to commit a [tort] is never of itself a cause of action."[61]

"The pleading of a conspiracy may be made only to connect the actions of the individual defendants with an actionable injury and to establish that these acts flow from a common scheme or plan."[62]

To prevail in a claim for conspiracy to commit a tort, a plaintiff must prove the defendant is liable for "a primary tort, plus the following four elements: (1) an agreement between two or more parties; (2) an overt act in furtherance of the agreement; (3) the parties' intentional participation in the furtherance of a plan or purpose; and (4) resulting damage or injury."[63]

---

[61] Alexander & Alexander, Inc. v. Fritzen, 68 N.Y.2d 968, 969, 510 N.Y.S.2d 546, 503 N.E.2d 102 (1986)
[62] Smukler v. 12 Lofts Realty, Inc., 156 A.D.2d 161, 163-64 (1st Dep't 1989)
[63] Great Lakes Motor Corp. v. Johnson, 156 A.D.3d 1369, 1372, 68 N.Y.S.3d 614 (4th Dep't 2017) (internal quotation marks omitted).

## 7.6 – STATE CLAIMS – CLAIM NINE – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Under New York law, the "tort of Intentional Infliction of Emotional Distress has four elements: (1) extreme and outrageous conduct, (2) intent to cause severe emotional distress, (3) a causal connection between the conduct and the injury, and (4) severe emotional distress."[64]

"The requirements of the rule are rigorous, and difficult to satisfy."[65] "'Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'"

In New York, a claim for Intentional Infliction of Emotional Distress must be brought within one year of the injury.[66]

---

[64] Bender v. City of New York, 78 F.3d 787, 790 (2d Cir. 1996). "
[65] Howell v. New York Post Company, Inc., 81 N.Y.2d 115, 122 (1993) (internal quotes and citation omitted)
[66] N.Y. C.P.L.R. 215(3)

## 7.7 – STATE CLAIMS – CLAIM TEN – FAITHLESS EMPLOYEE

Under New York law, an agent is obligated "to be loyal to his employer and is 'prohibited from acting in any manner inconsistent with his agency or trust and is at all times bound to exercise the utmost good faith and loyalty in the performance of his duties.'"[67] "One who owes a duty of fidelity to a principal and who is faithless in the performance of his services is generally disentitled to recover his compensation, whether commissions or salary."[68] It does not "make any difference that the services were beneficial to the principal, or that the principal suffered no provable damage as a result of the breach of fidelity by the agent."[69]

---

[67] Western Elec. Co. v. Brenner, 41 N.Y.2d 291, 295, 392 N.Y.S.2d 409, 360 N.E.2d 1091 (1977) (quoting Lamdin v. Broadway Surface Adver. Corp., 272 N.Y. 133, 138, 5 N.E.2d 66 (1936)).
[68] Feiger v. Iral Jewelry, Ltd., 41 N.Y.2d 928, 928, 394 N.Y.S.2d 626, 363 N.E.2d 350 (1977) (citing Restatement (Second) of Agency (1958), § 469).
[69] Feiger, 41 N.Y.2d at 928-29.

## 8.0 – COUNTERCLAIMS – COUNTERCLAIM ONE – NEW YORK CITY HUMAN RIGHTS LAW[70]

Defendants Pearl Chan and Derek Lee make two essential counterclaims against Plaintiff Schottenstein.

The first is a collection of claims brought under New York City Human Rights Law or the "NYCHRL." Specifically, Pearl Chan and Derek Lee bring counterclaims against Plaintiff Schottenstein for Gender Discrimination, Sexual Harassment, Hostile Work Environment, Discrimination on the Basis of Race, Color, and National Origin, Retaliation and Constructive Discharge.

The NYCHRL does not have "separate standards" for discrimination, harassment and hostile work environment claims; "rather, 'there is only the provision of the law that proscribes imposing different terms, conditions and privileges of employment based, inter alia, on gender," sexual orientation, race, and national origin."[71]

1. <u>Gender Discrimination, Sexual Harassment, Hostile Work Environment</u>

"It is established law that sexual harassment is a form of gender discrimination."[72] To establish a gender discrimination claim under the NYCHRL, the plaintiff need only demonstrate "by a preponderance of the evidence that she has been treated less well than other employees because of her gender."[73]

---

[70] N.Y. Admin. L. §§ 8-101 et seq. Gender Discrimination, Sexual Harassment, Hostile Work Environment, Discrimination on the Basis of Race, Color, and National Origin, Retaliation and Constructive Discharge
[71] McHenry v. Fox News Network, LLC, 510 F. Supp. 3d 51, 66 n.5 (S.D.N.Y. 2020).
[72] Karibian v. Columbia Univ., 930 F. Supp. 134, 145 (S.D.N.Y. 1996)
[73] Williams v. N.Y.C. Hous. Auth., 872 N.Y.S.2d 27, 38 (1st Dep't 2009)); accord Nelson v. HSBC Bank USA, 87 A.D.3d 995, 929 N.Y.S.2d 259, 264 (2d Dep't 2011) (adopting the same standard of liability)

"[S]exual harassment is not limited to unwanted physical touching; it can also consist of the display of obscene visual representations or the communication of sexually offensive remarks."[74] NYCHRL does not require that the defendant have had a romantic interest in the plaintiff, but only that he subjected her to "unwanted gender-based conduct."[75] Even a single comment that objectifies women can "signal views about the role of women in the workplace" and create a hostile work environment.[76]

Under this standard, the conduct's severity and pervasiveness are relevant only to the issue of damages.[77] To prevail on liability, the plaintiff need only show differential treatment -- that she is treated "less well" -- because of a discriminatory intent.[78] Indeed, the challenged conduct need not even be "'tangible' (like hiring or firing)."[79]

2.  <u>Discrimination on the Basis of Race, Color, and National Origin, Hostile Work Environment</u>

The NYCHRL prohibits discrimination based on race, color, and national origin.[80] To prevail on liability, the plaintiff need only show differential treatment -- that he is treated "less well" -- because of a discriminatory intent.[81] Even a lone comment that is patently discriminatory or "signal[s] views about the role of [the protected class] in the workplace" can create a hostile

---

[74] Iannone v. Frederic R. Harris, Inc., 941 F. Supp. 403, 410-11 (S.D.N.Y. 1996)
[75] Erasmus v. Deutsche Bank Ams. Holding Corp., No. 15 Civ. 1398 (PAE), 2015 U.S. Dist. LEXIS 160351, 2015 WL 7736554, at *7 (S.D.N.Y. Nov. 30, 2015)
[76] Williams, 872 N.Y.S.2d at 41 n.30 (citation omitted)
[77] See Williams, 872 N.Y.S.2d at 38
[78] See id. at 39.
[79] Id. at 40.
[80] . N.Y.C. Admin. Code § 8-107(1)(a).
[81] See Williams, 872 N.Y.S.2d at 39

work environment.[82] Indeed, the challenged conduct need not even be "'tangible' (like hiring or firing)."[83]

### 3. Retaliation

Section 8-107(7) of the NYCHRL prohibits employers from "retaliat[ing] or discriminat[ing] in any manner against any person because such person has . . . opposed any practice forbidden under this chapter."[84]

> The retaliation or discrimination complained of need not result in an ultimate action with respect to employment, . . . or in a materially adverse change in the terms and conditions of employment, . . . provided, however, that the retaliatory or discriminatory act or acts complained of must be reasonably likely to deter a person from engaging in protected activity.

Restoration Act § 3 (amending N.Y.C. Admin. Code § 8-107(7)).

Thus, to prevail on a retaliation claim under the NYCHRL, the claimant must show that she took an action opposing her employer's discrimination,[85] and that, as a result, the employer engaged in conduct that was reasonably likely to deter a person from engaging in such action.[86]

"[O]ppos[ing] any practice" can include situations where a person, before the retaliatory conduct occurred, merely "made clear her disapproval of [the defendant's] discrimination by

---

[82] Id. at 41 n.30 (citation omitted).
[83] Id. at 40.
[84] N.Y.C. Admin. Code § 8-107(7).
[85] see Albunio v. City of New York, 16 N.Y.3d 472, 479 (2011),
[86] see Williams, 872 N.Y.S.2d at 33-34

communicating to [him], in substance, that she thought [his] treatment of [the victim] was wrong."[87]

### 4. Constructive Discharge

A constructive discharge claim under the NYCHRL occurs when, because of a protected characteristic of the claimant, an employer "deliberately create[s] working conditions so intolerable that a reasonable person in the plaintiff's position would have felt compelled to resign."[88]

---

[87] Albunio, 16 N.Y.3d at 479.
[88] Crookendale v. N.Y.C. Health & Hosps. Corp., 175 A.D.3d 1132, 107 N.Y.S.3d 282, 283 (App. Div. 2019).

## 8.1 – COUNTERCLAIMS – COUNTERCLAIM TWO – UNJUST ENRICHMENT

A claim for unjust enrichment is "a New York common law quasi-contract cause of action requiring the plaintiff to establish: '(1) that the defendant benefitted; (2) at the plaintiff's expense; and (3) that equity and good conscience require restitution.'"[89]

---

[89] Myun-Uk Choi v. Tower Research Capital LLC, 890 F.3d 60, 69 (2d Cir. 2018) (quotation omitted).

## 9.0 – RIGHT TO SEE EXHIBITS AND HEAR TESTIMONY; COMMUNICATION WITH COURT[90]

You are about to go into the jury room and begin your deliberations. If during those deliberations you want to see any of the exhibits, you may request that they be brought into the jury room. If you want any of the testimony read back to you, you may also request that. Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting exhibits or portions of the testimony.

Your requests for exhibits or testimony - in fact any communication with the court - should be made to me in writing, signed by your foreperson, and given to one of the marshals. In any event, do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached.

---

[90] Authority: Hon. Leonard B. Sand, et al., Modern Federal Jury Instructions, Instruction 78-1 Right To See Exhibits and Hear Testimony; Communications with Court (2014) (modified).

**9.1 – USE OF NOTES**[91]

You may use the notes taken by you during trial. However, the notes should not be substituted for your memory. Remember, notes are not evidence. If your memory should differ from your notes, then you should rely on your memory and not on your notes.

---

[91] Authority: O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 103.02 Use of Notes (6th ed. 2014).

## 9.2 – DUTY TO DELIBERATE/UNANIMOUS VERDICT[92]

You will now return to decide the case. In order to prevail, Plaintiff or Defendants must sustain their burdens of proof as I have explained to you with respect to each claim or affirmative defense. If you find that either party has succeeded, you should return a verdict in its favor on that claim.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement. Each of you must decide the case for himself or herself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous. Your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors. Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion which your good conscience appears to be in accordance with the truth.

Again, each of you must make up your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors. No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict.

---

[92] Authority: Hon. Leonard B. Sand, et al., Modern Federal Jury Instructions, Instruction 78-3 Duty To Deliberate/Unanimous Verdict (2014) (modified).

## 9.3 – SELECTION OF FOREPERSON[93]

When you retire, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in open court.

---

[93] Authority: Hon. Leonard B. Sand, et al., Modern Federal Jury Instructions, Instruction 78-5 Selection of Foreperson (2014) (modified).

**9.4 – SPECIAL VERDICT**

I have prepared a special verdict form for you to use in recording your decision. The special verdict form is made up of questions concerning the important issues in this case. These questions are to be answered "yes" or "no." Your answers must be unanimous and must reflect the conscientious judgment of each juror. You should answer every question except where the verdict form indicates otherwise.

## 9.5 – RETURN OF THE VERDICT[94]

After you have reached a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the marshal outside your door that you are ready to return to the courtroom.

I will stress that each of you should be in agreement with the verdict which is announced in court. Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

---

[94] Authority: Hon. Leonard B. Sand, et al., Modern Federal Jury Instructions, Instruction 78-6 Return of Verdict (2014) (modified).

## 9.6 – COMMUNICATIONS WITH COURT[95]

If it becomes necessary during your deliberations to communicate with me, you may send a note by a marshal, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me by any other means other than a signed writing, and I will never communicate with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person - not even to me -- how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.

\*\*\*

Members of the jury, that concludes my instructions to you. I will ask you to remain seated while I confer with the attorneys to see if there are any additional instructions that they would like to have me give to you or anything I may not have covered in my previous statement.

In this regard, I ask you not to discuss the case while seated in the box because the case has not yet been formally submitted to you.

---

[95] Authority: O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 106.08 Communications Between Court And Jury During Jury's Deliberation (6th ed. 2014).

10.0 – PUNITIVE DAMAGES INSTRUCTION (SECOND PHASE)

Because you found for the [plaintiff / defendants], you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future.

The [plaintiff / defendants] has the burden of proving by clear and convincing evidence that punitive damages should be awarded and, if so, the amount of any such damages.

You may award punitive damages only if you find that the [defendants' / plaintiff's] conduct that harmed the [plaintiff / defendants] was malicious and oppressive. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the [plaintiff / defendants].

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the [defendants' / plaintiff's] conduct. In the event that you decide to award punitive damages, the lowest amount necessary to accomplish the purposes of punitive damages should be awarded.

In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on the [plaintiff / defendants].

You may impose punitive damages against one or more of the [defendants / plaintiffs] and not others, and may award different amounts against different [defendants / plaintiffs]. Punitive damages may be awarded even if you award [plaintiff / defendant] only nominal, and not compensatory, damages.

94